THE AARONS LAW FIRM, APC
Martin I. Aarons, Bar No. 233879
Martin@aaronslawfirm.com
Shannon H.P. Ward, Bar No. 308280
Shannon@aaronslawfirm.com
16000 Ventura Boulevard, Suite 850
Encino, CA 91436
Telephone:    818.794.9250
Facsimile:    818.302.2072

Attorneys for Plaintiff, ALLYSON CHAGAS

REED SMITH LLP
Michele Haydel Gehrke, Bar No. 215647
MGehrke@reedsmith.com
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Fatemeh S. Mashouf, Bar No. 288667
FMashouf@reedsmith.com
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8092
Facsimile: (213) 457-8080

Attorneys for Defendant, UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS | Case No.: LA CV19-03860 JAK (JCx) |
| Plaintiff, | |
| vs. | **JOINT RULE 16(b)/26(f) REPORT** |
| UNITED AIRLINES, INC. and DOES 1 through 10, inclusive | Judge:    Hon. John A. Kronstadt |
| Defendant. | |

**1.**

Pursuant to Federal Rule of Civil Procedure 26(f), Rule 26-1 of the Local Rules of the U.S. District Court for the Central District of California, and this Court's June 10, 2019 Order re: Setting Rule 16(b)/26(f) Scheduling Conference, Plaintiff Allyson Chagas and Defendant United Airlines Inc. hereby submit the following Joint Rule 16(b)/26(f) Report.

Counsel for the parties met and conferred on June 19, 2019.  The parties discussed the nature and basis of the claims and defenses, the appropriate settlement conference procedure, the nature and extent of discovery, and a case management schedule.

## A.   Synopsis of the Case

Plaintiff's Position

Allyson Chagas asserts claims for defamation, wrongful termination in violation of public policy, and violation of Labor Code section 1102.5.

Mr. Chagas was an employee of Defendant United Airlines based out of Los Angeles International Airport.  He started working for Defendant in April 2013 as a flight attendant. On May 23, 2018, Mr. Chagas was on a flight from LAX to London, staying overnight at the Copthorne Tara Hotel (accommodations provided by Defendant) with a return shift scheduled on May 25, 2018.

In the morning of May 25, 2018, Mr. Chagas left his hotel room to get food.  When he returned, he felt as though someone had been in his room, in part because he thought his clothes were not the way he had left them.  After checking to make sure he was alone and that none of his things were gone, Mr. Chagas called out and a housekeeper came to his door.  Mr. Chagas spoke with the housekeeper about what happened, and she said she would contact security.

As he needed to get ready for work and for his ride to the airport, Mr. Chagas cleaned up his room, changed into his uniform, and finished getting ready for work.  He then proceeded to checkout and informed the folks at the front desk that he believed his room was broken into and he was worried for his safety and others.  Mr. Chagas also reported his safety concern about how he believed his room had been broken into at the Capthorne Tara Hotel to United

2.

Airlines. Mr. Chagas' suggestions for change when he submitted his report was that United Airlines should not use the hotel in the future as it "comprises our safety."

In retaliation for making these protected complaints about workplace safety, United Airlines launched an investigation, but not into the Hotel, into Mr. Chagas. On June 5, 2018, Mr. Chagas was issued a Letter of Investigation into his complaint and into the possibility that his complaint had damaged United's business relationship with one of its vendors. On June 18, 2018, United informed Mr. Chagas that he was being fired for dishonesty, providing false information and making false accusations.

In terminating Mr. Chagas, Defendants did so on the basis of false and defamatory statements included express and implied accusations that Mr. Chagas was dishonest, providing false information, and making false accusations. These and other similar false statements expressly and impliedly published that Mr. Chagas was dishonest, provided false information, and that he made false accusations. These statements of and concerning Mr. Chagas were published internally and externally and are foreseeably republished, and were understood by the recipients in their defamatory sense. Defendant is also aware that there have been prior break-ins at rooms in the Copthorne Tara Hotel in the past.

Because of this incident and his treatment by Defendant, Mr. Chagas has suffered serious emotional distress and has struggled to find work.

<u>Defendant's Position</u>

Defendant denies all of Plaintiff's factual allegations and legal contentions. Plaintiff was terminated because he provided false information to Defendant in violation of Company policy; interfered with Defendant's business relationship; lied and otherwise acted dishonestly during an investigation; and published false information pertaining to a false incident on social media. Defendant terminated Plaintiff following a thorough investigation of Plaintiff's fraudulent report regarding supposed events at the Capthorne Tara Hotel. Defendant's communications and conduct with regards to Plaintiff's employment and conduct was subject to a privilege/justification, including but not limited to under Civil Code section 47(c).

3.

**B.**   **Subject Matter Jurisdiction**

Jurisdiction over Plaintiff's claims is based on diversity of citizenship pursuant to 28 U.S.C. §1332.  At the time of filing the Complaint, and currently, Plaintiff resided in the State of California.  United Airlines is incorporated under the laws of the State of Delaware with its principal places of business in the State of Illinois.  Plaintiff seeks damages consisting of lost income and benefits, emotional distress, punitive damages, attorneys' fees, and costs and the amount in controversy exceeds $75,000.00.

**C.**   **Legal Issues**

Plaintiff and Defendant currently identify the following legal issues to be decided in this case, but reserve the right to identify further issues as discovery continues:  (1) whether Defendant published defamatory statements about Plaintiff to a third party; (2) whether a conditional privilege existed for the allegedly defamatory publication; (3) whether Defendant terminated Plaintiff's employment in violation of California Public Policy; and (4) whether Defendant retaliated against Plaintiff in violation of California Labor Code section 1102.5.

At this time, the parties are not aware of any unusual substantive, procedural, or evidentiary issues in this case.

**D.**   **Parties and Non-Party Witnesses**

The parties to this action are Plaintiff Allyson Chagas and Defendant United Airlines Inc.

Potential percipient witnesses in this case include Plaintiff, union representatives, Plaintiff's supervisors and co-workers, employees and/or staff at the Copthorne Tara Hotel, Plaintiff's family members and other close personal relationships, and Plaintiff's treating health care providers.  The potential witnesses including, but are not limited to, the following:

- Allyson Chagas, Plaintiff;
- Howard West, Inflight Supervisor for United who has knowledge of the events and investigation of events at the hotel and about Plaintiff's termination;
- Stacy Chudoba, Defendant employee;

4.

- Gail Korn, Manager for United who has knowledge of United's investigation;
- Dante Harris, Defendant Employee with knowledge of the investigation and/or appeal of Defendant's termination decision;
- Kimberly Burckhalter, Defendant Employee with knowledge of the investigation and/or appeal of Defendant's termination decision;
- Shyam Antyah, Operations Manager of Copthorne Tara Hotel who has knowledge of the investigation and allegations regarding the events that took place at the hotel;
- Markella Votsi, Director of Sales of Copthorne Tara Hotel who has knowledge of the hotel's investigation;
- Charles Maw, employee of Copthorne Tara Hotel who has knowledge of the investigation and allegations regarding the events that took place at the hotel;
- Lenta Vicanova, employee of Copthorne Tara Hotel who has knowledge of the investigation and allegations regarding the events that took place at the hotel;
- Richard Sanderson, Defendant employee with knowledge of the investigation;
- Rosann Czech, Defendant employee with knowledge of some of the events and the investigation;
- Tracy Bourn, Defendant employee with knowledge of the events;
- Michielle Sego-Johnson,
- Jennifer Thompson, Defendant employee;
- Liz Cavanagh, Defendant employee;
- Ken Diaz, Defendant employee;
- Maria Torre, Defendant employee;
- Kay Panos, Director, Inflight Services for United who has knowledge of Plaintiff's grievance;
- Stacy Katz, Defendant employee with knowledge of the grievance process;
- Alan Marchetti, Defendant employee with knowledge of the investigation;

5.

- Petite Sontaratta, Senior Category Manager for United who has knowledge of the Plaintiff's report regarding the hotel;
- Lisa Krzywicki, Defendant employee with knowledge of the investigation;
- Richard Davis,
- Vanessa Camp, Defendant employee with knowledge of Copthorne Tara Hotel;
- Galley Gab, Defendant employee with knowledge of Copthorne Tara Hotel;
- David Burns, Defendant employee with knowledge of Copthorne Tara Hotel;
- Lauren Burns, Defendant employee with knowledge of Copthorne Tara Hotel;
- Ani Paynter, Defendant employee with knowledge of Copthorne Tara Hotel;
- Melissa Graham Runey, Defendant employee with knowledge of Copthorne Tara Hotel;
- Tanja Lamb, Defendant employee with knowledge of Copthorne Tara Hotel;
- Hassan Steven Salazar, Defendant employee with knowledge of Copthorne Tara Hotel;
- Timothy Trueman, Defendant employee with knowledge of the investigation and/or appeal of Defendant's termination decision;
- Marie Nakasone, United Supervisor who has knowledge of United's investigation;
- Peter Mark, Supervisor for United who has knowledge of United's investigation;
- Celeste Peterson,
- Dean Whittaker, Defendant employee with knowledge of grievance process;
- Moe Kerrington, Defendant employee with knowledge of grievance process;
- Michael Hickey, Defendant employee with knowledge of the investigation;
- Christy Mattey, Defendant employee with knowledge of Mr. Chagas's appeal of Defendant's termination decision;
- Oscar Munoz, Defendant employee with knowledge of Mr. Chagas's appeal of Defendant's termination decision;

6.

- Ronan Ratter, a friend of Mr. Chagas who can discuss his emotional distress;
- Todd Magnus, Defendant employee with knowledge of Mr. Chagas's appeal of Defendant's termination decision;
- Stephanie Badillo, Defendant employee with knowledge of Mr. Chagas's appeal of Defendant's termination decision;
- Karen Magee, a flight attendant working on the flight with Mr. Chagas either to or from London;
- Ryan Ben, a flight attendant/purser working on the flight with Mr. Chagas either to or from London;
- Giuliano Correia, a flight attendant working on the flight with Mr. Chagas either to or from London;
- Edward Garren, LMFT, a therapist seen by Mr. Chagas;
- Dr. Jay Gladstein, Mr. Chagas's primary care physician;
- Ben Beard, Defendant employee with knowledge of the events;
- Angelica Clemente, Mr. Chagas's sister who can discuss his emotional distress;
- Brian Norton, a friend of Mr. Chagas who can discuss his emotional distress.

Plaintiff and Defendant reserve the right to identify additional percipient witnesses as discovery in this case continues.

### E.   <u>Damages</u>

<u>Plaintiff's Position</u>

At the time of his termination Mr. Chagas was earning approximately $40.80/hour when he was terminated on June 18, 2018. Mr. Chagas's total compensation in 2017 (making $36.04/hour) was $36,043. Assuming similar hours for 2018/2019, Mr. Chagas would have earned approximately $40,000 for the last year and $40,000+ for each year into the future in which Mr. Chagas would have remained employed with Defendant and received the raises he had scheduled. He also had full health, dental, life insurance, and other employee benefits

7.

including flying benefits and retirement, the value of which is not able to be determined without expert testimony.  Mr. Chagas has not been able to find substantially similar work.

Mr. Chagas will also be seeking emotional distress damages in an amount to be determined at trial by the trier of fact.

Defendant's Position

Defendant denies that Plaintiff is owed any damages or is entitled to any relief from the Court.

**F.**     **Insurance**

Defendant is unaware of any applicable insurance coverage for this action.

**G.**     **Motions**

The Parties do not anticipate any motions to seek to add other parties or claims, to amend the pleadings, or transfer venue.

**H.**     **Manual for Complex Litigation**

The Parties agree that this is not a complex case requiring the usage of the Complex Manual.

**I.**     **Status of Discovery**

The parties have not yet begun to engage in written discovery.  No requests or responses have been served yet.  The parties will begin the process of meeting and confer regarding deposition scheduling.

**J.**     **Discovery Plan**

The parties do not anticipate the need for any changes in the disclosures under Rule 26(a), do not believe discovery should be conducted in phases or otherwise limited, and do not believe that any other limitations, modifications, or orders with respect to discovery are necessary at this time.

The parties agree that non-expert depositions will take place after an exchange of discoverable documents and within the next six to eight months.  Plaintiff anticipates taking the depositions of Plaintiff's former supervisors, termination decision-makers, the Person(s)

8.

Most Knowledgeable for Defendant on relevant areas, including Defendant's investigation and the decision to terminate Plaintiff's employment, and possibly other employees for Defendant and/or the hotel where the incident took place.  Both Plaintiff and Defendant intend on taking the depositions of Plaintiff's health care providers.  Defendant intends on taking the deposition of Plaintiff, his medical providers and/or experts, and potential witnesses he has or will come to identify.  The parties reserve the right to identify additional deponents after additional discovery has been conducted in this case.

The parties have agreed to exchange Initial Disclosures by July 19, 2019.  The parties intend to conduct written discovery and plan to complete the initial set of discovery within 90 days with appropriate further requests to follow thereafter until the non-expert discovery cut off (which the parties propose setting on April 5, 2020).  The parties anticipate exchanging document requests, interrogatories, and requests for admission.

See attached Exhibit A – Schedule of Pretrial dates and Trial Dates for Civil Cases.

**K.     Discovery Cut off**

The parties propose a non-expert discovery cut-off date of April 5, 2020.  See attached Exhibit A – Schedule of Pretrial dates and Trial Dates for Civil Cases.

**L.     Expert Discovery**

Plaintiff proposes the following dates related to expert discovery:

(1)     Initial expert disclosures:  April 17, 2020

(2)     Rebuttal expert disclosures:  May 1, 2020

(3)     Expert discovery cut-off:  May 15, 2020

See attached Exhibit A – Schedule of Pretrial dates and Trial Dates for Civil Cases.

**M.     Dispositive Motions**

At this early stage of the case, each party anticipates the possibility of bringing a motion for summary judgment, but each party reserves the right to reevaluate this issue as discovery develops in this case.  Plaintiff requests the following timeline of dates in advance of the hearing date: moving papers to be filed 49 days (7 weeks) prior to the hearing date, opposition

9.

papers to be filed 28 days (4 weeks) prior to the hearing date, and optional reply papers to be filed 14 days (2 weeks) before the hearing date.  Defendant believes this modified motion schedule is premature and does not agree to it; however, Defendant is willing to meet and confer on briefing schedules for motions in due course.  The parties acknowledge and recognize the Court's pre-filing meet and confer requirements and will comply with the local rules by meeting to discuss what issue(s) will be raised in any motion practice and to determine if the motion practice can be avoided or limited.  The parties also agree to meet and confer regarding any potential scheduling issues for the hearing and/or briefing schedule and any other matters that need to be discussed.

The parties anticipate filing various motions in limine that will be identified as discovery develops in this case.

See attached Exhibit A – Schedule of Pretrial dates and Trial Dates for Civil Cases.

**N.**   **Settlement**

The parties agree that once they have obtained sufficient information, whether through early disclosures or formal discovery, to allow them to assess the case, the parties will engage in settlement discussions.  No settlement discussions have occurred to date.  However, Plaintiff has filed a grievance pursuant to the terms of his collective bargaining agreement which is set to proceed to mediation on July 18, 2019.  Among the ADR options set forth in Civil L.R. 16-15.4, Plaintiff requests ADR to be conducted by a Magistrate Judge or in the alternative via Attorney Settlement Officer Panel (ADR Procedure 1 or 2) and Defendant requests that it be conducted by a Magistrate Judge (ADR Procedure No. 1).

**O.**   **Trial Estimate**

The parties estimate that the trial of this action, which Plaintiff has requested be by jury, will take five (5) (Defendant's estimate) to eight (8) (Plaintiff's estimate) court days.  Plaintiff makes a very rough estimate that he will call approximately 8-12 trial witnesses, excluding experts.  Defendant makes a very rough estimate that it will call approximately 4-6 trial witnesses, excluding experts, although Defendant believes that an accurate estimation is

10.

premature at this early stage of litigation.  Defendant may file a motion to bifurcate punitive damages.  This estimate will depend on the information disclosed in the initial disclosures and formal discovery.

**P.** **Trial Counsel**

Plaintiff: Martin I. Aarons (lead) and Shannon H.P. Ward.

Defendant: Michele Haydel Gehrke (lead) and Fatemeh S. Mashouf.

**Q.** **Independent Expert or Master**

The parties do not believe that this case warrants the appointment of either a Master pursuant to Rule 53 or an independent scientific expert.

**R.** **Timetable**

See attached Exhibit A – Schedule of Pretrial dates and Trial Dates for Civil Cases.

**S.** **Other Issues**

The parties are currently unaware of any other issues affecting the status or management of the case.

**T.** **Patent Cases**

Not applicable.

**U.** **Whether the Parties Wish to Have Magistrate Judge Preside**

Respectfully, the parties do not consent to having a magistrate judge preside over the entire action.

/s/ Fatemeh S. Mashouf

| | |
|---|---|
| Martin I. Aarons | Michele Haydel Gehrke |
| Shannon H.P. Ward | Fatemeh S. Mashouf |
| Attorneys for Plaintiff | Attorney for Defendant |
| ALLYSON CHAGAS | UNITED AIRLINES INC. |

11.

# EXHIBIT A

**EXHIBIT A - SCHEDULE OF PRETRIAL AND TRIAL DATES FOR CIVIL CASES**

| Case No.: | 2:19-cv-03860-JAK-JC |
|---|---|
| Case Name: | Allyson Chagas v. United Airlines Inc., et al. |

| Deadlines: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| **Last Date to Add Parties/Amend Pleadings** | 8/12/19 | 8/12/19 | |
| **Non-Expert Discovery Cut-Off** | 4/05/20 | 4/05/20 | |
| **Expert Disclosure (Initial)** *(2 weeks after non-expert discovery cut-off)* | 4/17/20 | 4/17/20 | |
| **Expert Disclosure (Rebuttal)** *(4 weeks after non-expert discovery cut-off)* | 5/01/20 | 5/01/20 | |
| **Expert Discovery Cut-Off** *(6 weeks after non-expert discovery cut-off)* | 5/15/20 | 5/15/20 | |
| **Last Date to File All Motions** (incl. discovery motions) *(6 weeks after non-expert discovery cut-off)* | 5/15/20 | 5/15/20 | |
| **Settlement Procedure Selection:** *(ADR-12 Form will be completed by Court after scheduling conference)* | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | 1 or 2 | 2 | |
| **Last day to conduct settlement conference or mediation** | 4/05/20 | 4/05/20 | |
| **Notice of Settlement / Joint Report re Settlement** *(First Friday following last day to conduct settlement conference or mediation)* | 4/10/20 | 4/10/20 | |
| **Post Mediation Status Conference** *(10 days after due date to file notice of settlement / joint report re settlement: Mondays at 1:30 pm)* | 4/20/20 | 4/20/20 | |

**Note: If necessary, counsel will be invited to submit proposed dates with respect to the final pretrial conference and trial date upon the Court's final ruling on all motions. The trial estimate will be set at the final pretrial conference.**