Michele Haydel Gehrke (215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Fatemeh S. Mashouf (288667)
fmashouf@reedsmith.com
REED SMITH LLP
355 South Grand Ave Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant*
United Airlines, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case. No.: 2:19-cv-03860<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF FATEMEH MASHOUF ISO APPLICATION FOR OSC RE CONTEMPT AND SANCTIONS AGAINST EDWARD GARREN AND MOTION TO COMPEL COMPLIANCE WITH FRCP 45(g)**_____<br><br>[ASSIGNED TO HONORABLE JACQUELINE CHOOLJIAN FOR DISCOVERY PURPOSES]<br><br>Hearing: March 24, 2020, 9:30 a.m.<br>Complaint Filed: March 28, 2019<br>Discovery Cut Off: March 2, 2020<br>Pretrial Conference and Trial Date: TBD |

- 1 -
**DECLARATION OF FATEMEH MASHOUF ISO APPLICATION FOR OSC RE CONTEMPT AND SANCTIONS AGAINST EDWARD GARREN AND MOTION TO COMPEL COMPLIANCE WITH FRCP 45(g)**

# DECLARATION OF FATEMEH S. MASHOUF

I, Fatemeh S. Mashouf, declares as follows:

1.  I am an associate attorney with the law firm of Reed Smith LLP, attorneys for Defendant United Airlines, Inc., and am admitted to practice law before all courts in the state of California, including the above captioned Court. I have personal knowledge of the matters stated herein and if called as a witness and sworn, I could competently testify thereto.

2.  On November 8, 2019, through a process server with First Legal, I began attempting to serve Garren with a records subpoena, seeking Plaintiff's medical records. First, under my instruction and as detailed in First Legal's affidavit, First Legal attempted to serve Garren at the address Plaintiff provided in discovery responses. However, First Legal reported that Garren's neighbor stated that Garren no longer resided there. Thus, I tracked down an alternative address and First Legal made five attempts to serve him with no success between November 8 and November 16, as explained in the corresponding Declaration of Rick Matsumoto.

3.  As a result, Defendant had to expend additional cost and effort to complete service. I prepared an updated records subpoena, due January 10, 2020, and a deposition subpoena also with the same records request, for January 27, 2020. First Legal informed me that they spent two days waiting for Garren to exit his building and serve him.

4.  The following day, on January 11, 2020 instead of responding to the process server, Garren drafted a litigation specific letter detailed below directed to Plaintiff's counsel discussing alleged injuries Plaintiff claims to have sustained as a result of his termination. Attached as **Exhibit A** is a true and correct copy of the January 11, 2020 letter Garren sent to Plaintiff's Counsel.

5.  On January 21, 2020, Plaintiff's counsel, Martin Aarons, provided a different signed authorization to release Plaintiff's medical records addressed to

- 2 -
**DECLARATION OF FATEMEH MASHOUF ISO APPLICATION FOR OSC RE CONTEMPT AND SANCTIONS AGAINST EDWARD GARREN AND MOTION TO COMPEL COMPLIANCE WITH FRCP 45(g)**

1 Garren indicating that Garren may release records to the process server. The
2 authorization included a release of mental health records which was both mailed and
3 personally served on Garren. Attached as **Exhibit B** is a true and correct copy of the
4 signed authorization.

5     6.     Attached as **Exhibit C** is a true and correct copy of the proof of service
6 of the authorization which my secretary mailed to Garren on January 22, 2020.

7     7.     On January 22, 2020, I spoke to Mr. Aarons and asked him to reach out
8 to Garren since Garren had not provided any records and since his deposition was
9 coming up. Mr. Aarons said he would see what he could do. I made it clear that the
10 deposition is still on calendar. Mr. Aarons did not indicate that he was not attending
11 the deposition, but shrugged when I let him know that it was still moving forward as
12 he walked out of the conference room in preparation for a deposition.

13     8.     On January 27, 2019, neither Garren nor Mr. Aarons attended the
14 deposition and neither contacted my office regarding their non-appearance. I took a
15 non-appearance. Attached hereto as **Exhibit D** is a true and correct copy of the
16 transcript showing the non-appearance.

17     9.     I received a copy of the January 11, 2020 letter from Garren to Mr.
18 Aarons on February 4, 2020 and, thereafter, developed the belief that Garren and Mr.
19 Aarons were coordinating Garren's non-compliance in light of the timing of their
20 communications and their simultaneous non-appearance. When I asked why he did not
21 appear, he stated he "assumed" it was off calendar without explaining what
22 information he possessed that would allow him to make such an assumption when I
23 never made any statements to that effect.

24     10.     On February 7, 2020, I left a voice message for Garren indicating an
25 intent to proceed with the instant motion if he did not comply with the subpoenas. I
26 requested a response by the following Monday. I followed up with a confirming email

27
28

- 3 -
**DECLARATION OF FATEMEH MASHOUF ISO JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**

shortly thereafter. Garren responded to my email within one hour. Attached as **Exhibit E** is a true and correct copy of the February 7, 2020 email chain.

11. Despite Garren's unfounded allegations in his February 7, 2020 email, no other staff at my firm has made contact with Garren aside from the voice message and email describe above from me.

12. Within fifteen minutes of the email, Garren called me and unleashed an angry tirade against me. I took notes during the conversation, during which he stated he was not going to jeopardize his "craft" and the subpoena was not signed by a Judge so it is not a Court order. At that time, I informed Garren that subpoenas are enforceable and do not require a Judge's signature and that I would be happy to send him further legal guidance on the issue so he understands what a subpoena is. This only made him angrier, stating that he was not authorized to send over the records. He expressed an unwillingness to comply with the subpoena. He angrily expressed his frustration that he would treat a patient for a limited period of time and then be brought into a litigation because of a patient's lawsuit.

13. I further told Garren that he had been served with an authorization form signed by Plaintiff, but he responded that it "isn't even [his] own authorization form." He was under the impression that I had drafted the authorization form, but did not allow me to correct his misunderstanding. Garren stated that the authorization is inadequate because he cannot release the records to a corporation (the process server) and must instead have the name of a specific person on the release. He stated that his records are to be treated differently under the law than medical records and he wants a Judge to order him to Court before he will comply. He raised his voice, stating how "aggravated" he was. At one point, he stated he thought my email or voice message was treating him like he was a sixth grader and he began defending his educational credentials. He then explained his understanding of the law, stating he has a masters degree "that is harder to pass than the bar exam," concluding, "I know the law!" He

- 4 -

**DECLARATION OF FATEMEH MASHOUF ISO JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**

stated he resented my "intimidation tactics and now, with that, I am hanging up. I have nothing else to say. I am hanging up. Good bye." Garren then hung up the phone.

14. This email and call on February 7, 2020 reflects the only time Garren contacted my office.

15. Plaintiff did not submit timely objections to the subpoenas and did not file a Motion to Quash or other motion in connection with the subpoenas. After the period for objections had already passed, Mr. Aarons sent an informal email regarding his position regarding Plaintiff's right to privacy in his medical records. To date, no objections have been submitted and served

16. As of the date of this Motion, no records have been received from Garren.

17. On February 24, 2020, I told Plaintiff's counsel, Mr. Aarons, that I would be filing this motion and need to confer with him regarding whether or not an application to seal would be necessary since the motion will attach Garren's letter and reference what he states in the letter. The following day, Mr. Aarons called me and told me that he and his client do not require the documents to be placed under seal and that they may be filed with this motion as they will be relying on the same information at trial. He also indicated that Plaintiff does not object to Defendant being able to take Garren's deposition.

18. I declare under penalty of perjury under the state laws of California and Federal law that the foregoing is true and correct. Executed in Los Angeles, California on February 24, 2020.

                                        /s/ *Fatemeh S. Mashouf*
                                        Fatemeh S. Mashouf

**DECLARATION OF FATEMEH MASHOUF ISO JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

EXHIBIT A

Jan.28.2030 10:42        Edward Garren, M.A., L.M.F.T.            +1 213 596 9082                    P  1/ 1

# Edward G. Garren, MA, LMFT
CA Lisc. #MFC27181
1246 W. 58th Place
Los Angeles, CA 90044
(213) 596-9674 (voice)
(213) 596-9082 (fax)

January 11, 2020

Martin I. Aarons/Clara Zamora, Attorneys
Sent via fax (818) 302-2072

Re: Allyson Chagas, DOB: 09/23/1979

Mr. Chagas began mental health treatment with me on 4/6/1917 because of a work related trauma involving his being housed in an unsafe hotel while on a layover. His hotel room was broken into while he was out of the room on the morning of his checking out. When he brought the issue to the attention of his management, they did not investigate the hotel, or it's history with similar incidents. Instead they accused him of being dishonest and fired him.

Mr. Chagas is a very proud man, and the quality of his work, and his professionalism, honesty and personal integrity are very important to him. This baseless slander and getting fired from a job he was dedicated to, caused extensive emotional trauma.

He also found that the hotel had an extensive police history, with numerous similar incidents.

This slander and betrayal by his former employer, have caused him to become both anxious and depressed, (F.41.1 and F33.2 diagnosis codes). He continues to deal with nightmares, and has lost his confidence on subsequent job interviews.

Mr. Chagas sought treatment for these issues, and the Post Traumatic Stress that they created. He was seen by myself, for hourly psychotherapy sessions on fifteen (15) occasions over the next eight (8) months, as his work schedule permitted.

The situation, and the slander and character attacks perpetrated by his employer have left long term damage to his sense of well being and safety.

Regards,

*[signature]*

# EXHIBIT B

EXHIBIT B

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

To the following health care providers
("Authorized Providers")

APLA Health/Jay Gladstein, MD; and
Edward Garren, M.A., M.F.T

Re:   Patient name: Allyson Chagas
      Date of Birth: 09/23/1979
      Patient SSN:   xxx-xx-3948

      The undersigned issues this Authorization pursuant to the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. §164.508 ("HIPAA"), and the California Confidentiality of Medical Information Act, Cal. Civ.C. §56 ("CCMIA"), as each may be amended from time to time, and the rules and regulations promulgated thereunder. This Authorization covers information or material whose disclosure would, but for this waiver, be otherwise prohibited by state and federal statutes or regulations.

1.  **Persons Authorized to Receive Medical Information.**

      The undersigned hereby authorizes the release of Medical Information, as defined in Section 2 below, to the following person(s) ("Authorized Recipient(s)"):

                Martin I. Aarons, Esq.
                The Aarons Law Firm, APC
                16000 Ventura Blvd., Suite 850
                Encino, CA 91436

c/o First Legal Records, 1511 Beverly Blvd., Los Angeles, CA 90026

2.  **Medical Information Authorized for Release.**

      "Medical Information" DOCUMENTS pertaining to injuries (mental or physical) Allyson Chagas sustained or was being treated for since January 1, 2017 as a result of any incidents he reported in connection with his employment, or similar complaints, including but not limited to medical files, therapist notes, psychological records, diagnosis, charts, reports, notes, writings, diagrams, forms, printouts, test results, lab results, correspondence, telephone conversation notes, emergency room records, inpatient records, outpatient records, reports, tests and test results, consultant reports, admit sheets, histories, nurse notes, physician notes and orders, charts, discharge summaries, operative reports, and billing.

3.  **Specific Uses and Limitations.**

      Authorized Recipient shall specifically use, and is limited to specifically using, the Medical Information for the following purpose ("Specific Use"):

Page | 1

To provide legal representation to the undersigned in connection with legal claims relating to my injuries, benefits or other related matters.

4. **Health Care Providers Authorized to Release Medical Information.**

This Authorization applies only to the Authorized Provider named above.

5. **Expiration of Authorization.**

Unless otherwise revoked, this Authorization expires upon the occurrence of the following:

Date on which Authorized Recipient's legal representation of the undersigned is concluded or earlier terminated by substitution of counsel, withdrawal of counsel, or otherwise. If no date or event is indicated in the space immediately above, this Authorization will expire 12 months after the date of signing this Authorization.

6. **Other Required Statements.**

a. <u>Right to Revoke</u>. The undersigned is aware that he or she may revoke this Authorization at any time, provided that he or she does so in writing and submits it to the Authorized Provider. The revocation will take effect when the Authorized Provider receives it, except to the extent that the Authorized Provider or others have already taken action in reliance on this Authorization.

b. <u>Potential Redisclosure</u>. Authorized Provider and many other organizations and individuals such as physicians, hospitals, and health plans are required by law to keep the undersigned's health information confidential. The undersigned is aware that authorized disclosure of Medical Information to someone who is not legally required to keep it confidential may result in loss of protection under state or federal health information confidentiality laws.

c. <u>Right to Receive Copy</u>. The undersigned is aware that he or she has a right to receive a copy of this Authorization. A reproduced copy of this Authorization shall be as valid as the original.

d. <u>Voluntary Authorization</u>. The undersigned affirms that this Authorization is voluntary and freely given.

Date: 1/17/20

Signed: _____
Allyson Chagas

Page | 2

# EXHIBIT C

EXHIBIT C

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071. On January 22, 2020, I served the following document(s) by the method indicated below:

**AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Edward Garren, M.A., M.F.T.<br>1246 W. 58th Place<br>Los Angeles, CA 90044 | Jay Gladstein, M.D.<br>APLA Health<br>5901 W. Olympic Blvd., #310<br>Los Angeles, CA 90036 |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 22, 2020, at Los Angeles, California.

_____
Charlyn Jones

– 1 –

PROOF OF SERVICE RE AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

# EXHIBIT D

EXHIBIT D

# In The Matter Of:

*CHAGAS VS.*
*UNITED AIRLINES*

*EDWARD GARREN*
*January 27, 2020*

*Ludwig Klein Reporters & Video, Inc.*

Min-U-Script®

Page 1

 1                                    CERTIFIED COPY
 2
 3
 4
 5
 6
 7
 8              UNITED STATES DISTRICT COURT
 9              CENTRAL DISTRICT OF CALIFORNIA
10
11   ALLYSON CHAGAS,                )
                                    )
12           Plaintiff,             )
                                    )  No. 2:19-cv-03860
13       vs.                        )
                                    )  AFFIDAVIT OF
14   UNITED AIRLINES, INC.,         )  NONAPPEARANCE
                                    )  OF WITNESS
15           Defendant.             )
     _____)
16
17
18         I, DEBORAH L. LUNDGREN, a Certified Shorthand
19   Reporter for the State of California, do hereby certify:
20         That on Monday, January 27, 2020, at 11:40 a.m.
21   I appeared at Reed Smith, LLP, 355 South Grand Avenue,
22   Suite 2800, Los Angeles, California, for the purpose of
23   reporting the deposition testimony of EDWARD GARREN;
24         That present at said time and place were
25   Fatemeh Mashouf of the Law Firm of Reed Smith, LLP,

Page 2

 1 attorney for Defendant United Airlines, Inc.;
 2    That the above person and the reporter remained
 3 at the address indicated above until approximately
 4    11:09 a.m., at which time the aforementioned witness had
 5 not appeared for the purpose of having said deposition
 6 taken.
 7    The following proceedings were had:
 8
 9    **MS. MASHOUF:** My name is Fatemeh Mashouf.  I
10 represent Defendant United Airlines.  This is to be the
11 Rule 45 deposition of Edward Garren taken pursuant to
12 Rule 45 of the Federal Rules of Civil Procedure in
13 civil case number 2:19-cv-03860 pending in Central
14 District of California.
15    It is now 11:47 a.m. on January 27, and neither
16 the deponent, Edward Garren, nor plaintiff's counsel is
17 here today.
18    I have received no correspondence from either
19 the deponent nor plaintiff's counsel as to their intent
20 to not appear one way or another today.  I have checked
21 my voice mail, and I have no pending voice messages from
22 either of them.  I have checked my e-mail, and I have no
23 pending e-mails from either of them regarding this
24 deposition.
25    We will go off the record until noon to give

Page 3

 1 the deponent and, if he has any, representative counsel,
 2 and/or to give plaintiff's counsel a bit more time to
 3 appear today, and we will come back if they do not
 4 appear by noon, nor make any attempt to correspond with
 5 my office by noon, and take the nonappearance.
 6    Off the record.
 7    (Recess.)
 8    **MS. MASHOUF:** It is now 12:00 p.m. and the
 9 deponent and his counsel, if any; plaintiff and his
10 counsel -- none of them have appeared.  Before marking
11 some exhibits, I will provide a concise summary of what
12 has happened in the days leading up to this deposition.
13    On Wednesday, January 22, 2020, while at
14 plaintiff's counsel's office, I reminded counsel that
15 this deposition was scheduled for today.  He did not
16 object in writing, in person, or by any other means that
17 he would not be attending the deposition today.
18    My office has not received any objections to
19 this deposition proceeding.  My office has not received
20 calls or e-mails requesting that this deposition be
21 moved or rescheduled by either plaintiff's counsel, the
22 deponent, or a representative of the deponent.
23    My office has received no documents responsive
24 to the subpoena to produce documents served concurrently
25 with the subpoena to testify.  Documents were due no

Page 4

 1 later than January 10, 2020, at 12:00 p.m. to First
 2 Legal Records, and I am informed by First Legal that the
 3 deponent has provided no documents, has not responded to
 4 their calls, and has been evasive.
 5    The deponent was also provided with a HIPAA
 6 authorization signed by plaintiff authorizing the
 7 release of his records, yet the deponent has not
 8 released those records to First Legal or to my office to
 9 date.
10    I will attach as Exhibit 1 the subpoena to
11 testify, as well as the subpoena to produce records,
12 which were simultaneously served on the deponent on
13 December 20, 2019, by personal service with checks
14 tendered at the same time.  As part of the the same
15 exhibit, I am including the proof of service.
16    Let's go off the record real quick.
17    (Recess.)
18    **MS. MASHOUF:** I am clarifying that the subpoena
19 should actually be marked as Exhibit 33.
20    It is now 12:07, almost 30 minutes after the
21 beginning start time of the deposition, and my office
22 has still not received any communication from the
23 deponent or from counsel.
24    I'll mark as Exhibit 34 an authorization for
25 release of medical information, along with the proof of

Page 5

1  service, indicating that this authorization was sent to
2  both the deponent, as well as plaintiff's other
3  physician, Jay Gladstein, on January 22.
4    I'm informed that around that time this
5  authorization was also placed under the deponent, Edward
6  Garren's, door.  We have not received any communication
7  in response thereto.
8    I will represent that between now and the time
9  that the court reporter has packed up and left, if the
10 deponent does appear or make contact indicating he is on
11 his way to appear, that I will ask the court reporter to
12 stay until the deponent has arrived.
13    But if the court reporter has already left,
14 that we will not reconvene the deposition as no court
15 reporter will be here any longer.
16    It is now approximately 12:09, and the deponent
17 and counsel for the deponent or counsel for plaintiff
18 have still not appeared.  This deposition is suspended
19 due to nonappearance.  This will conclude today's
20 transcript.
21    (Exhibits 33 and 34 were marked for
22    identification.)
23    * * *
24
25

Page 6

1         I further certify that I have no interest in
2  the outcome of this action.
3                     January 28, 2020
4
5
6                 _____
                   DEBORAH L. LUNDGREN, CSR NO. 6727
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT E

EXHIBIT E

**Jones, Lyn**
___

| | |
|---|---|
| **From:** | Edward Garren <edwardgarrenmft@gmail.com> |
| **Sent:** | Friday, February 7, 2020 5:13 PM |
| **To:** | Mashouf, Fatemeh S. |
| **Cc:** | Gehrke, Michele Haydel |
| **Subject:** | Re: Allyson Chagas - Non-Appearance and Non-Compliance with Subpoenas |

==EXTERNAL E-MAIL - From edwardgarrenmft@gmail.com==

Mr. Mashouf:

Apparently you are not familiar with FEDERAL LAW regarding MENTAL HEALTH CLIENT RECORDS.  Mental health records are protected by federal law.  If a client signs a release to a specific person, I can communicate with that person.  I CANNOT disclose any information, even acknowledge a client is seeing me without the client signing a release specific to a named individual.  I have no such release authorizing me to disclose any information to you.

I would add that Medical Health Records do not have the same level of protection of confidentiality.  It is annoying that you and your staff do not seem to know, or respect that fact.

Also, the subpoena your office served me with did not have a judges signature, and was not signed by a judge in a court of law.

I deeply resent your "scare tactics" not to mention the volume of phone calls from a legal records company.  I have repeatedly explained to their staff the issues in the first paragraph.

So, if I end up in court, I will testify to the judge that your company harassed me, and repeatedly tried to involve me in a violation of federal law, and then you resorted to these cheap "scare tactics" and intimidation.

I am explaining this to you, here in writing, and will not be calling you on Monday AM.

Regards,  Edward Garren, MA, LMFT


> On Feb 7, 2020, at 4:19 PM, Mashouf, Fatemeh S. <FMashouf@reedsmith.com> wrote:
>
> Mr. Garren,
>
> I am following up on my voice message. As you are aware, you have been **personally served** with both a deposition subpoena and a records subpoena which you have failed to comply with despite having a signed authorization from Mr. Chagas to release the records and despite all our attempts to reach you. You have decided to ignore your legal obligation to comply with the subpoenas which are Court orders but, at the same time, have made time to draft an inappropriate letter to Mr. Chagas' counsel. As such, I intend to file a Motion early next week to enforce the subpoenas along with all other available relief, including an order of contempt and sanctions. Please return my call as soon as possible and no later than 5:00 p.m on Monday, February 10, 2020.

1

**Fatemeh S. Mashouf**
*Associate*
+1 213 457 8179

fmashouf@reedsmith.com

ReedSmith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: +1 213 457 8000 Fax: +1 213 457 8080

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.
Disclaimer Version RS.US.201.407.01



EdwardGarrenMFT@gmail.com
www.EdwardGarrenMFT.com

**Blog:**
http://familytherapyinsouthla.blogspot.com/2015/02/introduction-to-family-therapy-in-south.html

The information contained in this e-mail transmission is intended for the addressee(s) named and is privileged and/or confidential. If you are not the intended recipient, be advised that you are prohibited from reading or disclosing the information contained in this transmission. Any unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited by Edward Garren, MFT.

If you have received this transmission in error, please immediately notify the Mr. Garren via telephone.