Michele Haydel Gehrke (215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Fatemeh S. Mashouf (288667)
fmashouf@reedsmith.com
REED SMITH LLP
355 South Grand Ave Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant*
United Airlines, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case. No.: 2:19-cv-03860<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT UNITED AIRLINES' SUPPLEMENTAL MEMORANDUM OF LAW ISO MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**<br><br>[ASSIGNED TO HONORABLE JACQUELINE CHOOLJIAN FOR DISCOVERY PURPOSES]<br><br>Hearing: March 10, 2020, 9:30 a.m.<br>Complaint Filed: March 28, 2019<br>Discovery Cut Off: March 2, 2020<br>Pretrial Conference and Trial Date: TBD |

- 1 -
**DEFENDANT UNITED AIRLINES' SUPPLEMENTAL MEMORANDUM OF LAW ISO MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**

Pursuant to Local Rule 37-2.3, Defendant United Airlines, Inc. ("United" or "Defendant") submits the following Supplemental Memorandum of Law.

### A. In Retaliation For The Instant Motion, Plaintiff Filed a Motion to Disqualify and Is Now Refusing To Communicate By Email.

On February 13, 2020, after receiving the Defendant's proposed Joint Stipulation, instead of responding with an agreement to limit disputes, Plaintiff's counsel exacerbated the situation in two very telling ways. First, Plaintiff filed an entirely frivolous Motion to Disqualify Counsel with a patently false declaration, claiming that defense counsel has unethically used Plaintiff's medical records which he claims are privileged. Docket No. 26. Defense counsel wrote him a letter, sent by fax and email the same day, explaining that Defense counsel has never obtained the medical records which he falsely represented are in her possession. Declaration of Fatemeh Mashouf, ("Mashouf Decl. ISO Supp."), ¶ 2, Exh. A. This was then confirmed by phone and Defense counsel provided a proposed declaration under oath affirming as much. *Id.* Indeed, as a result of his Motion, Law360 published an article further exacerbating his false representations. What he has clearly demonstrated is the importance of FRCP 11(b)'s prohibition on attorney's filing motions that are unwarranted, intended to harass, needlessly increase litigation costs and/or include false "facts." For that reason, Defense counsel's letter informed him that he has been placed on notice of the false representations under FRCP 11(c)(1) and must immediately withdraw the Motion or could be sanctioned. Although the Parties seemed to come to an agreement that the Motion had to be withdrawn, Plaintiff stated he has not had adequate time to finalize the agreement to withdraw and, thus, the Motion is still on calendar.

Second, that same day, Plaintiff sent a letter stating, "As of tomorrow, my office will **NOT** accept any email communications from your office." He wrote that communications must be during normal business hours, excluding holidays, by letter,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 2 -
**DEFENDANT UNITED AIRLINES' SUPPLEMENTAL MEMORANDUM OF LAW ISO MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**

fax, or phone. Mashouf Decl. ISO Supp, Exh. ¶ 3, B. He then demanded that Defendant must get "permission" to email trial and other motion-related Word documents and that if permission is not granted, must then use other means to send him the Word file.

Given that there are almost daily depositions and several motions with a lot of meeting and conferring required in this case, it is obvious that Plaintiff's counsel is trying to create hurdles out of thin air. He has stated numerous times over the last several weeks during deposition breaks that Defendant has "lost the privilege" of emailing him. It appears Plaintiff's counsel is under the impression that he can set terms on the meet and confer process in order to make it more difficult by restricting what time of day Defense counsel may attempt to reach him ("Monday through Friday, between 8:30 am to 5:00 pm, excluding holidays). However, given the history here, it is crucial that email, not phone, be available to minimize miscommunications. Further, there has been extensive travel over the last several weeks in this matter. Counsel's demand that he be called at his office or sent a fax when the Parties know he is not there and does not have an associate available is even more telling.

Plaintiff's retaliatory response to the Joint Stipulation further supports the need for Court intervention and aggressive sanctions, as he must be persuaded to conduct himself responsibly and must be deterred from his ongoing tactics.

**B. On the Eve of This Filing, Plaintiff Demanded Redactions To the Joint Stipulation, Causing Defendant Significant Burden.**

After nine days of having the Joint Stipulation in his possession, on the eve of the filing date Defense counsel received a letter from Plaintiff's counsel suddenly demanding redactions to the Joint Stipulation. In his letter, he "clawed back" portions of Plaintiff's redacted medical records and added redactions. Mashouf Decl. ISO Supp., ¶ 4 Ex. C. He also placed all the medical records under the protective order. Defense counsel had to stop everything she was working on to spend several hours

- 3 -
**DEFENDANT UNITED AIRLINES' SUPPLEMENTAL MEMORANDUM OF LAW ISO MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**

addressing the issues, revising the original motion to insert mutually agreeable redactions, and revising her corresponding declaration – all while Counsel was refusing to correspond by email. Mashouf Decl., ¶ 4. Despite disagreeing with Plaintiff, Defendant provided a very detailed response with a proposal for redactions to the Motion in an effort to comply with his last minute demand without missing the filing date. As will be detailed in Defendant's declaration in support of sanctions (if the Court grants the request), this was an incredibly time consuming task that dragged into the night while counsel was traveling cross country for this case and continued through the following day at deposition to allow the filing to proceed on Plaintiff's terms.

Counsel's letter was simply another example of: (1) how he has failed to engage in discovery properly (2) within appropriate time frames (3) which he then attempts to put blame for on Defendant, (4) multiplying Defendant's work and (5) placing inappropriate burdens on the timely and efficient litigation of this case.

**C. Plaintiff's Position Consistently Misstates His Obligations And Facts**

It is unfathomable that after all these months of discussing what discovery is outstanding, Plaintiff is illogically stating that the issues have almost all been resolved.  What is clear is that the Court is going to have to make a judgment call about (1) who is telling the truth in light of Plaintiff's "alternative facts" about agreements supposedly made during the meet and confer process which contradict the writings, and (2) whether despite all of Defendant's detailed explanation that there is outstanding discovery, Plaintiff's conclusion that nothing remains outstanding is true.

For example, Plaintiff states that that the Interrogatories, Set One did not have definitions requiring contact information to be provided and for that reason, he was not required to supplement. Mashouf Decl. ISO Supp. ¶ 5, Exh. D. He is now claiming that such a discussion occurred when the meet and confer correspondence clearly shows Defendant repeatedly asking for the contact information. He then claims that

- 4 -
**DEFENDANT UNITED AIRLINES' SUPPLEMENTAL MEMORANDUM OF LAW ISO MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**

there was an "agreement" that he only had to provide contact information for non-employees. But again, this is simply false as Defendant has consistently stated that Plaintiff must provide all responsive information, whether or not he believes Defendant also possesses the information. Plaintiff also claims document requests are satisfied because he has produced *some* of the responsive records (i.e. two pages of phone records, limited social media communications, limited emails related to his job search, highly redacted medical records and only a single page from his therapist, etc.) instead of acknowledging the records that are still outstanding (or, alternatively, stating that after a reasonable and diligent search that he has produced all responsive documents in his possession, custody, or control). The list of these falsities is too long for this Supplemental brief, but Defendant will turn to each one of them at hearing as the Court deems appropriate.

However, to be clear, Plaintiff repeatedly asserts that he has provided all information and documents when Defendant is aware that he has not. Indeed, even at a deposition just the day before this Supplemental brief was filed, a witness produced documents in response to Defendant's subpoena which reflects emails with Plaintiff that are squarely at issue that he has not produced.[1] Mashouf Decl., ISO Supp., ¶ 6. While Plaintiff has in his possession some emails during the same time frame that he has produced, he has withheld others. In response, Plaintiff argues that if Defendant, through its own efforts, has discovered Plaintiff's withholding of documents and information, that Defendant must supplement its initial disclosures accordingly. This turns the FRCP's discovery obligations on their head.  Further, impeachment evidence is carved out from initial disclosures. It is not for Defendant to educate Plaintiff's counsel and Plaintiff of what their misconduct is. This is why the request for an ***adequate and detailed*** affidavit is so important so Plaintiff can be held accountable.

---

[1] Amusingly, Plaintiff's counsel keeps asserting that if an email was at one point on Defendant's server, that it is still in Defendant's possession, custody or control and alleviates his duty to produce those documents. Defendant has repeatedly told him this is not true. He cannot assume that the documents which were once in Defendant's possession pre-litigation are still available in light of email retention policies applied prior to notification of potential litigation.

- 5 -

**DEFENDANT UNITED AIRLINES' SUPPLEMENTAL MEMORANDUM OF LAW ISO MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**

Instead of actually supplementing his discovery responses and providing a supplemental document production, Plaintiff then attempts to insert into the Joint Stipulation what he is proposing to be appropriate *unverified* supplemental responses (i.e. Interrogatory No. 1) and at one point even attaches a document which he previously withheld to argue that nothing is outstanding (Exhibit D to counsel's declaration). Instead of meeting his obligations, Plaintiff simply excuses his misconduct by concluding that Defendant is not "prejudiced."

Plaintiff also spends much effort trying to place Defense Counsel's tone in a negative light, claiming she was "angry," "frustrated," "threatening," and "intimidating." Defense Counsel enthusiastically offers to provide the Court with the videotaped deposition so the Court can clearly see that Defense Counsel acted professionally despite all the inappropriate behavior by Plaintiff and his counsel. Indeed, Plaintiff's descriptors are truly the pot calling the kettle black.

### D. Plaintiff's Unconvincing Effort To Have Legal Arguments Excluded

Ironically, Plaintiff has ignored every rule when it comes to discovery to date, but in this motion, quibbles with Defendant's formatting. To be clear, instead of having the legal basis for relief as to each issue repeated dozens upon dozens of times, Defendant streamlined the Joint Stipulation by putting the legal arguments up front. To the extent the Court would like Defendant to instead copy/paste those legal arguments dozens of times, Defendant is absolutely willing to do so. The reason Plaintiff does not respond to these arguments is because he simply does not have case law to support his position.

Dated: February 25, 2020               REED SMITH LLP

                                       */s/ Fatemeh Mashouf*
                                       Fatemeh S. Mashouf
                                       Attorneys for Defendant
                                       UNITED AIRLINES, INC.

- 6 -
**DEFENDANT UNITED AIRLINES' SUPPLEMENTAL MEMORANDUM OF LAW ISO MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**