Michele Haydel Gehrke (215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Fatemeh S. Mashouf (288667)
fmashouf@reedsmith.com
REED SMITH LLP
355 South Grand Ave Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant*
United Airlines, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>        Plaintiff,<br><br>    vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case. No.: 2:19-cv-03860<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF FATEMEH S. MASHOUF ISO SUPPLEMENTAL BRIEF ISO MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS** _<br><br>[ASSIGNED TO HONORABLE JACQUELINE CHOOLJIAN FOR DISCOVERY PURPOSES]<br><br>Hearing: March 10, 2020, 9:30 a.m.<br>Complaint Filed: March 28, 2019<br>Discovery Cut Off: March 2, 2020<br>Pretrial Conference and Trial Date: TBD |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 1 -

## DECLARATION OF FATEMEH S. MASHOUF

I, Fatemeh S. Mashouf, declares as follows:

1.      I am an associate attorney with the law firm of Reed Smith LLP, attorneys for Defendant United Airlines, Inc., and am admitted to practice law before all courts in the state of California, including the above captioned Court.  I have personal knowledge of the matters stated herein and if called as a witness and sworn, I could competently testify thereto.

2.      In response to Plaintiff's Motion to Disqualify, I wrote Mr. Aarons a letter, sent by fax and email the same day, explaining that my office has never obtained the medical records which he falsely represented are in my possession. Attached as **Exhibit A** is a true and correct copy of this February 14, 2020 communication to opposing counsel. Thereafter, Mr. Aarons called me on the same day to confirm the accuracy of the information in my email. We agreed, in principal, that if I was to provide a declaration affirming that I have not accessed and will not access the medical records until the Court hears this Motion and determines whether Plaintiff's medical records are discoverable, then he will take the motion off calendar. On February 19, 2020, I sent Mr. Aarons the proposed declaration and stipulation to take the motion off calendar. On the date of this filing, Mr. Aarons stated he has revisions to propose to the declaration but has not had adequate time to provide those edits, intending to do so on the following day. Thus, at the time of this filing, the Motion to Disqualify is still on calendar.

3.      I also received a letter on February 13, 2020 from opposing counsel attempting to preclude further email communications, a true and correct copy of which is attached hereto as **Exhibit B**.

4.      On February 8, 2020, I sent Mr. Aarons the underlying proposed Joint Stipulation under Local Rule 37-2. After nine days of having the Joint Stipulation in his possession, on the eve of the filing date I received a letter from Mr. Aarons

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**DECLARATION OF FATEMEH S. MASHOUF ISO SUPPLEMENTAL BRIEF ISO MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**

suddenly demanding redactions to the Joint Stipulation, a true and correct copy of which is attached hereto as **Exhibit C,** excluding the enclosures which Plaintiff is not attempting to place under the Protective Order. I had to stop everything I was working on to spend several hours addressing the issues, revising the original motion to insert mutually agreeable redactions, and revising my corresponding declaration – all while Mr. Aarons was refusing to correspond by email.

5.      Attached as **Exhibits D-F** are  true and correct copy of the three sets of discovery at issue in this Motion consisting of Interrogatories, Set One (Exhibit D), Interrogatories, Set Two (Exhibit E), and Request for Production of Documents, Set One (Exhibit F).

6.      On February 24, 2020, the further documents were produced by third party witnesses in response to deposition subpoenas served by my office. These documents were produced to both my office and Mr. Aarons at the start of the depositions, during which my colleague stated to Mr. Aarons that there are additional communications with Plaintiff in these records which he had not produced. Mr. Aarons did not deny this.

7.      I declare under penalty of perjury under the state laws of California and Federal law that the foregoing is true and correct.  Executed in Los Angeles, California on February 25, 2020.

_____/s/ *Fatemeh S. Mashouf*_____
Fatemeh S. Mashouf

**DEFENDANT UNITED AIRLINES' SUPPLEMENTAL MEMORANDUM OF LAW ISO MOTION TO COMPEL DISCOVERY RESPONSES, DOCUMENTS, DEPOSITION, AND REQUEST FOR SANCTIONS**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

EXHIBIT A

## Mashouf, Fatemeh S.

| | |
|---|---|
| **From:** | Mashouf, Fatemeh S. |
| **Sent:** | Friday, February 14, 2020 4:05 PM |
| **To:** | 'Martin Aarons' |
| **Cc:** | Gehrke, Michele Haydel |
| **Subject:** | Chagas - Notice to Withdraw Motion Under FRPC 11 |

Martin,

We are in receipt of your Motion to Disqualify. This correspondence is to notify you that the Motion misinforms the Court of the most important fact you allege in the Motion and that you are under a legal and ethical obligation to withdraw your Motion immediately.

Defendant has ***never accessed*** the unredacted medical records even though they are ***not privileged and are fully discoverable***. You Motion states "Defendant refused to return, sequester, or destroy the records" but Defendant need not do any of this because Defendant never even possessed the records which were emailed in a link to Defendant to download but Defendant has not downloaded it to date. You also state Defendant "reviewed the documents" but, again, this is false. You then imagine up what Defendant may do with documents it does not have in its possession. Even if the documents were privileged, which they absolutely are not, Defense counsel has not even arguably violated any ethical provision. You state Defendant should have, but did not, submit a motion to the Court for resolution. Defendant has done exactly this in its Motion to Compel that is currently in your possession. In fact, the Motion clearly discussed the redacted medical records which demonstrate that Defendant has not even touched the unredacted records. This is why Local Rule 7-3 is so important and your avoidance of the meet and confer process, especially in light of your letter indicating you will not meet and confer with Defendant by email for the remainder of the case, is very telling.

This correspondence places you on notice under FRCP 11(c) that your Motion to Disqualify is entirely frivolous and filed in bad faith, in violation of FRCP 11(b) (filing is made for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims are not warranted by the law and are based on frivolous arguments; the factual contentions are unsupported) and 28 U.S.C. § 1927 (authorizing court to sanction attorney who multiplies litigation).

**Fatemeh S. Mashouf**
*Associate*
+1 213 457 8179
fmashouf@reedsmith.com
**ReedSmith** LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: +1 213 457 8000 Fax: +1 213 457 8080

# EXHIBIT B

EXHIBIT B

# The Aarons Law Firm
## A Professional Corporation

16000 Ventura Boulevard, Suite 850                    Tel: 818-794-9250
Encino, CA 91436                                      Fax: 818-302-2072
www.aaronslawfirm.com                       martin@aaronslawfirm.com

February 13, 2020

**VIA FAX & U.S. MAIL ONLY**

Michele Haydel Gehrke              Fatemeh S. Mashouf
Reed Smith, LLP                    Reed Smith, LLP
101 Second St., Suite 1800         355 South Grand Ave., Suite 2800
San Francisco, CA 94105            Los Angeles, CA 90071

>        Re:        *Allyson Chagas v. United Airlines, Inc.*
>        Case No.   **2:19-cv-03860**

Dear Counsel,

As of tomorrow, my office will **NOT** accept any email communication from your office.

If you wish to coordinate or communicate with my office, you may send me a fax, a letter, or give me a call during normal business hours, Monday through Friday, from 8:30 am to 5:00 pm, excluding holidays.

If there are word documents we need to exchange for trial or other motion/filing related documents, and you wish to email it to me, you must first call to get my permission. Otherwise, you may send it to me by mail, messenger, or overnight on a CD or flash drive. I will do the same.

Very truly yours,

THE AARONS LAW FIRM, APC

Martin I. Aarons

# EXHIBIT C

EXHIBIT C

# The Aarons Law Firm
## A Professional Corporation

16000 Ventura Boulevard, Suite 850                                    Tel: 818-794-9250
Encino, CA 91436                                                      Fax: 818-302-2072
www.aaronslawfirm.com                                        martin@aaronslawfirm.com

February 17, 2020

**VIA FAX ONLY**

Michele Haydel Gehrke               Fatemeh S. Mashouf
Reed Smith, LLP                     Reed Smith, LLP
101 Second St., Suite 1800          355 South Grand Ave., Suite 2800
San Francisco, CA 94105             Los Angeles, CA 90071

        **Re:**     *Allyson Chagas v. United Airlines, Inc.*
        **Case No.**    **2:19-cv-03860**

Dear Counsel,

So there is no confusion, attached are the redacted medical records produced with the confidential marking on the bottom center of each page. Also, previously produced pages bates numbered pages 13, 48, and 50 had private medical information that obviously was supposed to be redacted, but was missed. As such, please destroy those pages and use the ones attached/included herein.

More, though this would be obvious based on the other redactions, Defendant did not notify or otherwise comply with CRPC 4.4 or FRCP 26(b)(5)(B) as to these pages. These pages disclose private, privileged and confidential information that has nothing to do with his complaints about United or injuries caused by United as Requested in demand number 32 and part of the authorization signed by Mr. Chagas. Instead, contrary to what you said in your letter of Friday, February 14th, it appears that counsel **HAS** used confidential, private, and privileged information to gain leverage in this case. This information only could have come by reviewing privileged, private, and confidential information it was not entitled to review. As such, those reference in the joint statement must be redacted or removed. They are at the following locations in the version of the joint statement sent over on Saturday, February 8, 2020 at 11:00 pm. Pages 52:11-14; 53:25-54:1 (this **never** came up or was discussed at the meeting); and 55:21-56:10.

Very truly yours,

THE AARONS LAW FIRM, APC

Martin I. Aarons

Enclosure as indicated

# EXHIBIT D

EXHIBIT D

1  Michele Haydel Gehrke (215647)
   REED SMITH LLP
2  101 Second Street
   Suite 1800
3  San Francisco, CA 94105-3659
   Telephone: +1 415 543 8700
4  Facsimile: +1 415 391 8269

5  Fatemeh S. Mashouf (288667)
   REED SMITH LLP
6  355 South Grand Ave
   Suite 2800
7  Los Angeles, CA 90071
   Telephone: +1 213 457 8000
8  Facsimile: +1 213 457 8080

9  Attorneys for Defendant
   United Airlines, Inc.

10

11            **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13  ALLYSON CHAGAS,                          Case. No.: 2:19-cv-03860

14                    PLAINTIFF,             **DEFENDANT UNITED AIRLINES,**
                                             **INC.'S INTERROGATORIES TO**
15         VS.                               **PLAINTIFF ALLYSON CHAGAS,**
                                             **SET ONE**
16
    UNITED AIRLINES, INC., AND DOES 1
17  THROUGH 10, INCLUSIVE,                   Courtroom: 10B
18                                           Judge: Honorable John A. Kronstadt
                    DEFENDANT.               Complaint Filed: March 28, 2019
19

20

21

22  PROPOUNDING PARTY:        UNITED AIRLINES, INC.

23  RESPONDING PARTY:         ALLYSON CHAGAS

24  SET NO.                   ONE (1)

25

26

27

28

**DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET ONE**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to Federal Rule of Civil Procedure 33, Defendant United Airlines, Inc. ("United" or "Defendant"), requests Plaintiff Allyson Chagas ("Plaintiff") respond fully and completely to the following interrogatories, under oath, within 30 days.

## DEFINITIONS

1.     The terms "YOU" and "YOUR" means Plaintiff Allyson Chagas and his agents, servants, employees, representatives, attorneys, accountants, and each and every other person or entity acting on his behalf or at his direction.

2.     The term "United" means Defendant United Airlines Inc., and its agents, servants, employees, representatives, attorneys, accountants, and each and every other person or entity acting on its behalf or at its direction.

3.     The terms "Litigation" and "Complaint" shall mean the action filed by Plaintiff Allyson Chagas on March 28, 2019 that is currently pending in, the United States Central District of California titled *Allyson Chagas v. United Airlines, Inc.*, Civil Action No. 2:19-cv-03860 (formerly filed in the Los Angeles Superior Court, case number 19STCV10797).

4.     As used herein, "RELATE TO," "relating to," "regarding," or "evidence" means refers to, reflects upon, or is in any way logically or factually connected with the matters discussed, including information or DOCUMENTS that support or is contrary to a particular contention.

5.     The term "HEALTH CARE PROVIDER" includes any doctor, hospital, clinic, clinician, physician assistant, nurse, nurse practitioner, chiropractor, acupuncturist, herbalist, social workers, counselor, psychologist, mental health professional, pharmacy, or other health or medical facility.

6.     "EEOC Charge" shall mean any charges you have filed RELATED to Plaintiff Allyson Chagas' employment with United Airlines, Inc. with the Equal Employment Opportunity Commission, including but not limited to the charge filed on or about February 4, 2019 on behalf of Plaintiff Allyson Chagas, Charge No. 480-

2

**DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET ONE**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2019-00958.

7.     The terms "COMMUNICATION" and "COMMUNICATIONS" mean any contact between two or more persons, companies or other entities. COMMUNICATIONS include, without limitation, written contact by such means as letters, memoranda, e-mails, text messages, instant messages, online chats (WhatsApp, Snap Chat, Facebook Messenger, and the like), and other electronic communications (including, without limitation, blog entries, Facebook, LinkedIn, Instagram, Twitter postings and the like), or by any other DOCUMENTS. COMMUNICATIONS also include oral contact including, without limitation, face-to-face meetings, telephone conversations, audio recordings, or other oral contact.

8.     The term "HOTEL" shall mean the Copthorne Tara Hotel in London.

9.     The term "IDENTIFY," when used with reference to a natural person, means state with particularity and include (in addition to any other information specifically requested):

    a.  the person's full name;

    b.  the person's current or last known business and residential address(es); and

    c.  the person's current or last known place of employment and position(s) or job title(s).

10.    The term "IDENTIFY," when used to when used with reference to a DOCUMENT, means to state with particularity and set forth the following:

    a.  the type of DOCUMENT (e.g., letter, voucher, memorandum, etc.);

    b.  a general description of the DOCUMENT, including, but not limited to, a description of its subject and contents;

    c.  if the DOCUMENT has a title, the title;

    d.  the date of the DOCUMENT;

    e.  the author or originator of the DOCUMENT in conformance with the instructions for the identification of a natural person or any other person

3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

not a natural person;

    f.  each addressee and recipient of the DOCUMENT, or any copy thereof;

    g.  the present location of the DOCUMENT and identity of the person who currently possesses or has custody or control of the DOCUMENT;

    h.  the number of pages of the DOCUMENT; and

    i.  the Bates number of the DOCUMENT if the DOCUMENT already has been produced in this LITIGATION or is being produced herewith.

11.    The term "IDENTIFY," when used in reference to activities or events, means that YOU:

    a.  specify the nature and date of each activity or event;

    b.  IDENTIFY each person who was involved in, participated in, conducted, or was the subject of each activity or event; and

    c.  IDENTIFY all DOCUMENTS relating to such activity or event.

12.    The term "DOCUMENT(S)" as defined is used in the broadest possible sense to mean, without limitation, any original written, printed, typed, photostated, photographed, recorded, digitized or otherwise reproduced or stored communication or representation, whether comprised of letters, words numbers, data, pictures, sounds or symbols, or any combination thereof. This definition includes copies or duplicates or documents contemporaneously or subsequently created which have any non-conforming notes or other markings made on or attached to such copy, or otherwise. Without limiting the generality of the foregoing, "DOCUMENT(S)" includes, but is not limited to, time records, time sheets, time logs, diaries, journals, calendars, appointment books, punch cards, work papers, correspondence, memoranda, notes, drafts, records, letters, envelopes, telegrams, teletype or telecopy messages, analyses, contracts, agreements, summaries, statistical statements, accounts, financial statements, journals, ledgers, invoices, statements of account, checks receipts, reports and/or summaries of investigations, tables, tabulations, trade letters, press releases, plans, schedules, comparisons, books, telephone logs and messages, articles,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

4

magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, transcripts of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail messages, questionnaires, surveys, charts, graphs, including without limitation, electronically sensitive storage media such as microfiche, microfilm, diskettes, computer disks, removable media and magnetic types, including any deleted files and any archived files, and any preliminary versions, drafts, or revisions of the foregoing. "DOCUMENT(S)" also includes the file, folder, tabs and labels appended to or containing any document.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all persons to whom YOU disclosed YOUR allegations as alleged in the Litigation RELATED TO the HOTEL.

**INTERROGATORY NO. 2:**

IDENTIFY all persons to whom YOU disclosed YOUR allegations of discrimination by United, as alleged in the EEOC Charge.

**INTERROGATORY NO. 3:**

IDENTIFY all persons at United who discriminated against YOU because of YOUR race and/or national origin.

**INTERROGATORY NO. 4:**

IDENTIFY all persons at United who retaliated against YOU as alleged in the COMPLAINT.

**INTERROGATORY NO. 5:**

IDENTIFY all persons to whom YOU disclosed YOUR allegations of retaliation by United, as alleged in the COMPLAINT.

**INTERROGATORY NO. 6:**

IDENTIFY all HEALTH CARE PROVIDERS YOU have consulted with because of any wrongful conduct alleged in YOUR Complaint and/or EEOC Charge.

5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**INTERROGATORY NO. 7:**

State in detail all statements YOU contend were made by anyone that amount to defamation, as alleged in the COMPLAINT.

**INTERROGATORY NO. 8:**

As to each statement identified in response to Interrogatory 7, state in detail all basis for your belief that the statements were published.

**INTERROGATORY NO. 9:**

As to each statement identified in response to Interrogatory 7, IDENTIFY all people whom you allege caused the statement to be published and the date of the publication.

**INTERROGATORY NO. 10:**

As to each statement identified in response to Interrogatory 7, IDENTIFY all people whom you allege received the publication and the date that that the people received the publication.

**INTERROGATORY NO. 11:**

IDENTIFY all provisions of any United policy that YOU contend were not properly applied to YOU by United.

**INTERROGATORY NO. 12:**

State the name, address, and phone number for each entity YOU have worked for since June 19, 2018 (whether as an employee or independent contractor).

**INTERROGATORY NO. 13:**

IDENTIFY the type, amount, source, and date you received all wages, monies, or benefits YOU received from any third party (including but not limited to each of YOUR employers, any insurer, or government entity) since June 19, 2018.

**INTERROGATORY NO. 14:**

IDENTIFY all third parties that YOU have attempted to obtain employment (whether as an employee or independent contractor) with since June 19, 2018.

**DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET ONE**

**INTERROGATORY NO. 15:**

For each third party identified in the preceding Interrogatory, state in detail what actions YOU have taken to obtain employment with the third party (whether as an employee or independent contractor).

DATED:  August 20, 2019                    REED SMITH LLP


                                   By: /s/ Michele Haydel Gehrke
                                       Michele Haydel Gehrke
                                       Fatemeh S. Mashouf
                                       Attorneys for Defendant
                                       United Airlines, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET ONE**

**REED SMITH LLP**
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

*Allyson Chagas v. United Airlines, Inc., et al.*
*USDC - CACD; Case No.: 2:19-cv-03860*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. On August 20, 2019, I served the following document(s) by the method indicated below:

**DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET ONE**

| | |
|---|---|
| ☐ | BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cand.uscourts.gov |
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. (See attached Service List) I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. |
| ☒ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly. |

| | |
|---|---|
| Martin I. Aarons, Esq.<br>Shannon H.P. Ward, Esq.<br>The Aarons Law Firm<br>16000 Ventura Blvd., Suite 850<br>Encino, A 91436 | ***Attorney for Plaintiff***<br>***Allyson Chagas***<br>T: 818-794-9250<br>F: 818-302-2072<br>maarons@aaronslawfirm.com<br>shannon@aaronslawfirm.com |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on August 20, 2019, at Los Angeles, California.

Charlyn Jones

8

EXHIBIT E

EXHIBIT E

Michele Haydel Gehrke (215647)
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Fatemeh S. Mashouf (288667)
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
United Airlines, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>          PLAINTIFF,<br><br>     VS.<br><br>UNITED AIRLINES, INC., AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>          DEFENDANT. | Case. No.: 2:19-cv-03860<br><br>**DEFENDANT UNITED AIRLINES, INC.'S INTERROGATORIES TO PLAINTIFF ALLYSON CHAGAS, SET TWO**<br><br>Courtroom: 10B<br>Judge: Honorable John A. Kronstadt<br>Complaint Filed: March 28, 2019 |

PROPOUNDING PARTY:      UNITED AIRLINES, INC.

RESPONDING PARTY:      ALLYSON CHAGAS

SET NO.                          TWO (2)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET TWO

Pursuant to Federal Rule of Civil Procedure 33, Defendant United Airlines, Inc. ("United" or "Defendant"), requests Plaintiff Allyson Chagas ("Plaintiff") respond fully and completely to the following interrogatories, under oath, within 30 days.

## DEFINITIONS

1.     The terms "YOU" and "YOUR" means Plaintiff Allyson Chagas and his agents, servants, employees, representatives, attorneys, accountants, and each and every other person or entity acting on his behalf or at his direction.

2.     The term "United" means Defendant United Airlines Inc., and its agents, servants, employees, representatives, attorneys, accountants, and each and every other person or entity acting on its behalf or at its direction.

3.     The terms "Litigation" and "Complaint" shall mean the action filed by Plaintiff Allyson Chagas on March 28, 2019 that is currently pending in, the United States Central District of California titled *Allyson Chagas v. United Airlines, Inc.*, Civil Action No. 2:19-cv-03860 (formerly filed in the Los Angeles Superior Court, case number 19STCV10797).

4.     As used herein, "RELATE TO," "relating to," "regarding," or "evidence" means refers to, reflects upon, or is in any way logically or factually connected with the matters discussed, including information or DOCUMENTS that support or is contrary to a particular contention.

5.     The term "HEALTH CARE PROVIDER" includes any doctor, hospital, clinic, clinician, physician assistant, nurse, nurse practitioner, chiropractor, acupuncturist, herbalist, social workers, counselor, psychologist, mental health professional, pharmacy, or other health or medical facility.

6.     "EEOC Charge" shall mean any charges you have filed RELATED to Plaintiff Allyson Chagas' employment with United Airlines, Inc. with the Equal Employment Opportunity Commission, including but not limited to the charge filed on or about February 4, 2019 on behalf of Plaintiff Allyson Chagas, Charge No. 480-

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2019-00958.

7.     The terms "COMMUNICATION" and "COMMUNICATIONS" mean any contact between two or more persons, companies or other entities. COMMUNICATIONS include, without limitation, written contact by such means as letters, memoranda, e-mails, text messages, instant messages, online chats (WhatsApp, Snap Chat, Facebook Messenger, and the like), and other electronic communications (including, without limitation, blog entries, Facebook, LinkedIn, Instagram, Twitter postings and the like), or by any other DOCUMENTS. COMMUNICATIONS also include oral contact including, without limitation, face-to-face meetings, telephone conversations, audio recordings, or other oral contact.

8.     The term "HOTEL" shall mean the Copthorne Tara Hotel in London.

9.     The term "IDENTIFY," when used with reference to a natural person, means state with particularity and include (in addition to any other information specifically requested):

    a.  the person's full name;

    b.  the person's current or last known residential address(es);

    c.  the person's current or last known **phone number**(s); and

    d.  the person's current or last known place of employment and position(s) or job title(s).

## **INTERROGATORIES**

**INTERROGATORY NO. 16:**

IDENTIFY each individual YOU believe to have knowledge of any facts underlying YOUR claims of emotional distress, including any individual identified during your deposition on October 29, 2019 of having such information including, but not limited to, Josh Chapman, Todd Broihan (spelling unknown), Natalie Gonzales, Andreza Kohl, YOUR sibling(s), and YOUR mother.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

3

**INTERROGATORY NO. 17:**

IDENTIFY each individual YOU believe to have knowledge of any facts regarding YOUR mental health and/or symptoms of emotional distress since March 1, 2018 including, but not limited to, Josh Chapman, Todd Broihan (spelling unknown), Natalie Gonzales, Andreza Kohl, YOUR sibling(s), and YOUR mother.

**INTERROGATORY NO. 18:**

For each individual identified in response to Interrogatories 16-17, state in detail all facts YOU believe each individual is in possession of regarding YOUR emotional distress, including when and how YOU believe the individual became in possession of those facts.

DATED:  November 8, 2019                    REED SMITH LLP


                                By: */s/ Fatemeh S. Mashouf*
                                    Michele Haydel Gehrke
                                    Fatemeh S. Mashouf
                                    Attorneys for Defendant
                                    United Airlines, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET TWO**

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071.

On November 8, 2019, I served the following document(s) by the method indicated below:

## DEFENDANT UNITED AIRLINES, INC.'S INTERROGATORIES TO PLAINTIFF ALLYSON CHAGAS, SET TWO

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Martin Isaac Aarons<br>Shannon Helene-Pagel Ward<br>AARONS LAW FIRM APC<br>16000 Ventura Blvd., Suite 850<br>Encino, CA 91436<br>Telephone: 818.794.9250<br>Facsimile: 818.302.2072<br>maarons@aaronslawfirm.com<br>shannon@aaronslawfirm.com | *Attorneys for Plaintiff*<br>*Allyson Chagas* |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on November 8, 2019 at Los Angeles, California.

Charlyn Jones

**DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET TWO**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT F

EXHIBIT F

Michele Haydel Gehrke (215647)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269
Email: mgehrke@reedsmith.com

Fatemeh S. Mashouf (288667)
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email: fmashouf@reedsmith.com

Attorneys for Defendant
UNITED AIRLINES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>PLAINTIFF,<br><br>VS.<br><br>UNITED AIRLINES, INC., AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>DEFENDANT. | Case. No.: 2:19-cv-03860<br><br>**DEFENDANT UNITED AIRLINES, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ALLYSON CHAGAS**<br><br>Courtroom: 10B<br>Judge: Honorable John A. Kronstadt<br>Complaint Filed: March 28, 2019 |

PROPOUNDING PARTY:     UNITED AIRLINES, INC.

RESPONDING PARTY:      ALLYSON CHAGAS

SET NO.                ONE (1)

1

DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to the Federal Rules of Civil Procedure, Defendant United Airlines, Inc. ("Defendant" or "United") serves its First Set of Requests for Production of Documents to Plaintiff Allyson Chagas ("Plaintiff" or "Chagas"), and requests that Plaintiff serve answers within thirty (30) days of receipt.

## GENERAL INSTRUCTIONS AND DEFINITIONS

1.     The following requests for production are addressed to Plaintiff.  If the requested documents are known by Plaintiff to exist but are not in the possession, custody or control of Plaintiff, his agents or any of them, it is requested that Plaintiff so indicate or produce such documents that show the name of the person or entity in whose possession, custody and/or control such documents are.

2.     "Person" shall mean and include means any natural person, individual, partnership, firm, corporation, governmental office or agency or any kind of business, governmental or legal entity, its agents, representatives or employees.

3.     The term "DOCUMENT" is used herein with its customary broad meaning and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, and/or produced by hand or electronically, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, correspondence, communications of any nature, telegrams, telephone text messages, SMS messages, memoranda, notebooks of any kind, summaries or records of personal conversations, diaries, routing slips, reports, publications, photographs, audiotapes, DVDs, CDs, electronic files, computer disks, computer records, e-mails, charts, minutes or records of meetings, transcripts of oral testimony or statements, reports and/or summaries of interviews, reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations, court papers, brochures, pamphlets, press releases, drafts of, revisions of,  translations of any DOCUMENT, tape recordings, records and dictation belts and/or any other records, communications, or compilations whether in paper, electronic, or other form, which are

2

in Plaintiff's possession, custody, or control, or in the custody and control of Plaintiff's representatives, agents, attorney or accountant, wherever located, however produced or reproduced, including any identical or non-identical copy and whether a draft or final version. Any DOCUMENT with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate DOCUMENT for purposes of this request.

4.     As used herein, "RELATE TO," "RELATE," "relating to," "regarding," or "evidence" means refers to, reflects upon, or is in any way logically or factually connected with the matters discussed, including information or DOCUMENTS that support or is contrary to a particular contention.

5.     The term "HEALTH CARE PROVIDER" includes any doctor, hospital, clinic, clinician, physician assistant, nurse, nurse practitioner, chiropractor, acupuncturist, herbalist, social workers, counselor, psychologist, mental health professional, pharmacy, or other health or medical facility.

6.     "YOU," "YOURS," "Plaintiff," "Allyson Chagas," and "Chagas" shall mean Plaintiff Allyson Chagas and all persons acting on his behalf or pursuant to his direction or request.

7.     "Defendant," "United Airlines, Inc." and "United Airlines" shall mean and refer to Defendant United Airlines, Inc.

8.     "Complaint" shall mean the Complaint filed by Plaintiff Allyson Chagas on March 28, 2019 that is currently pending in, the United States Central District of California titled *Allyson Chagas v. United Airlines, Inc.*, Civil Action No. 2:19-cv-03860 (formerly filed in the Los Angeles Superior Court, case number 19STCV10797).

9.     "Lawsuit," "this lawsuit" or "this case" shall mean Civil Action 2:19-cv-03860, *Allyson Chagas v. United Airlines, Inc.*, in the United States District Court for the Central District of California.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

10.    "EEOC Charge" shall mean any charges you have filed RELATED to Plaintiff Allyson Chagas' employment with United Airlines, Inc. with the Equal Employment Opportunity Commission, including but not limited to the charge filed on or about February 4, 2019 on behalf of Plaintiff Allyson Chagas, Charge No. 480-2019-00958.

11.    The terms "COMMUNICATION" and "COMMUNICATIONS" mean any contact between two or more persons, companies or other entities. COMMUNICATIONS include, without limitation, written contact by such means as letters, memoranda, e-mails, text messages, instant messages, online chats (WhatsApp, Snap Chat, Facebook Messenger, and the like), and other electronic communications (including, without limitation, blog entries, Facebook, LinkedIn, Instagram, Twitter postings and the like), or by any other DOCUMENTS. COMMUNICATIONS also include oral contact including, without limitation, face-to-face meetings, telephone conversations, audio recordings, or other oral contact.

12.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

13.    The use of the singular form of any word includes the plural or vice versa.

14.    "Photograph" shall mean any picture whether taken by digital camera, camera phone (cellular telephone with camera capabilities) or other recording device.

15.    The word "recording" as used herein, shall include all photographs, videotapes, audiotapes, CDs or DVDs, whether made or taken by YOU or others, including all hard copy transcriptions thereof, which are in YOUR possession, custody or control or in the possession, custody or control of YOUR agent, representative or attorneys.

16.    If any DOCUMENTS falling within any description contained in any of the following requests is withheld under claim of privilege, Plaintiff shall serve upon the undersigned attorneys for Defendants a written list of documents, including the

4

following information as to each such item: (1) its date; (2) the names(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such DOCUMENT is considered to be privileged from production.

17.    If any DOCUMENTS responsive to any request have been lost, mutilated or destroyed, so state and identify each such DOCUMENT, and state to which request(s) the DOCUMENT would have been responsive.

18.    If there are no DOCUMENTS in Plaintiff's possession, custody or control which are responsive to a particular request, so state and identify such request.

19.    When referring to a DOCUMENT, "identify" means that Plaintiff shall set forth the general nature of the DOCUMENT, the author or the originator and the date of its preparation or execution, each addressee, all individuals designated on the DOCUMENT to receive a copy or otherwise hereto have received a copy, date, title and general subject matter, the present custodian of each copy thereof and last known address of each such custodian.  If such DOCUMENTS were, but are no longer in YOUR possession, custody or control, state the disposition which was made of them, the reason for such disposition, and the date thereof.

20.    These requests shall be deemed continuing in nature and shall apply to any amended pleadings filed by Plaintiff. Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiff is under a continuing duty to timely supplement her responses.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All DOCUMENTS referred to in YOUR Complaint.

**REQUEST NO. 2:**

All DOCUMENTS which reflect communications between YOU and any person

5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 or entity regarding any of the allegations in YOUR Complaint, including, but not limited
2 to, all DOCUMENTS which reflect COMMUNICATIONS between YOU and any
3 current or former employee, agent, or representative of Defendant.

4 **REQUEST NO. 3:**

5     All witness statements obtained by YOU, or any person acting on YOUR behalf,
6 regarding, pertaining or relating to any of the allegations in YOUR Complaint.

7 **REQUEST NO. 4:**

8     All DOCUMENTS YOU, or anyone acting on YOUR behalf, has submitted to
9 or received by any governmental agency, including but not limited to, the Equal
10 Employment Opportunity Commission or the Department of Fair Employment and
11 Housing, regarding YOUR employment with Defendant.

12 **REQUEST NO. 5:**

13     All DOCUMENTS referred to or relied upon by YOU in preparation of YOUR
14 responses to Defendant's First Interrogatory Requests.

15 **REQUEST NO. 6:**

16     All DOCUMENTS or COMMUNICATIONS that YOU allege were defamatory
17 as alleged in the COMPLAINT.

18 **REQUEST NO. 7:**

19     All DOCUMENTS which support, RELATE or pertain to YOUR contention that
20 YOU were wrongfully terminated as alleged in YOUR Complaint.

21 **REQUEST NO. 8:**

22     All DOCUMENTS which support, RELATE or pertain to YOUR contention that
23 YOU were subjected to defamation as alleged in YOUR Complaint.

24 **REQUEST NO. 9:**

25     All DOCUMENTS which support, RELATE or pertain to YOUR contention that
26 YOU were subjected to retaliation as alleged in YOUR Complaint.

27 **REQUEST NO. 10:**

28     All DOCUMENTS that RELATE TO, reflect, or concern any and all actions

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  which YOU contend constitute unlawful conduct, as alleged in YOUR Complaint.

2  **REQUEST NO. 11:**

3      All DOCUMENTS which support, RELATE or pertain to YOUR contention that
4  YOU were subjected to discrimination as alleged in YOUR EEOC Charge.

5  **REQUEST NO. 12:**

6      All DOCUMENTS which support, RELATE or pertain to YOUR contention that
7  YOU were subjected to disparate treatment as alleged in YOUR EEOC Charge.

8  **REQUEST NO. 13:**

9      All DOCUMENTS which support, RELATE or pertain to any factual contentions
10  asserted in YOUR EEOC Charge.

11  **REQUEST NO. 14:**

12      All DOCUMENTS which support, RELATE or pertain to any legal contentions
13  asserted in YOUR EEOC Charge.

14  **REQUEST NO. 15:**

15      All DOCUMENTS that RELATE TO, reflect, or concern any and all actions
16  which YOU contend constitute a reporting of safety concerns which YOU participated
17  in, as alleged in YOUR Complaint.

18  **REQUEST NO. 16:**

19      All DOCUMENTS that RELATE TO, reflect, or concern any and all actions
20  which YOU contend constitute protected activity which YOU participated in, as alleged
21  in YOUR Complaint.

22  **REQUEST NO. 17:**

23      All DOCUMENTS which support, RELATE or pertain to personal safety at the
24  Copthorne Tara Hotel in London, including but not limited to claims that there have
25  been robberies or incidents of theft at the Copthorne Tara Hotel.

26  **REQUEST NO. 18:**

27      All DOCUMENTS which support, RELATE or pertain to events involving YOU
28  or that YOU allege took place at the Copthorne Tara Hotel in London on May 25, 2018.

7

**REQUEST NO. 19:**

All DOCUMENTS which support, RELATE or pertain to all instances in which YOU have visited the Copthorne Tara Hotel in London.

**REQUEST NO. 20:**

All DOCUMENTS which support, RELATE or pertain to all instances in which YOU have COMMUNICATED with any employee or agent of the Copthorne Tara Hotel in London.

**REQUEST NO. 21:**

All DOCUMENTS which RELATE TO all non-privileged COMMUNICATIONS YOU have had with anyone RELATED to the Copthorne Tara Hotel in London.

**REQUEST NO. 22:**

All diaries, calendars, day planners, personal notes, timesheets, time records, or other records of activity prepared by or for YOU from May 25, 2018 to the present.

**REQUEST NO. 23:**

All DOCUMENTS, including but not limited to handwritten notes, message slips, e-mails, telephone text messages, SMS messages, journal entries, summaries, memoranda, facsimiles, audio or video recordings or other records or correspondence, relating to or reflecting any conversation or communication between YOU and any past or present agent, employee, or representative of Defendant regarding any allegation or claim in this lawsuit, from 2017 to present.

**REQUEST NO. 24:**

All DOCUMENTS that RELATE TO witness statements in YOUR possession, custody or control that contradict, support, RELATE or pertain to any of the allegations in YOUR Complaint.

**REQUEST NO. 25:**

All DOCUMENTS that RELATE TO any facts YOU believe or contend refute or contradict any of Defendant's defenses.

8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**REQUEST NO. 26:**

All DOCUMENTS that RELATE TO any alleged complaints YOU made to any United employee, supervisor, or department during YOUR employment with United RELATED TO employee safety.

**REQUEST NO. 27:**

All DOCUMENTS that RELATE TO any alleged complaints YOU made to any United employee, supervisor, or department during YOUR employment with United RELATED TO hotel accommodations.

**REQUEST NO. 28:**

All DOCUMENTS that RELATE TO any alleged complaints YOU made to any United employee, supervisor, or department during YOUR employment with United RELATED TO discrimination.

**REQUEST NO. 29:**

All DOCUMENTS that RELATE TO any alleged complaints YOU made to any United employee, supervisor, or department during YOUR employment with United RELATED TO defamation.

**REQUEST NO. 30:**

All DOCUMENTS that RELATE TO any alleged complaints YOU made to any United employee, supervisor, or department during YOUR employment with United RELATED TO Retaliation.

**REQUEST NO. 31:**

All DOCUMENTS relating to any grievance YOU filed concerning the allegations in YOUR lawsuit.

**REQUEST NO. 32:**

All medical records and bills for all doctors, physicians, psychologists, therapists, and counselors with whom YOU have consulted because of any of the wrongful conduct alleged in YOUR Complaint and/or EEOC Charge, including all HEALTH CARE PROVIDERS.

9

**REQUEST NO. 33:**

All DOCUMENTS RELATED TO or evidencing any damages YOU are seeking in this lawsuit.

**REQUEST NO. 34:**

All DOCUMENTS that RELATE or pertain to YOUR attempts, if any, to mitigate YOUR alleged damages.

**REQUEST NO. 35:**

All DOCUMENTS that RELATE or pertain to YOUR attempts, if any, to obtain employment since YOUR termination of employment with DEFENDANT.

**REQUEST NO. 36:**

All DOCUMENTS that support, RELATE or pertain to YOUR claim that YOU are entitled to punitive damages in this action.

**REQUEST NO. 37:**

All DOCUMENTS reflecting the amount of compensation YOU have earned following the termination of YOUR employment with DEFENDANT, including compensation received from any employers (whether as an employee or independent contractor), insurers, or government entities.

**REQUEST NO. 38:**

All DOCUMENTS reflecting the benefits YOU have earned following the termination of YOUR employment with DEFENDANT, including benefits received from any employers (whether as an employee or independent contractor), insurers, or government entities.

**REQUEST NO. 39:**

All COMMUNICATIONS and DOCUMENTS, including text messages, social media messages, social media posts (including but not limited to Facebook, Instagram, Twitter, etc.), that YOU sent or received which RELATE or pertain to YOUR employment with Defendant since May 25, 2018.

DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   **REQUEST NO. 40:**

2       All COMMUNICATIONS and DOCUMENTS, including text messages, social

3   media messages, social media posts (including but not limited to Facebook, Instagram,

4   Twitter, etc.), that YOU sent or received which RELATE or pertain to the Copthorne

5   Tara Hotel in London.

6   **REQUEST NO. 41:**

7       The entirety of the contents of voice messages sent between YOU and anyone

8   which support, RELATE or pertain to any facts asserted in YOUR COMPLAINT,

9   including but not limited to messages YOU sent by SMS in the document bates

10  marked as Chagas 0018-19.

11  **REQUEST NO. 42:**

12      All DOCUMENTS referred to or relied upon by YOU in the preparation of

13  YOUR responses to United's interrogatories.

14

15  DATED:  August ___, 2019          REED SMITH LLP

16

17                                     By:*/s/ Michele Haydel Gehrke*
                                          Michele Haydel Gehrke
18                                        Fatemeh S. Mashouf
                                          Attorneys for Defendant
19                                        UNITED AIRLINES, INC.

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

11

**PROOF OF SERVICE**

*Allyson Chagas v. United Airlines, Inc., et al.*
*USDC - CACD; Case No.:  2:19-cv-03860*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071.  On August 20, 2019, I served the following document(s) by the method indicated below:

**DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

|   |   |
|---|---|
| ☐ | BY CM/ECF ELECTRONIC DELIVERY:  In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cand.uscourts.gov |
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  (See attached Service List)  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. |
| ☒ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly. |

| | |
|---|---|
| Martin I. Aarons, Esq.<br>Shannon H.P. Ward, Esq.<br>The Aarons Law Firm<br>16000 Ventura Blvd., Suite 850<br>Encino, CA 91436 | *Attorney for Plaintiff*<br>*Allyson Chagas*<br><br>T: 818-794-9250<br>F: 818-302-2072<br>maarons@aaronslawfirm.com<br><br>shannon@aaronslawfirm.com |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on August 20, 2019, at Los Angeles, California.

Charlyn Jones

DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware