Martin I. Aarons, Esq. (SBN 233879)
Shannon H.P. Ward, Esq. (SBN 308280)
THE AARONS LAW FIRM
A Professional Corporation
16000 Ventura Boulevard, Suite 850
Encino, California 91436
Telephone:   (818) 794-9250
Facsimile:    (818) 302-2072
martin@aaronslawfirm.com
shannon@aaronslawfirm.com

Attorneys for Plaintiff Allyson Chagas

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive<br><br>        Defendant. | **CASE NO. 2:19-CV-03860**<br>[*Assigned for all purposes to the Honorable Judge John A. Kronstadt, Dept. 10B*]<br><br>**Supplemental Statement regarding Defendant's Motions to Compel**<br><br>Hearing Date:    March 10, 2020<br>Complaint Filed:  March 28, 2019<br>Trial Date:       Not yet set |

**TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

Pursuant to Local Rule 37, Plaintiff submits the following Supplemental Statement regarding Defendants Motions to Compel as follows:

- 1 -

The purpose to the rules requiring meet and confer efforts is so Parties can find a way to an agreement and discovery motions can be avoided.  For Parties to find compromise(s).  Yet, here, when compromise was offered, or reached, Defendant still raced off to Court filing 4 motions to compel (a second deposition of 11+ hours, medical records, interrogatory, and document responses) in one long motion and seeking sanctions.  More, as set out in the joint statement, many of the issues were NEVER addressed in meet and confer efforts before filing the motion.  This is improper.

## 1. <u>Second Session of Plaintiff's Deposition</u>

Plaintiff's counsel has consistently offered Mr. Chagas to come back for another hour or two of deposition, but Defendant refuses.  Defendants position, consistent throughout, has been a "my way or the highway" scorched earth approach.  Defendant will not be satisfied unless Plaintiff capitulates to an unlimited second 7-hour deposition to go over everything they already covered again, plus another 4+ hours to watch the video.  Ostensibly, so they can ask about the same issues to create inconsistencies and continue to call Mr. Chagas a liar.

In at least three other depositions in this case, Plaintiff's counsel has used the video and displayed it to different witnesses, each time queuing/setting it up and asking specific questions.  Each time it has taken about 30 minutes or so.  Plaintiff answered interrogatory set three identifying the places in the video at issue.  As part of Mr. Chagas' grievance appeal of his termination, his union representative wrote a letter to United also identifying the exact spot in the video that is at issue.  There is no need to watch 4 hours off the record and then spend 7 hours answering questions.  Any additional documents (Plaintiff produced 35 additional pages of documents as part of the meet and confer compromises) can also be covered during those one to two (1-2) hours.  As we have offered from the get go, Plaintiff is more than willing to sit for another hour or two so Defendant can ask questions about the video and cover areas **not** already covered and the

Supplemental Statement regarding Defendants Motions to Compel

approximately 35 pages of documents that were produced by Plaintiff as part of his supplemental production.

## 2. **Medical Records**

First, Defendant has received the redacted records it requested and agreed to receive. Document demand number 32 asked for those records related to treatment caused by United's conduct. The redacted records given to United following our first look agreement, has these records. The redacted information has NOTHING to do with wrongful conduct by United.

Second, the release Mr. Chagas signed as part of the compromise for the first look agreement also was for those records related to claims arising out of his employment. Again, Defendant has these records.

Defendant is asking for documents beyond the scope of what it requested and agreed to in demand number 32 and as part of the first look agreement. This cannot be disputed.

It appears, Defendant is truly upset that Mr. Garren did not show for his deposition or produce more records. (They have since filed a motion to compel against him). This is entirely out of Plaintiff's control. We do not control him or know what additional records, if any, he has. We have produced what was provided to us.

Lastly, the parties agreed to conduct a meet and confer following the production of the redacted records to discuss the redactions. Then, if necessary, the Parties would go to the Court to address this issue. In other words, to comply with the protective order. This was not done. Instead, Defendant raced off to Court just a few short days later requesting the Court to give them more documents than they asked for, or are entitled to. The redactions contain privileged information of Mr. Chagas' medical records. The Court should honor his medical privilege and privacy and not allow Defendant to go digging through the records.

Supplemental Statement regarding Defendants Motions to Compel

### 3. **Interrogatory Responses**

Defendant has not been denied discovery or information from the interrogatories to defend the case. As explained in the Joint Statement, the questions at issue mostly pertain to Defendant seeking the identities of witnesses who had information about the events at the hotel, who retaliated against plaintiff, who his health care providers are that treated him related to his claims in this case, and his mitigation of damages. When Defendant asked for supplemental responses, following a meet and confer efforts, the information was given.

Defendant has been provided with all this information and more. Plaintiff has identified the doctors he treated with related to his claims. Defendant sought out and "unearthed" a different doctor, but that doesn't mean it is someone that Plaintiff consulted regarding his claims in this case. He identified all the places he applied and sought employment as well as produced documents from these entities, emails, etc.

As set out in the joint statement, Defendant's main issue was they wanted the contact information. Thus, it was agreed that Plaintiff would produce the contact information Mr. Chagas had of those non-United employees (they have their own employees contact information). This is what was done. Phone numbers for all these persons was provided. More, counsel for Plaintiff offered to help coordinate depositions of anyone they wanted to depose. Defendant NEVER took us up on this offer. Phone numbers promised were delivered. Supplemental responses promised were provided. Simply because Defendant does not like a response does not make it non-responsive or requiring a motion to compel. The responses are compliant and what was agreed upon.

### 4. **Documents Defendant Claims it doesn't have**

Defendant bullet pointed out the documents it says it doesn't have. However, this is not true. Plaintiff has produced:

A) the phone records from the time period at issue (Chagas 14-15) ,

B) text messages from the time at issue (Chagas 16-19 and 107-110),

C) emails (Chagas 91-102 and 111-125),

D) social media (the Facebook voice messages were played at deposition and on the CD Chagas 126)

E) Department of Labor Complaint,

F) Photos/Audio (produced on CD labeled Chagas 126), and

G) medical records (Plaintiff did produce redacted records of communications about the allegations in the complaint per agreement of the parties).

Significantly, Mr. Chagas has produced what he has and has supplemented as required.  However, as always happens in discovery, at depositions, as a result of depositions, or just in the nature of discovery, additional documents get unearthed.

In fact, yesterday, at the depositions of Mr. Chagas' union representatives, an email between Mr. Chagas and his union representative was produced. However, also in those documents were **DOZENS** of pages of documents/emails **United** had **NOT** turned over, withheld, or hid.  Why did United not produce these before?  Or was it just that when dealing with documents and discovery more things get unearthed as the process moves along.  This is why there is a duty to supplement.  The documents we have responsive to the requests have been turned over.  This motion is nothing more than part of the scorched earth tactics being employed by Defendant in this case.


Dated: February 25, 2020                    THE AARONS LAW FIRM

                                            _____
                                                      /S/
                                            Martin I. Aarons
                                            Attorneys for Plaintiff

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action.  My business address is: 16000 Ventura Boulevard, Suite 850, Encino, CA 91436.

On **February 25, 2020,** I served the foregoing document titled: **Supplemental Statement regarding Defendants Motions to Compel,** upon the following parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| **Counsel for Defendants** | **Counsel for Defendants** |
|---|---|
| Michele Haydel Gehrke, Esq. | Fatemeh S. Mashouf, Esq. |
| REED SMITH, LLP | REED SMITH, LLP |
| 101 Second St., Suite 1800 | 355 South Grand Ave., Suite 2800 |
| San Francisco, CA 94105 | Los Angeles, CA 90071 |
| Tel: (415) 543-8700 | Tel: (213) 457-8000 |
| Fax: (415) 391-8269 | Fax: (213) 457-8080 |
| mgehrke@reedsmith.com | fmashouf@reedsmith.com |

[]     **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Encino, California.

[]     **BY PERSONAL SERVICE:** I caused the service of such document to be personally delivered to addressee(s).

[X]    **SERVICE BY ELECTRONICALLY FILED DOCUMENTS**. Pursuant to Local Rule *L.R. 5-3.3* upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the FRCP and Criminal Procedure for all attorneys who have consented to electronic service.

[**X**]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 25, 2020,** at Encino, California.

_____/s/_____
Martin I. Aarons

- 6 -

Supplemental Statement regarding Defendants Motions to Compel