Michele Haydel Gehrke (SBN 215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Fatemeh S. Mashouf (SBN 288667)
fmashouf@reedsmith.com
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant*
United Airlines, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>         Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>         Defendant. | Case. No.: 2:19-cv-03860<br><br>**NOTICE OF *EX PARTE* AND DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER**<br><br>[Filed Concurrently with MPA; Declaration of Fatemeh Mashouf; [Propose] Order]<br><br>[ASSIGNED TO HONORABLE JOHN A. KRONSTADT]<br><br>Hearing: No hearing required<br>Complaint Filed: March 28, 2019<br>Discovery Cut Off: March 2, 2020<br>Pretrial Conference and Trial Date: TBD |

- 1 -
**NOTICE OF *EX PARTE* AND DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER**

**TO THE HONORABLE COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant United Airlines, Inc. ("United" or "Defendant") hereby applies, *ex parte*, for an order modifying the scheduling order to extend United's non-expert discovery deadline, as necessary to allow it to conclude discovery arising out of information gathered by way of Defendant's pending Discovery Motion, Docket No. 27. Defendant further seeks a modification of the scheduling order to allow expert discovery to be conducted after the Magistrate Judge issues her order on the Discovery Motion and to allow Motions to be filed, as follows:

| | |
|---|---|
| Defendant's Non-Expert Discovery Cut-Off | May 4, 2020 |
| Initial Expert Disclosures | May 25, 2020 |
| Rebuttal Expert Disclosures | June 8, 2020 |
| Expert Discovery Cut-Off | June 15, 2020 |
| Last Day to file All Motions (including discovery motions) | June 15, 2020 |

United has made extraordinary efforts throughout this litigation to avoid Court intervention on discovery disputes, repeatedly meeting and conferring with Plaintiff who kept agreeing to comply with discovery, just to then delay, delay, delay and ultimately fail to provide what is promised. Plaintiff's strategy of false agreements and delay has forced United into the position of requiring *ex parte* relief in order to complete discovery which it has been denied, despite its diligence. Ultimately, as detailed in the Joint Stipulation Re Defendant's Motion to Compel Discovery Responses, Documents, Deposition, and Request for Sanctions, Docket No. 27, United has had no choice but to seek judicial intervention with a hearing date of March 10, 2020 ("Discovery Motion"). Indeed, it is Plaintiff's position that the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Discovery Motion is premature as there is much time left before the motion cut-off. United filed the Discovery Motion as soon as it became clear that Plaintiff's promises of compliance were nothing more than delay tactics. As explained in further detail in the Memorandum of Points and Authorities, the urgency for relief is the result of Plaintiff's strategic delays and Plaintiff should not be rewarded for his refusal to comply with the Federal Rules of Civil Procedure at every step.

United is seeking in the Discovery Motion both information previously withheld, as well as discovery arising out of such information, further responses, and further deposition testimony notwithstanding the discovery cut-off. While United understands that the Magistrate Judge has the authority to order Plaintiff to comply with discovery, in light of the March 2, 2020 discovery cut-off and in an abundance of caution given the high likelihood that the withheld information will require follow-up, United seeks an order enabling the Magistrate Judge to issue orders as necessary beyond the cut-off. Given that the Magistrate Judge's order on the Discovery Motion will decide the discoverability of Plaintiff's medical records and related information, ***the Parties have stipulated to delay depositions of Plaintiff's medical providers until after the Court has determined the scope of discovery regarding Plaintiff's medical information***. This agreement greatly benefits Plaintiff, despite Plaintiff having clearly waived any right to object or preclude discovery on his medical records. On the other hand, this agreement significantly prejudices United as it has to wait for discovery it is already entitled to, submit the Discovery Motion, and now this *Ex Parte* Application. Nevertheless, in an abundance of caution regarding Plaintiff's waived privacy rights, United hesitantly accommodated this request.  In turn, however, United also requires an extension of time on expert discovery and motions as it can hardly provide an expert disclosure without having medical records and depositions and the other delayed discovery.

- 3 -
**NOTICE OF *EX PARTE* AND DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER**

The challenge is that since Plaintiff has withheld the most basic discovery, United does not know what it does not know. United anticipates that upon the Magistrate Judge's ruling on the Discovery Motion, Plaintiff will be required to produce extensive information which should entitle United to conduct follow-up that naturally arises out of the withheld discovery.  Indeed, as detailed in the Memorandum of Points and Authorities, just the night before the filing of this *ex parte* application, United learned through its own efforts information that Plaintiff had intentionally withheld (and even redacted) despite it going to central issues of the case.  Declaration of Fatemeh Mashouf ISO *Ex Parte* Application ("Mashouf Decl."), ¶ 2-3.  Had Plaintiff not engaged in discovery misconduct over the last several months, United would have had the opportunity to conduct follow-up discovery far in advance of the cut-off.

In addition, United also filed an Application for Order to Show Cause re Contempt and Sanctions Against Edward Garren and Motion to Compel Compliance with FRCP 45(g) on February 25, 2020, seeking an order from the Court to require Plaintiff's therapist to comply with United's subpoena.  Docket No. 30.  As outlined in United's motion, Mr. Garren not only avoided service for weeks, but decided to ignore the subpoena, stating that he will not comply with the subpoena until and unless the Court order him to.

Any discovery extension should not be bilateral as United has spent the last several weeks responding to discovery and flying across the country in back to back depositions to allow Plaintiff to conduct each and every deposition he has sought, even agreeing to allow Plaintiff to conduct a further deposition after the cut-off to accommodate his counsel's jury duty conflict. United has complied with all of its discovery obligations and Plaintiff should not be rewarded by gaining a bilateral discovery extension due to his misconduct.  However, United agrees that the extension

- 4 -
**NOTICE OF *EX PARTE* AND DEFENDANT'S *EX PARTE* APPLICATION
FOR AN ORDER MODIFYING THE SCHEDULING ORDER**

of expert discovery and motion cut-off should be bilateral, even if doing so effectively rewards Plaintiff for his misconduct.

This Court has the discretion under Federal Rules of Civil Procedure Rule 16(b)(4) to modify its scheduling orders based on good cause. It is appropriate and just under the present circumstances for this Court to exercise that discretion and continue discovery deadlines and the Motion filing deadline to allow for appropriate discovery after the Magistrate Judge has heard the Motions pending before her.

This is the first time either Party is seeking *ex parte* relief. Plaintiff will not be prejudiced by the granting of this application as it is his own misconduct that necessitates the relief. On the other hand, United would be highly prejudiced if it were not permitted to obtain the discovery to which it is entitled. Therefore, good cause exists to modify the scheduling order.

This *ex parte* application is made following the conference of counsel pursuant to Local Rule 7-3 and 7-19 which took place in-person on February 27, 2020. Declaration of Fatemeh Mashouf ("Mashouf Decl.") ¶6. United informed Plaintiff that it will be seeking *ex parte* relief as necessary to enable the Magistrate Judge to provide full relief under the Discovery Motion. Plaintiff's counsel responded that he does not believe such an application is necessary as he believes the Magistrate Judge may order discovery regardless of the cut-off. Mashouf Decl. ¶7. However, given the Magistrate Judge's Minute Order, Docket No. 28, indicating that she cannot alter the District Judge's deadlines, United explained that it believes this application is required to ensure that the Magistrate Judge is empowered to issue full relief as she deems appropriate. Mashouf Decl. ¶7. Plaintiff's counsel responded that notwithstanding having not seen the *ex parte* application yet, **Plaintiff would not oppose the *ex parte* relief except to the extent it seeks relief beyond what is sought in the underlying Discovery Motion** and that he maintains his position as expressed in the Discovery Motion regarding United's right to the specific discovery sought. Mashouf Decl. ¶8.

- 5 -
**NOTICE OF *EX PARTE* AND DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER**

The Discovery Motion seeks "an order extending the current discovery cut-off of March 2, 2020 to May 4, 2020 for Defendant only to allow Defendant to conclude discovery arising out of information gathered by way of [the Discovery] Motion," and **United is seeking the same relief by way of this *Ex Parte* Application**. Thus, **United understands that this *Ex Parte* Application is not opposed**. Mashouf Decl. ¶9.

The following morning, Defense counsel telephoned Plaintiff's counsel to discuss the continuance of the expert deadlines and the motion filing deadline. Mashouf Decl. ¶10. After leaving a message and not getting a response, Defense counsel addressed the issue in person with him later in the day at a deposition. As part of the in-person discussion, Defense counsel emailed Plaintiff's counsel a copy of the proposed changes to the scheduling order. Plaintiff's counsel responded that he would need to get approval from his client and will respond on Monday whether he intends to oppose the *Ex Parte* Application. Mashouf Decl. ¶11, Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff has 24 hours from time of service to file an opposition. Per Local Rule 7-19, below are the names, addresses, telephone numbers, and email addresses of Plaintiff's counsel:

Martin Isaac Aarons
maarons@aaronslawfirm.com
Shannon Helene-Pagel Ward
shannon@aaronslawfirm.com
AARONS LAW FIRM APC
16000 Ventura Blvd., Suite 850 Encino, CA 91436
Telephone: 818.794.9250
Facsimile: 818.302.2072

This *Ex Parte* Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Fatemeh Mashouf, and the [Proposed] Order filed concurrently herewith, as well as the pleadings on file in this case, and any such evidence the Court may consider.

- 6 -
**NOTICE OF *EX PARTE* AND DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER**

Dated: February 28, 2020                REED SMITH LLP

/s/ *Fatemeh Mashouf*
Michele Haydel Gehrke
Fatemeh S. Mashouf
Attorneys for Defendant
UNITED AIRLINES, INC.

**NOTICE OF *EX PARTE AND* DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER**

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071.

On February 28, 2020, I served the following document(s) by the method indicated below:

**NOTICE OF *EX PARTE* AND DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. (See attached Service List) I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☑ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

Martin Isaac Aarons
Shannon Helene-Pagel Ward
AARONS LAW FIRM APC
16000 Ventura Blvd., Suite 850
Encino, CA 91436
Telephone: 818.794.9250
Facsimile: 818.302.2072
maarons@aaronslawfirm.com
shannon@aaronslawfirm.com

*Attorneys for Plaintiff*
*Allyson Chagas*

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on February 28, 2020, at Los Angeles, California.

Charlyn Jones

- 8 -