Martin I. Aarons, Esq. (SBN 233879)
Shannon H.P. Ward, Esq. (SBN 308280)
THE AARONS LAW FIRM
A Professional Corporation
16000 Ventura Boulevard, Suite 850
Encino, California 91436
Telephone:   (818) 794-9250
Facsimile:   (818) 302-2072
martin@aaronslawfirm.com
shannon@aaronslawfirm.com

Attorneys for Plaintiff Allyson Chagas

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>             Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and<br>DOES 1 through 10, inclusive<br><br>             Defendant. | CASE NO. 2:19-CV-03860<br>[*Assigned for all purposes to the Honorable Judge John A. Kronstadt, Dept. 10B*]<br><br>**Opposition to Defendant's Ex Parte Application to Re-Open Discovery Unilaterally**<br><br>Hearing Date:     March 10, 2020<br>Complaint Filed:  March 28, 2019<br>Trial Date:           Not yet set |

## I.    Introduction

Defendant is abusing the *ex parte* process.  Instead of filing a properly noticed motion, Defendant is seeking relief solely through an *ex parte* application.

When it raised the issue of this *ex parte* on February 28, 2020 it was **ONLY** because Defendant was not sure that if the Magistrate Judge granted portions of its

- 1 -

motion to compel if Plaintiff would have to actually do what is ordered by the Court because the hearing date was after the discovery cut off.  Plaintiff's counsel respond that of course we would have to comply, it wouldn't make any sense to allow discovery motions after the cut off if the Parties wouldn't have to comply with the Court's order.  Thus, it was/is Plaintiff's position that filing an *ex parte* was not appropriate on these grounds.  It was further communicated that if the Magistrate Judge orders further discovery, we would comply with the Court's orders and the Magistrate Judge is empowered to order specific discovery to be completed.  Defense counsel responded that though she agreed and understood this to be true, her client wanted them to file the *ex parte* anyways.

There was no reason to file this *ex parte*, especially with the motion cut off not for another six weeks.  This is a violation of due process, a rush to the Courthouse, and an abuse of the *ex parte* procedure.

Furthermore, this is nothing more than the seeking of an advisory opinion/ruling on its discovery motion set to be heard on March 10, 2020.  All the arguments made in this motion are a rehashing of the pending discovery motion.  I can hear it now, "the District Court Judge has already agreed with our position we made *ex parte* and so, Magistrate Judge, you should grant our Motion to Compel."

Rather than make the *ex parte* as explained, Defendant and its lawyers have engaged in extensive mudslinging, name calling, and threats that permeate its papers.  Defendant cast untruthful aspersions and misleads the Court by omitting all of its behavior and delay tactics.  This duplicitous behavior of Defense counsel and the unfounded name calling is entirely unprofessional.

Finally, there is no reason to continue the expert designation, discovery dates, or motion cut off dates.  As shown below, this is really just Defendant seeking the Court to fix its delays.  Defendant cannot show irreparable prejudice or that it was faultless in creating this perceived crisis – there is no crisis.  As such, this *ex parte* application must be denied.

## II.   **Factual Background**

Initial disclosures were done in mid July 2019.  Defendant took Mr. Chagas' full day 7+ hours of deposition on October 29, 2019.  Counsel for Plaintiff then, and ever since then, offered to have Mr. Chagas come back for one to two more hours so Defendant could ask him questions about a video.  Defendant refused.

The parties engaged in meet and confer, including an in-person meeting on January 3, 2020 (which Plaintiff's counsel returned early from vacation because Defendant refused to wait to the following Monday).  Thereafter, on January 17, 2020, Plaintiff provided the promised and agreed upon supplemental responses and documents.  That should have been the end of those issues.

More, the parties entered into a first look agreement with Defendant seeking medical records related **solely** to those harms caused by their conduct.  Dec. of Aarons; Exhibit A (see demand #32) and B (release).  Those records were produced.  That should have been the end of it.  However, Defendant demands more than what it requested.  It wants unfettered access to medical records, even though that is NOT what its requests or the agreed upon release sought.

Defendant demands 11+ hours of deposition beyond the 7+ it has already taken.  This is more than what it is entitled to.  Plaintiff's counsel has always offered to come back for one to two more hours.  Defendant refused.  Instead it has taken a my way or the highway approach of requiring a brand new 7 hour deposition plus 4+ hours to watch a video.  Plaintiff's counsel suggested an interrogatory to identify the exact parts of the video at issue.  This interrogatory was sent and Plaintiff responded to it.  Yet, Defendant has steadfastly demanded a brand new second 7 hour deposition and 4+ hours of watching a video.   Had Defendant simply taken up the offer to come back for another hour or two, we wouldn't be here.

Despite getting the agreed and supplemental responses, the agreed medical records, and being offered more deposition time than the law allows, at about 11

Opposition to *Ex Parte* Application to Re-Open Discovery Unilaterally

pm on Saturday night February 8, 2020 Defendant dropped a 75+ page joint statement –4 motions to compel in one.  This was then filed on February 18, 2020. As part of that motion Defendant asked the Court to re-open discovery beyond March 2, 2020 only for Defendant.  However, the next day, February 19, 2020, the Magistrate judge denied the request to continue the discovery cut off, without prejudice and left to the District Court Judge if presented with such a request. Docket #28.  Then, Defendant did nothing on this issue for 9 days, until after business hours, on Friday, February 28, 2020 when it filed this *ex parte* application.  If this was truly an emergency, why did it wait until the day before the discovery cut off?  Why didn't it file a regularly noticed motion?  Why couldn't this still be filed as a regularly noticed motion seeing as how he motion cut off is not for another six weeks – April 13, 2020?

## III.   **Legal Authority**

"[E]x parte proceedings pose a threat to the adversary system." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192 (C.D. Cal. 1989). As this Court has noted in numerous other cases and in its Standing Orders, ex parte applications re "solely for extraordinary relief," and are governed by the rule established in *Mission Power Eng'g Co. v. Cont'l Cas. Co. ("Mission Power"),* 883 F. Supp. 488 (C. D. Cal. 1995). Standing Order ¶ 10; *Rivera v. Cty. of San Bernardino*, No. CV 16-795 PSG (KSX), 2017 WL 5643153, at *7–8 (C.D. Cal. Mar. 8, 2017), aff'd sub nom. *Rivera v. Cty. of San Diego*, 771 F. App'x 436 (9th Cir. 2019) (citing *Mission Power*, 883 F.Supp. at 492). First, the ex parte applicant must show "that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." Id. Second, the applicant must show "that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." Id.

Further, regarding the second prong of the *Mission Power* rule, Defendant failed to show, because it cannot show, they were "without fault in creating the

---

Opposition to *Ex Parte* Application to Re-Open Discovery Unilaterally

crisis that requires ex parte relief." See *Mission Power*, 883 F. Supp. at 492.  As explained below, it is really Defendants own delay that has lead them to seeking this *ex parte* relief – it wants the Court to fix its mistakes because the issues that have been raised were worked out among counsel or will be handled by the Magistrate Judge.

**IV.   Defendant is seeking relief because it failed to pursue discovery during the proper timelines set by the Court.**

**A.  Subpoena to Delta Airlines**

Defendant didn't tell the Court that it was planning on sending out new subpoenas even though the discovery cut off had passed.  In fact, on March 2, 2020, Defendant served a new subpoena directed toward Delta Airlines.  Exhibit D.  This was an employer Mr. Chagas identified he applied to and provided emails of his application back when Plaintiff supplemented.  More, the mediation and Mr. Chagas' deposition, which were set for the end of September 2019, were moved so he could go to an interview with Delta.  Thus, this was a prospective employer United has known about since September 2019 but didn't send out a subpoena until March 2, 2020.  This *ex parte* is nothing more than Defendant seeking the Court's help to excuse its delay and should be denied.  See *Mission Power*, 883 F. Supp. at 493 ("*Ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have.") (internal quotations omitted). It should be denied.

**B.  Defendant is seeking Medical Records beyond that which was agreed and for which it had not previously requested.**

Defendant doesn't tell the Court it has obtained all the medical records it has requested in this case –those related to the emotional distress he claims to have been caused by Defendant's wrongful conduct in the present case.  See Exhibits A and B (Document demand #32 and release of Plaintiff).

Opposition to *Ex Parte* Application to Re-Open Discovery Unilaterally

Defendant' doesn't tell the Court that on February 28, 2020, the business day before the discovery cut off, Defendant served document demand set two seeking, for the first time, records related to potential drug use, his entire mental health records, and expert related discovery. Exhibit C. This is an admission that it knows its original requests, and the release, do not cover those records it is seeking. If the original requests actually covered these issues, as claimed in their motion to compel, then why send out the new demand? Why make this *ex parte*? Because it wants the Court to fix its mistake.

In its *ex parte* papers, Defendant admits it has "always taken the position that Plaintiff's medical history is highly relevant to this case, especially to the extent there is a history of drug abuse…." (Docket #33-1, page 6:2-8). It then misrepresents to the court that possible drug use was information "learned just last night." False. In fact, Defendant set out in its portion of the joint statement that during a meet and confer meeting on January 3, 2020 it was aware that Plaintiff "has sought "drug therapy"…" and that potential drug use may be relevant to impeachment. (Docket #27, 88:10-12, 89:20-26.) Thus, the claim that this was new to them, is entirely false. Yet, they failed to propound discovery on this issue until the day before the discovery cut off. If this has been an issue for the whole case, why didn't it explore that before? *Ex parte* is not an avenue for Court to rescue Defendant for having been dilatory to explore an avenue it claimed was an issue all along. Thus, this *ex parte* must be denied.

**C. The Parties have agreed to conduct a few depositions after the discovery cut off, thus this *ex parte* is unnecessary and a waste of time.**

There is no need to re-open the discovery cut off to take the medical professional depositions. First, the Parties have agreed to do these depositions after March 2, 2020. Second, the depositions of Mr. Chagas' treating medical

- 6 -

professionals, Dr. Gladstein and Mr. Garren, can all be taken during expert discovery, which is open until April 13, 2020.

Defendant hides from the Court that it took three depositions on Monday, February 24, 2020 starting at 8 am and going until 9 pm. It doesn't tell the Court that these depositions were **never** coordinated with plaintiff's counsel. Defendant doesn't tell the Court that these were originally set for February 28, 2020 and March 2, 2020, and then were changed unilaterally and at the last-minute requiring Plaintiff to move his schedule around. These witnesses were all on the initial disclosures from July 2019.

Defendant also doesn't tell the Court that it unilaterally set four more depositions for February 20 and 27, 2020. Only one of the four was served and that one proceeded on the 27th. Counsel for Plaintiff has agreed to take these depositions of those not served (if Defendant still so desires) after the discovery cut off. Defendant also doesn't tell the Court how it refused to provide the address of its retired former employees, requiring Plaintiff to go through them for setting up depositions. Much in the same way, Plaintiff's counsel has offered to do the same for Mr. Chagas' sister and the two friends they sought to depose. Defendant refused this offer. Had Defendant been willing to work with counsel for Plaintiff, these depositions would have been taken.

The three people Defendant noticed for depositions and didn't take were all known to them since the initial disclosures and/or Mr. Chagas deposition in October 2019. Why did it wait until February 2020? Why didn't they work with Plaintiff's counsel to coordinate these depositions? Why did they delay in taking these depositions until right before the discovery cut off?

Defendant will be taking about five depositions after the discovery cut off per agreement of the he Parties. Plaintiff will be taking one. There is no need to re-open the discovery cut off by way of ex parte when the Parties have already worked something out.

Opposition to *Ex Parte* Application to Re-Open Discovery Unilaterally

## V.  Conclusion

Defendant's *ex parte* Application fails to show that they would be "irreparably prejudiced" if the Court does not immediately re-open discovery without hearing a properly noticed motion. To be sure, Defendant could have filed a properly noticed motion—the motion filing cut off is not until April 13, 2020, something that counsel pointed out at the deposition on Friday. The Court should not allow Defendant to skirt their obligation to seek relief through a properly noticed motion following a proper meet and confer.

Second, Defendant has filed a discovery motion set for March 10, 2020, and a motion to hold Mr. Garren in contempt. Thus, if the Magistrate orders Plaintiff to provide further discovery information, then that will be done. Rather, it appears Defendant is hoping to engage in discovery it failed to pursue over the past year.

Plaintiff is in the same position as Defendant with respect to the litigation timeline. Plaintiff has also recently received documents not disclosed in discovery and now after the past two weeks of depositions, there are numerous documents Defendant has failed to produce which will likely be the subject of further discovery motions should Defendant not supplement their production. With the deadline to file discovery motions set for April 13, 2020, there is no need for this *ex parte*.

However, should the Court elect to do so, it would only be fair re-open discovery as to both parties

Dated: February 17, 2020

The Aarons Law Firm, APC

Martin I. Aarons
Attorney for Plaintiff

- 8 -

Opposition to *Ex Parte* Application to Re-Open Discovery Unilaterally

## Declaration of Martin I. Aarons

I, Martin I. Aarons, do declare as follows:

I have personal knowledge of the following and if called upon to testify I could and would testify as follows:

1)      When Defendant first raised the issue of this *ex parte* on February 28, 2020 to me it was **ONLY** because Defendant was not sure that if the Magistrate Judge granted portions of its motion to compel if Plaintiff would have to actually do what is ordered by the Court because the hearing date was after the discovery cut off.  I respond that of course we would have to comply, it wouldn't make any sense to allow discovery motions after the cut off if the Parties wouldn't have to comply with the Court's order.  Thus, it was/is my position that filing an *ex parte* was not appropriate on these grounds.  I further communicated that if the Magistrate Judge orders further discovery, we would comply with the Court's orders and the Magistrate Judge is empowered to order specific discovery to be completed.  Defense counsel responded that though she agreed and understood this to be true, her client wanted them to file the *ex parte* anyways.

2)      In my opinion, this is nothing more than the seeking of an advisory opinion/ruling on its discovery motion set to be heard on March 10, 2020.  All the arguments made in this motion are a rehashing of the pending discovery motion.  I can hear it now, "the District Court Judge has already agreed with our position we made *ex parte* and so, Magistrate Judge, you should grant our Motion to Compel."

3)      Initial disclosures were done in mid July 2019.  Defendant took Mr. Chagas' full day 7+ hours of deposition on October 29, 2019.  I have consistently offered at the deposition and since then to have Mr. Chagas come back for one to two more hours so Defendant could ask him questions about a video.  Defendant refused.

4)      The parties engaged in meet and confer, including an in-person meeting on January 3, 2020 (which I returned early from vacation because

Opposition to *Ex Parte* Application to Re-Open Discovery Unilaterally

1   Defendant refused to wait to the following Monday).  Thereafter, on January 17,

2   2020, we provided the promised and agreed upon supplemental responses and

3   documents.  That should have been the end of those issues.

4         5)     More, the parties entered into a first look agreement with Defendant

5   seeking medical records related **solely** to those harms caused by their conduct.

6   Attached hereto as Exhibit A is a true and correct copy of the cover page and page

7   9 of the document demand setting out demand number demand #32 which only

8   sees those records related to "the wrongful conduct alleged in YOUR complaint").

9   Also attached as Exhibit B is the release which was agreed upon by the Parties to

10  release Mr. Chagas medical records "as a result of any incidents he reported in

11  connection with his employment, r similar complaints…" Those records were

12  produced.  That should have been the end of it.  However, Defendant demands

13  more than what it requested.  It wants unfettered access to medical records, even

14  though that is NOT what its requests or the agreed upon release sought.

15        6)     Defendant' doesn't tell the Court that on February 28, 2020, the

16  business day before the discovery cut off, Defendant served document demand set

17  two seeking, for the first time, records related to potential drug use, his entire

18  mental health records, and expert related discovery.  A true and correct copy of this

19  document request is attached hereto as Exhibit C.  This is evidence of how

20  Defendant knows the medical record request it sent have been complied with and

21  that its motion to compel on these grounds are improper.  Otherwise, why send out

22  this request?

23        7)     I also suggested an interrogatory to identify the exact parts of the

24  video at issue.  This interrogatory was sent, and Plaintiff responded to it.  Yet,

25  Defendant has steadfastly demanded a brand new second 7-hour deposition and 4+

26  hours of watching a video.   Had Defendant simply taken up the offer to come back

27  for another hour or two, we wouldn't be here.

28

Opposition to *Ex Parte* Application to Re-Open Discovery Unilaterally

8)     Despite getting the agreed and supplemental responses, the agreed medical records, and being offered more deposition time than the law allows, at about 11 pm on Saturday night February 8, 2020 Defendant dropped a 75+ page joint statement –4 motions to compel in one.  This was then filed on February 18, 2020.  As part of that motion Defendant asked the Court to re-open discovery beyond March 2, 2020 only for Defendant.  However, the next day, February 19, 2020, the Magistrate judge denied the request to continue the discovery cut off, without prejudice and left to the District Court Judge if presented with such a request.  Docket #28.  Then, Defendant did nothing on this issue for 9 days, until after business hours, on Friday, February 28, 2020 when it filed this *ex parte* application.  If this was truly an emergency, why did it wait until the day before the discovery cut off?  Why didn't it file a regularly noticed motion?  Why couldn't this still be filed as a regularly noticed motion seeing as how he motion cut off is not for another six weeks – April 13, 2020?

9)     Defendant didn't tell the Court that it was planning on sending out new subpoenas even though the discovery cut off had passed.  In fact, on March 2, 2020, Defendant served a new subpoena directed toward Delta Airlines.  Attached as Exhibit D is a true and correct copy of the subpoena my office received today.  This was an employer Mr. Chagas identified he applied to and provided emails of his application back when Plaintiff supplemented.  More, the mediation and Mr. Chagas' deposition, which were set for the end of September 2019, were moved so he could go to an interview with Delta.  Thus, this was a prospective employer United has known about since September 2019 but didn't send out a subpoena until March 2, 2020.

10)     Defendant hides from the Court that it took three depositions on Monday, February 24, 2020 starting at 8 am and going until 9 pm.  It doesn't tell the Court that these depositions were **never** coordinated with plaintiff's counsel. Defendant doesn't tell the Court that these were originally set for February 28,

Opposition to *Ex Parte* Application to Re-Open Discovery Unilaterally

2020 and March 2, 2020, and then were changed unilaterally and at the last-minute requiring Plaintiff to move his schedule around. These witnesses were all on the initial disclosures from July 2019.

11)   Defendant also doesn't tell the Court that it unilaterally set four more depositions for February 20 and 27, 2020. Only one of the four was served and that one proceeded on the 27th. I have agreed these depositions of those not served (if Defendant still so desires) can be taken after the discovery cut off. Defendant also doesn't tell the Court how it refused to provide the address of its retired former employees, requiring Plaintiff to go through them for setting up depositions. Much in the same way, I have offered to do the same for Mr. Chagas' sister and the friends they sought to depose. Defendant refused this offer. Had Defendant been willing to work with me, these depositions would have been taken.

12)   Defendant will be taking about five depositions after the discovery cut off per agreement of the he Parties. Plaintiff will be taking one. There is no need to re-open the discovery cut off by way of *ex parte* when the Parties have already worked something out.

13)   Plaintiff is in the same position as Defendant with respect to the litigation timeline. Plaintiff has also recently received documents not disclosed in discovery and now after the past few weeks of depositions, there are numerous documents identified by witnesses that Defendant has failed to produce which will likely be the subject of further meet and confer and discovery motions should Defendant not supplement their production. With the deadline to file discovery motions set for April 13, 2020, there is no need for this *ex parte*.

I declare under the penalty of perjury under the laws of the state of California and the United States of America that the above is true and correct.

Dated: March 2, 2020                    _____

                                        Martin I. Aarons

Opposition to *Ex Parte* Application to Re-Open Discovery Unilaterally

Exhibit A

1   Martin I. Aarons, Esq. (SBN 233879)
2   Shannon H.P. Ward, Esq. (SBN 308280)
   THE AARONS LAW FIRM
3   A Professional Corporation
   16000 Ventura Boulevard, Suite 850
4   Encino, California 91436
5   Telephone:    (818) 794-9250
   Facsimile:     (818) 302-2072
6   martin@aaronslawfirm.com
7   shannon@aaronslawfirm.com

8   Attorneys for Plaintiff Allyson Chagas

9

           **UNITED STATES DISTRICT COURT**
10

           **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| 12   ALLYSON CHAGAS, | **CASE NO. 2:19-CV-03860** |
| 13           Plaintiff, | *[Assigned for all purposes to the Honorable Judge John A. Kronstadt, Dept. 10B]* |
| 14     vs. | |
| 15 | **PLAINTIFF'S RESPONSE TO DEFENDANT UNITED AIRLINES, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| 16   UNITED AIRLINES, INC., and DOES 1 through 10, inclusive | |
| 17 | |
| 18         Defendant. | **Complaint Filed:**   March 28, 2019 |
| 19 | **Trial Date:**       Not yet set |

20     Propounding Party:       Defendant

21     Responding Party:        Plaintiff

22     Set Number:            One

23      Pursuant to FRCP 33, PLAITNIFF responds to the following requests.

24   **REQUEST NO. 1:**

25   All DOCUMENTS referred to in YOUR Complaint.

26   **RESPONSE TO REQUEST NO. 1:**

27   Responding party will produce documents responsive to this request as they are kept in the usual

28   course of business.

1 | Responding party will produce documents responsive to this request as they are kept in the usual
2 | course of business.
3 | **REQUEST NO. 32:**
4 | All medical records and bills for all doctors, physicians, psychologists, therapists, and counselors
5 | with whom YOU have consulted because of any of the wrongful conduct alleged in YOUR
6 | Complaint and/or EEOC Charge, including all HEALTH CARE PROVIDERS.
7 | **RESPONSE TO REQUEST NO. 32**
8 | Responding party will produce documents responsive to this request as they are kept in the usual
9 | course of business.
10 | **REQUEST NO. 33:**
11 | All DOCUMENTS RELATED TO or evidencing any damages YOU are seeking in this lawsuit.
12 | **RESPONSE TO REQUEST NO. 33:**
13 | Responding party will produce documents responsive to this request as they are kept in the usual
14 | course of business.
15 | **REQUEST NO. 34:**
16 | All DOCUMENTS that RELATE or pertain to YOUR attempts, if any, to mitigate YOUR
17 | alleged damages.
18 | **RESPONSE TO REQUEST NO. 34:**
19 | Responding party will produce documents responsive to this request as they are kept in the usual
20 | course of business.
21 | **REQUEST NO. 35:**
22 | All DOCUMENTS that RELATE or pertain to YOUR attempts, if any, to obtain employment
23 | since YOUR termination of employment with DEFENDANT.
24 | **RESPONSE TO REQUEST NO. 35:**
25 | Responding party will produce documents responsive to this request as they are kept in the usual
26 | course of business.
27 | **REQUEST NO. 36:**
28 |

Exhibit B

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

To the following health care providers
("Authorized Providers")

APLA Health/Jay Gladstein, MD; and
Edward Garren, M.A., M.F.T

Re:   Patient name:  Allyson Chagas
      Date of Birth: 09/23/1979
      Patient SSN:   xxx-xx-3948

     The undersigned issues this Authorization pursuant to the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. §164.508 ("HIPAA"), and the California Confidentiality of Medical Information Act, Cal. Civ.C. §56 ("CCMIA"), as each may be amended from time to time, and the rules and regulations promulgated thereunder.  This Authorization covers information or material whose disclosure would, but for this waiver, be otherwise prohibited by state and federal statutes or regulations.

1.    **Persons Authorized to Receive Medical Information.**

    The undersigned hereby authorizes the release of Medical Information, as defined in Section 2 below, to the following person(s) ("Authorized Recipient(s)"):

        Martin I. Aarons, Esq.
        The Aarons Law Firm, APC
        16000 Ventura Blvd., Suite 850
        Encino, CA 91436

c/o First Legal Records, 1511 Beverly Blvd., Los Angeles, CA 90026

2.    **Medical Information Authorized for Release.**

    "Medical Information" DOCUMENTS pertaining to injuries (mental or physical) Allyson Chagas sustained or was being treated for since January 1, 2017 as a result of any incidents he reported in connection with his employment, or similar complaints, including but not limited to medical files, therapist notes, psychological records, diagnosis, charts, reports, notes, writings, diagrams, forms, printouts, test results, lab results, correspondence, telephone conversation notes, emergency room records, inpatient records, outpatient records, reports, tests and test results, consultant reports, admit sheets, histories, nurse notes, physician notes and orders, charts, discharge summaries, operative reports, and billing.

3.    **Specific Uses and Limitations.**

    Authorized Recipient shall specifically use, and is limited to specifically using, the Medical Information for the following purpose ("Specific Use"):

To provide legal representation to the undersigned in connection with legal claims relating to my injuries, benefits or other related matters.

**4.     Health Care Providers Authorized to Release Medical Information.**

This Authorization applies only to the Authorized Provider named above.

**5.     Expiration of Authorization.**

Unless otherwise revoked, this Authorization expires upon the occurrence of the following:

Date on which Authorized Recipient's legal representation of the undersigned is concluded or earlier terminated by substitution of counsel, withdrawal of counsel, or otherwise. If no date or event is indicated in the space immediately above, this Authorization will expire 12 months after the date of signing this Authorization.

**6.     Other Required Statements.**

a.   <u>Right to Revoke</u>.  The undersigned is aware that he or she may revoke this Authorization at any time, provided that he or she does so in writing and submits it to the Authorized Provider.  The revocation will take effect when the Authorized Provider receives it, except to the extent that the Authorized Provider or others have already taken action in reliance on this Authorization.

b.   <u>Potential Redisclosure</u>.  Authorized Provider and many other organizations and individuals such as physicians, hospitals, and health plans are required by law to keep the undersigned's health information confidential.  The undersigned is aware that authorized disclosure of Medical Information to someone who is not legally required to keep it confidential may result in loss of protection under state or federal health information confidentiality laws.

c.   <u>Right to Receive Copy</u>.  The undersigned is aware that he or she has a right to receive a copy of this Authorization.  A reproduced copy of this Authorization shall be as valid as the original.

d.   <u>Voluntary Authorization</u>.  The undersigned affirms that this Authorization is voluntary and freely given.

Date:   _1/17/20_____

Signed:   _____
Allyson Chagas

Page | 2

Exhibit C

Michele Haydel Gehrke (215647)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269
Email: mgehrke@reedsmith.com

Fatemeh S. Mashouf (288667)
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email: fmashouf @reedsmith.com

Attorneys for Defendant
UNITED AIRLINES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>PLAINTIFF,<br><br>VS.<br><br>UNITED AIRLINES, INC., AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>DEFENDANT. | Case. No.: 2:19-cv-03860<br><br>**DEFENDANT UNITED AIRLINES, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ALLYSON CHAGAS (SET TWO)**<br><br>Courtroom: 10B<br>Judge: Honorable John A. Kronstadt<br>Complaint Filed: March 28, 2019 |

PROPOUNDING PARTY:     UNITED AIRLINES, INC.

RESPONDING PARTY:     ALLYSON CHAGAS

SET NO.     TWO (2)

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

1

C

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to the Federal Rules of Civil Procedure, Defendant United Airlines, Inc. ("Defendant" or "United") serves its Requests for Production of Documents to Plaintiff Allyson Chagas (Set Two) ("Plaintiff" or "Chagas"), and requests that Plaintiff serve answers within thirty (30) days of receipt.

## GENERAL INSTRUCTIONS AND DEFINITIONS

1.     The following requests for production are addressed to Plaintiff.  If the requested documents are known by Plaintiff to exist but are not in the possession, custody or control of Plaintiff, his agents or any of them, it is requested that Plaintiff so indicate or produce such documents that show the name of the person or entity in whose possession, custody and/or control such documents are.

2.     "Person" shall mean and include means any natural person, individual, partnership, firm, corporation, governmental office or agency or any kind of business, governmental or legal entity, its agents, representatives or employees.

3.     The term "DOCUMENT" is used herein with its customary broad meaning and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, and/or produced by hand or electronically, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, correspondence, communications of any nature, telegrams, telephone text messages, SMS messages, memoranda, notebooks of any kind, summaries or records of personal conversations, diaries, routing slips, reports, publications, photographs, audiotapes, DVDs, CDs, electronic files, computer disks, computer records, e-mails, charts, minutes or records of meetings, transcripts of oral testimony or statements, reports and/or summaries of interviews, reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations, court papers, brochures, pamphlets, press releases, drafts of, revisions of,  translations of any DOCUMENT, tape recordings, records and dictation belts and/or any other records, communications, or compilations whether in paper, electronic, or other form, which are

2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

in Plaintiff's possession, custody, or control, or in the custody and control of Plaintiff's representatives, agents, attorney or accountant, wherever located, however produced or reproduced, including any identical or non-identical copy and whether a draft or final version. Any DOCUMENT with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate DOCUMENT for purposes of this request.

4.    As used herein, "RELATE TO," "RELATE," "relating to," "regarding," or "evidence" means refers to, reflects upon, or is in any way logically or factually connected with the matters discussed, including information or DOCUMENTS that support or is <u>contrary</u> to a particular contention.

5.    The term "HEALTH CARE PROVIDER" includes any doctor, hospital, clinic, clinician, physician assistant, nurse, nurse practitioner, chiropractor, acupuncturist, herbalist, social workers, therapist, counselor, psychologist, mental health professional, pharmacy, or other health or medical facility.

6.    "YOU," "YOURS," "Plaintiff," "Allyson Chagas," and "Chagas" shall mean Plaintiff Allyson Chagas and all persons acting on his behalf or pursuant to his direction or request.

7.    "Defendant," "United Airlines, Inc." and "United Airlines" shall mean and refer to Defendant United Airlines, Inc.

8.    "Complaint" shall mean the Complaint filed by Plaintiff Allyson Chagas on March 28, 2019 that is currently pending in, the United States Central District of California titled *Allyson Chagas v. United Airlines, Inc.*, Civil Action No. 2:19-cv-03860 (formerly filed in the Los Angeles Superior Court, case number 19STCV10797).

9.    "Lawsuit," "this lawsuit" or "this case" shall mean Civil Action 2:19-cv-03860, *Allyson Chagas v. United Airlines, Inc.*, in the United States District Court for the Central District of California.

3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

10.   The terms "COMMUNICATION" and "COMMUNICATIONS" mean any contact between two or more persons, companies or other entities. COMMUNICATIONS include, without limitation, written contact by such means as letters, memoranda, e-mails, text messages, instant messages, online chats (WhatsApp, Snap Chat, Facebook Messenger, and the like), and other electronic communications (including, without limitation, blog entries, Facebook, LinkedIn, Instagram, Twitter postings and the like), or by any other DOCUMENTS. COMMUNICATIONS also include oral contact including, without limitation, face-to-face meetings, telephone conversations, audio recordings, or other oral contact.

11.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

12.   The use of the singular form of any word includes the plural or vice versa.

13.   "Photograph" shall mean any picture whether taken by digital camera, camera phone (cellular telephone with camera capabilities) or other recording device.

14.   The word "recording" as used herein, shall include all photographs, videotapes, audiotapes, CDs or DVDs, whether made or taken by YOU or others, including all hard copy transcriptions thereof, which are in YOUR possession, custody or control or in the possession, custody or control of YOUR agent, representative or attorneys.

15.   If any DOCUMENTS falling within any description contained in any of the following requests is withheld under claim of privilege, Plaintiff shall serve upon the undersigned attorneys for Defendants a written list of documents, including the following information as to each such item: (1) its date; (2) the names(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and

DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO
PLAINTIFF (SET TWO)

(6) a statement of the ground or grounds on which each such DOCUMENT is considered to be privileged from production.

      16.   If any DOCUMENTS responsive to any request have been lost, mutilated or destroyed, so state and identify each such DOCUMENT, and state to which request(s) the DOCUMENT would have been responsive.

      17.   If there are no DOCUMENTS in Plaintiff's possession, custody or control which are responsive to a particular request, so state and identify such request.

      18.   When referring to a DOCUMENT, "identify" means that Plaintiff shall set forth the general nature of the DOCUMENT, the author or the originator and the date of its preparation or execution, each addressee, all individuals designated on the DOCUMENT to receive a copy or otherwise hereto have received a copy, date, title and general subject matter, the present custodian of each copy thereof and last known address of each such custodian.  If such DOCUMENTS were, but are no longer in YOUR possession, custody or control, state the disposition which was made of them, the reason for such disposition, and the date thereof.

      19.   These requests shall be deemed continuing in nature and shall apply to any amended pleadings filed by Plaintiff. Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiff is under a continuing duty to timely supplement her responses.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 43:**

      Any and all DOCUMENTS which RELATE to PLAINTIFF's substance/drug abuse and/or addiction, including abuse or addiction to alcohol and/or methamphetamine since the start of his employment with United Airlines, Inc.

**REQUEST NO. 44:**

      Any and all DOCUMENTS which RELATE to treatment PLAINTIFF received from any HEALTH CARE PROVIDER since the beginning of his employment with United Airlines, Inc., including but not limited to: medical files, therapy records, mental health records, diagnosis, charts, reports, notes, writings, diagrams, forms, printouts,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5

1  test results, lab results, correspondence, telephone conversation notes, emergency room

2  records, inpatient records, rehabilitation records, drug therapy records, outpatient

3  records, reports, tests and test results, consultant reports, admit sheets, histories, nurse

4  notes, physician notes and orders, charts, discharge summaries, operative reports and

5  billing records.

6  **REQUEST NO. 45:**

7       Any and all DOCUMENTS which RELATE to PLAINTIFF's medical or mental

8  health treatment that is in PLAINTIFF's possession, custody, or control reflecting

9  communications from/to/with any person PLAINTIFF intends to designate as a non-

10  retained or retained expert. *See United States v. Int'l Union of Petroleum and Indus.*

11  *Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to

12  obtain documents upon demand."); *Shorter v. Baca*, 2013 WL 12133826, at *3 (C.D.

13  Cal. Nov. 1, 2013) (requiring Plaintiff to obtain medical records from health providers

14  or provide counsel with consent to disclosure of her medical records).

17  DATED:  February 28, 2020       REED SMITH LLP

19                  By:

20                      Michele Haydel Gehrke
                    Fatemeh S. Mashouf

21                      Attorneys for Defendant
                    UNITED AIRLINES, INC.

DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO
PLAINTIFF (SET TWO)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Exhibit D

Michele Haydel Gehrke (215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Fatemeh S. Mashouf (288667)
fmashouf@reedsmith.com
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant*
United Airlines, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case. No.: 2:19-cv-03860<br><br>**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS DIRECTED TO DELTA AIR LINES, INC.**<br><br>[ASSIGNED TO HONORABLE JOHN A. KRONSTADT]<br><br>Complaint Filed: March 28, 2019 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 1 -

1   TO PLAINTIFF ALLYSON CHAGAS:

2        PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of

3   Civil Procedure, UNITED AIRLINES, INC. ("Defendant") will serve the attached

4   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of

5   Premises in a Civil Action ("Subpoena") on Custodian of Records for Delta Air Lines,

6   Inc. and demand production of the records specified therein.

7

8        Attached hereto as Exhibit 1 is a copy of the Subpoena directed to Delta Air

9   Lines, Inc.

10

11

12   DATED: February 28, 2020          REED SMITH LLP

13                                     By: /s/ Fatemeh Mashouf
14                                     Michele Haydel Gehrke
                                       Fatemeh S. Mashouf
15                                     Attorneys for Defendant
                                       UNITED AIRLINES, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION,
OR OBJECTS DIRECTED TO DELTA AIR LINES, INC.**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071.

On February 28, 2020 I served the following document(s) by the method indicated below:

## NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS DIRECTED TO DELTA AIR LINES, INC.

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Martin Isaac Aarons
Shannon Helene-Pagel Ward
AARONS LAW FIRM APC
16000 Ventura Blvd., Suite 850
Encino, CA 91436
Telephone: 818.794.9250
Facsimile: 818.302.2072
maarons@aaronslawfirm.com
shannon@aaronslawfirm.com

*Attorneys for Plaintiff*
*Allyson Chagas*

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on February 28, 2020, at Los Angeles, California.

Charlyn Jones

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS<br><div align="center">*Plaintiff*</div><br><div align="center">v.</div><br>UNITED AIRLINES, INC., et al.<br><div align="center">*Defendant*</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br> Civil Action No. 2:19-cv-03860-JAK-JC |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records of Delta Air Lines, Inc. c/o CSC - Lawyers Incorporating Service

<div align="center">

*(Name of person to whom this subpoena is directed)*

</div>

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment 3

| Place: USA Legal Network<br>   800 W. 1st Street, #200B<br>   Los Angeles, CA 90012 | Date and Time:<br>March 12, 2020, 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/28/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Fatemeh S. Mashouf |
| <div align="center">Signature of Clerk or Deputy Clerk</div> | | <div align="center">*Attorney's signature*</div><br>Fatemeh S. Mashouf |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant United Airlines, Inc. , who issues or requests this subpoena, are:

Fatemeh S. Mashouf, Reed Smith LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071

<div align="center">

**Notice to the person who issues or requests this subpoena**

</div>

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT 3**

**DEFINITIONS AND INSTRUCTIONS**

Unless the context otherwise indicates, the following words and phrases are defined and used herein as follows:

1.     "DOCUMENTS" means written, printed, typed, or visually or orally reproduced material of any kind, whether or not privileged, including, but not limited to, all letters, emails, correspondence, contracts, agreements, bills, orders, receipts, records, books, computer tapes and printouts, memoranda, notes, notebooks, maps, sketches, cablegrams, telegrams, reports, press releases, advertising and promotional literature, prints, drawings, plans, photographs, printed forms, manuals, brochures, lists, publications, videotapes, other tape recordings, films, microfilm, electronic media, and all other writings, including drafts, typings, printings, minutes, or copies or reproductions thereof in your possession, custody, or control (or as defined in California Evidence Code Sections 250, 255 and 260).

2.     CHAGAS means Plaintiff Allyson Chagas, **DOB: 09/23/1979**, SSN: **XXX-XX-3948**.

**DOCUMENT REQUESTS**

This deposition subpoena calls for the production of all DOCUMENTS in your possession, custody, or control that refer, relate or pertain to Plaintiff CHAGAS, **whose Social Security Number is XXX-XX-3948, whose date of birth is 09/23/1979 and whose personnel records are believed to be in the possession of any and all Delta Air Lines, Inc.'s digital records** and locations, including but not limited to records in the possession of personnel working out of Los Angeles International Airport.

**If additional identifying information is needed to conduct your search, such information will be provided by the deposition officer upon request. *This subpoena specifically seeks CHAGAS' personnel records.***

Without limiting the foregoing, this deposition subpoena calls for the production of any and all DOCUMENTS created since May 25, 2018 relating, pertaining, or referring to the following categories:

1. Any and all DOCUMENTS referring to United Airlines, Inc. that CHAGAS submitted to Delta Air Lines, Inc., including but not limited to his job application, professional references, or letters of recommendation.

2. A list or DOCUMENT reflecting the names of the individuals who corresponded with CHAGAS regarding a job interview for a position with Delta Air Lines, Inc.

3. A list or DOCUMENT reflecting the names of the individuals who interviewed CHAGAS for a position with Delta Air Lines, Inc.

4. Any and all DOCUMENTS pertaining to CHAGAS' application for employment, including but not limited to any DOCUMENTS reflecting the date of his initial application submission and all correspondence regarding his application for employment.

5. Any and all DOCUMENTS pertaining to the hiring of CHAGAS, including but not limited to any correspondence regarding interviews, offer letter, DOCUMENTS showing the date an offer of employment was made, any response from CHAGAS, and DOCUMENTS reflecting dates proposed by anyone for CHAGAS to be interviewed.

6. Any and all DOCUMENTS reflecting CHAGAS' acceptance of a job interview.

7. Any and all DOCUMENTS reflecting reasons why CHAGAS was not offered an interview and/or position with Delta Air Lines, Inc.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action.  My business address is: 16000 Ventura Boulevard, Suite 850, Encino, CA 91436.

On **March 2, 2020,** I served the foregoing document titled: **Plaintiff's Opposition to Defendant's Ex Parte Application, Declaration of Martin I. Aarons,** upon the following parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| **Counsel for Defendant(s)** | **Counsel for Defendant(s)** |
|---|---|
| Michele Gehrke, Esq. | Fatemeh Mashouf, Esq. |
| REED SMITH | 355 South Grand Ave., Suite 2800 |
| 101 Second Street, Suite 1800 | Los Angeles, CA 90071 |
| San Francisco, CA 94105 | fmashouf@reedsmith.com |
| mgehrke@reedsmith.com | |

[]     **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Encino, California to the address listed above.

[]     **BY PERSONAL SERVICE:** I caused the service of such document to be personally delivered to addressee(s).

[]     **BY EMAIL SERVICE:** On today's date, I caused such documents to be transmitted by electronic mail to the address listed above pursuant to CCP § 1010.3.

[X]     **SERVICE BY ELECTRONICALLY FILED DOCUMENTS.** Pursuant to Local Rule *L.R. 5-3.3* upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the FRCP and Criminal Procedure for all attorneys who have consented to electronic service.

[X]     I declare under penalty of perjury that the foregoing is true and correct.

Executed on **March 2, 2020,** at Encino, California.

_____
Martin I. Aarons

- 13 -

Opposition to *Ex Parte* Application to Re-Open Discovery Unilaterally