Michele Haydel Gehrke (215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Fatemeh S. Mashouf (288667)
fmashouf@reedsmith.com
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant*
United Airlines, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>            Plaintiff,<br><br>     vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>            Defendant. | Case. No.: 2:19-cv-03860<br><br>**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**<br><br>Hearing:        May 18, 2020<br>Time:           8:30 a.m.<br>Courtroom:   10B<br><br>[ASSIGNED TO HONORABLE JOHN KRONSTADT]<br><br>Complaint Filed: March 28, 2019 |

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

**Page**

I . SUMMARY OF ARGUMENTS ...................................................................... 5

II . FACTUAL BACKGROUND .......................................................................... 8

    A.    Plaintiff Waived All Objections to The Underlying Document Requests and Subpoenas Calling For Production Of His Medical Records. ...................................................................................................... 8

    B.    Plaintiff Entered into and Violated a First Look Agreement Entitling Defendant to Unredacted Medical Records. ....................................... 9

        1.    Plaintiff Breached the First Look Agreement's Timeline, Consenting to Production of the Records ............................... 11

        2.    Plaintiff Breached the First Look Agreement by Unscrupulously Redacting and/or Withholding Plaintiff's Medical Records On "Relevance" Grounds and Providing a Boilerplate Privilege Log. .................................................. 12

    C.    Without Meeting and Conferring, Plaintiff Filed This Motion in Retaliation for Defendant's Discovery Motion and Has Failed to Withdraw It Knowing It Is Frivolous. ............................................. 14

III . LEGAL ARGUMENT .................................................................................. 15

    A.    There Is No Basis To Disqualify Reed Smith Or Grant Other Relief. ............ 15

    B.    This Motion Should Be Denied Because FRCP 26(b)(5)(B) Does Not Apply ................................................................................... 17

    C.    Even If Defendant Had Accessed the Unredacted Records, They Are Not Privileged. ................................................................................ 18

    D.    Even If The Records Were Privileged, Which They Are Not, Privilege Has Repeatedly Been Waived. ..................................... 19

    E.    Plaintiff's Motion Should Be Denied Under Local Rule 7-4. ...................... 20

IV . CONCLUSION ............................................................................................. 21

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

2

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. Woodford*,
2007 WL 309485 (E.D. Cal., Jan. 30, 2007, No. CVF051104OWWLJO) ...................................17

*Calfee v. Graham*,
No. 2:14-cv-01395-JAM-AC, 2015 U.S. Dist. LEXIS 127141 (E.D. Cal. Sep. 21, 2015) ...............................................................................................................................19

*In re DG Acquisition Corp.*,
151 F.3d 75 (2nd Cir. 1998)...............................................................................................19

*Doe v. City of Chula Vista*,
196 F.R.D. 562 (S.D. Cal. 1999) .......................................................................................19

*Garcia v. Capistrano Unified Sch. Dist.*,
No. 8:16-02111 DOC, 2019 U.S. Dist. LEXIS 207610 (C.D. Cal. June 18, 2019)......................18

*Hukman v. Sw. Airlines Co.*,
No. 18cv1204-GPC(RBB), 2019 U.S. Dist. LEXIS 22842 (S.D. Cal. Feb. 12, 2019) .................................................................................................................................18

*Powell v. Wells Fargo Home Mortg.*,
No. 14-cv-04248-TSH, 2018 U.S. Dist. LEXIS 168320 (N.D. Cal. Sep. 28, 2018) ...................18

*Ragge v. MCA/Universal Studios*,
165 F.R.D. 601 ...................................................................................................................17

*Richmark Corp. v. Timber Falling Consultants*,
959 F.2d 1468 (9th Cir. 1992) ...........................................................................................19

*Soriba Bangoura v. Andre-Boudin Bakeries, Inc.*,
No. C 12-03229 MMC (DMR), 2012 U.S. Dist. LEXIS 154870 (N.D. Cal. Oct. 29, 2012) .......................................................................................................................18

*Thibodeau v. ADT Sec. Servs.*,
No. 3:16-cv-02680-GPC-AGS, 2018 U.S. Dist. LEXIS 94622 (S.D. Cal. June 4, 2018) ....................................................................................................................15, 16

**California Cases**

*Rico v. Mitsubishi Motors Corp.*,
42 Cal. 4th 807 (2007) .......................................................................................................16

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3

**Other Authorities**

FRCP 11 ........................................................................................................15

FRCP 11(b)s ................................................................................................14

FRCP 11(c)(1) ..............................................................................................15

FRCP 26 ........................................................................................................12

FRCP 26(b)(5)(B) ...................................................................................17, 18

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

# I.     SUMMARY OF ARGUMENTS

Plaintiff's Motion to Disqualify is based entirely on the false premise that Defense counsel has "obtained" and "affirmatively looked at" unredacted medical records, which they have not.  Although Plaintiff's counsel has been informed numerous times regarding the false premise of this Motion, he refuses to withdraw it.  Let there be no mistake— ***Defense counsel has never accessed or viewed the records Plaintiff seeks to claw back. There is nothing to "return" or "sequester."*** Declaration of Fatemeh Mashouf ("Mashouf Decl."), ¶ 2; Declaration of Salahudeen Shaheed ("Shaheed Decl."), ¶ 16. The medical records at issue were provided to the deposition officer pursuant to a valid subpoena and the deposition officer sent them in an email link for Defense counsel to download the records. Mashouf Decl., ¶ 7, Ex. C; Shaheed Decl., ¶ 16.  Defense counsel has not accessed the records.  *Id.* Instead, in an abundance of caution, Defendant filed a discovery motion with the Magistrate Judge to make a determination as to the discoverability of the unredacted records which Plaintiff belatedly contends are privileged.  The very fact that Defense counsel has the ability to obtain these records with the click of a mouse but, instead of doing so, took on the additional burden of filing a discovery motion, belies Plaintiff's claims of "unethical" behavior.

By way of this Motion, Plaintiff knowingly and falsely states that Defense counsel "obtained" the records, "refused to destroy or sequester" them and "actively and affirmatively looked at the documents and used the information therein."  None of this is true.

The great irony here is that the records Plaintiff seeks to claw back, which Defense counsel does not possess, are central to this action and ***are not privileged***. Plaintiff's counsel has filed and maintained this improper Motion in an effort to undo his repeated errors in this matter.  First, ***Plaintiff waived all objections*** to the first set of discovery, including requests for Plaintiff's medical records.  Mashouf Decl., ¶ 18.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Second, he *failed to file a motion seeking relief from waiver of the objections*—despite threatening to do so on multiple occasions. *Id.* Third, he *failed to object to or move to quash the subpoenas served on Plaintiff's medical providers*. *Id.* ¶ 3. Fourth, after entering into a First Look Agreement that provided him time to make limited redactions to the subpoenaed records with a detailed privilege log, he *failed to comply with the First Look Agreement's timeline, which by the terms of the First Look Agreement constituted consent to have the unredacted records produced*. *Id.* ¶ 4-6, Ex. A. Further, Plaintiff failed to provide an adequate privilege log which, again, violated the First Look Agreement. *Id.* ¶ 11, Ex. F. Fifth, he sent belated and heavily redacted medical records, but later asked to claw back even portions of those records that he claims contained information he inadvertently failed to redact. *Id.* He also withheld more than half of the unredacted records in violation of the First Look Agreement. *Id.* Even putting aside all of Plaintiff's missteps, Defense counsel has repeatedly provided substantial case law to Plaintiff's counsel demonstrating that the very nature of this action deems Plaintiff's medical records to be discoverable. *Id.* ¶ 12, Ex. G. Thus, even if Plaintiff had preserved objections, the law supports and *requires production of Plaintiff's medical records without redactions*. To date, Plaintiff has not provided any legitimate basis to withhold this highly relevant information.

Plaintiff filed this entirely frivolous Motion days after receiving a copy of Defendant's discovery motion, wherein Defendant asked the Magistrate Judge to order Plaintiff to produce all unredacted medical records. *Id.* ¶ 15. Plaintiff's counsel simultaneously sent a letter indicating that counsel will no longer "accept" email communications from Defense counsel, setting forth specific times of day and methods by which Defense counsel is "permitted" to contact Plaintiff's counsel. *Id.* ¶ 15, Ex. J. Plaintiff's counsel compounded his abuse of the litigation process by retaliating with this Motion *without even complying with Local Rule 7-3's meet and*

6

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

*confer requirement, which would have necessarily informed him that the fundamental factual premise of his Motion is false and there are no records to "return." Id. ¶ 16.*

Upon receipt of this Motion, Defense counsel immediately sent an email and fax explaining that this Motion is entirely baseless as no unredacted records have been downloaded or viewed, and the Motion must be withdrawn. *Id.* ¶ 12, Ex. G. The Parties discussed the issue by phone and appeared to come to an agreement that the Motion should be withdrawn, but Plaintiff's counsel wanted more—he wanted a declaration under oath that the records had not been obtained. Although unnecessary, Defense counsel provided a draft declaration but Plaintiff's counsel refused to accept the declaration, seeking substantial, overreaching revisions to the declaration before agreeing to withdraw the Motion. Defense counsel reiterated that she was willing to sign the original declaration wherein she stated under oath that there are no records to "return" as they have not been accessed. *Id.* ¶ 13, Ex. H. The result of all of this is:

- Defense counsel cannot "return" documents they have never accessed.

- There is no valid basis to assert privilege on the medical records.

- Even if the records were privileged, the privilege has been waived.

- Defense counsel has taken every imaginable step to avoid ethical conflicts by not downloading or viewing the unredacted medical records and by filing a discovery motion on the issue.

- Defense counsel has repeatedly notified Plaintiff's counsel that his Motion is based on a false premise and he refuses to withdraw it absent overreaching conditions going beyond the medical records at issue in the Motion.

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## II.      FACTUAL BACKGROUND

### A.      Plaintiff Waived All Objections to The Underlying Document Requests and Subpoenas Calling For Production Of His Medical Records.

On August 20, 2019, Defendant hand served Plaintiff with Requests for Production of Documents, Set One ("RFP") and Interrogatories, Set One ("Interrogatories One").  Mashouf Decl., ¶ 18, Ex. L.  Plaintiff failed to provide any responses until two months later, mailed on ***October 17, 2019***, where he provided responses without any objections.  I*d*.  Thus, Plaintiff waived all objections to Defendant's discovery requests, including objections on the basis of privacy and privilege.

Of relevance for purposes of this Motion, the RFPs specifically sought ***all medical records with any medical provider*** who Plaintiff consulted with because of the alleged wrongful conduct.  Mashouf Decl., ¶ 18, Ex. L.  In other words, if Plaintiff sought treatment from a provider at any time regarding his claim for emotional distress or regarding his employment, all the records from that provider are responsive.  *Id.* Further, the RFPs sought any records reflecting communications between Plaintiff and anyone else related to his allegations, all records since 2017 related to any claims in this lawsuit, all witness statements that contradict, support, relate or pertain to any allegations, and any documents related to damages he is seeking.  *Id.* Each of these requests call for Plaintiff's medical records related to his claim for emotional distress, including medical records which contradict his claim for emotional distress, as the term "related to" in the discovery was defined broadly.[1]

---

[1] Plaintiff contends that the RFPs are much narrower than their plain language and that because Defendant propounded additional discovery on the medical records, Defendant has somehow admitted that the prior RFPs were narrow.  This argument has no basis in logic. Defendant propounded further discovery to make clear that Plaintiff's narrow reading of the RFPs is incorrect but, to the extent he wants to read it narrowly, further discovery was propounded to eliminate his confusion.  Further, Defendant has every right to expand discovery as more information is uncovered, despite his efforts to conceal the relevance of Plaintiff's medical history.

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

After significant efforts by Defendant to obtain these records from Plaintiff in response to the RFPs, Defendant was forced to serve Plaintiff's medical providers directly with records subpoenas.  Shaheed Decl., ¶ 1. Defendant served Dr. Gladstein and therapist Edward Garren, who Plaintiff testified as having significant information and being his confidants who knew "everything."  Plaintiff did not serve objections to the subpoenas and did not file a Motion to Quash as to either subpoena. Mashouf Decl., ¶ 3; Shaheed Decl., ¶ 15.   Thus, Plaintiff again waived any objection to avoid production of those records.

### B.   Plaintiff Entered into and Violated a First Look Agreement Entitling Defendant to Unredacted Medical Records.

After much effort, it became clear that neither medical provider was willing to produce records despite the enforceable subpoena properly served on them.  Shaheed Decl., ¶ 1-9. To avoid burdening the Court with a motion, Defendant agreed to enter into a First Look Agreement with Plaintiff in exchange for obtaining a HIPPA authorization and release of records.  Mashouf Decl., ¶ 4-5, Ex. A-B.  The premise of the First Look Agreement was that Plaintiff's counsel would exercise reasonable discretion in making redactions to only matters that are entirely irrelevant and highly private. *Id.* During the meet and confer discussions, Defense counsel specified that anything related to drug use, for example, would be highly relevant, including the ability for a plaintiff to recall events and know what actually took place. *Id.* Plaintiff's counsel responded, "fair enough" and that he would provide a detailed privilege log that would be informative enough to allow Defense counsel to determine whether motion practice would be warranted to challenge the redactions. *Id.* The Parties memorialized the First Look Agreement:

"However, given the interest in minimizing Court intervention ***and your representation that you will use discretion in applying redactions and do so only in good faith where the information is truly irrelevant to his claims***, then we will agree to a First Look

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

9

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

arrangement. The agreement would be as follows:

- By the end of the week, you provide a written authorization signed by your client to release all medical records. First Legal numbers each page of the documents before providing them to your office.
- You apply redactions, if any, and **return them to our office by mail and __email__ within 5 business days**. *Failure to do so will be deemed consent for First Legal to provide the records to United*.
- Simultaneously, you provide a detailed privilege log with an adequate explanation to allow Defendant to determine whether *in camera* review and motions practice will actually be necessary.
- You stipulate that our agreement to the first look approach is without prejudice to United's right to dispute the appropriateness of redactions and without prejudice to United's timeliness in bringing motions to compel the unredacted production or having to obtain a provider's deposition (i.e. obtaining the final information or the deposition about the information past the discovery cut-off due to motion practice needed to obtain the information)"

Plaintiff's counsel stated that he may need more than five business days to do the first look, and Defense counsel responded twice that she can agree to an extra day or two for the privilege log, but the medical records must be provided within five business days, concluding, "We do not agree to provide the records to you for a First Look without a commitment to turning those records over *within 5 business days*…We will stick with the original First Look Agreement (5 days to review) if we have Mr. Chagas' appropriate and full authorizations by noon tomorrow."[2]  *Id.*, Ex. A. By noon the following day, Plaintiff's counsel provided a signed HIPPA authorization

---

[2] Plaintiff has misrepresented to the Court that the First Look Agreement was made with the caveat that Plaintiff "may need more than 5 business days to respond." No such agreement was made and Defense counsel specifically denied such an extension twice. He also claims that later he stated, verbally, that he may not be able to provide the redacted records until the sixth business day and Defense counsel did not respond. No such statement was made and the First Look Agreement was certainly not modified. This is obvious since Defense counsel had repeatedly declined an extension.

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and the First Look Agreement, as memorialized above and having been sent to the deposition officer, was triggered. *Id.,* ¶ 4-5, Ex. B; Shaheed Decl., ¶ 12, Ex. B.

### 1. Plaintiff Breached the First Look Agreement's Timeline, Consenting to Production of the Records

The deposition officer obtained the medical records from Dr. Gladstein and emailed them to Plaintiff's counsel on Monday, January 27, 2020, making the redactions due to Defense counsel no later than Monday, February 3, 2020 by email and mail. Mashouf Decl., ¶ 6.  Shaheed Decl., ¶ 14. Plaintiff's counsel failed to meet this deadline, triggering the First Look Agreement's provision that Plaintiff had consented to the deposition officer producing the documents directly to Defense counsel. *Id.*

It is important to note that the records from Dr. Gladstein that he ultimately produced were less than 30 pages and largely redundant.  Review and redaction of the records should have taken no more than 60 minutes.  There is no excuse for Plaintiff's counsel failure to comply with the timeline, especially since on the same day he sent many emails regarding discovery he wanted. Mashouf Decl., ¶ 6.

On February 4, 2020, the deposition officer emailed Defense counsel a link to download the unredacted medical records and informed Plaintiff's counsel that it had done so.  Mashouf Decl., ¶ 7, Ex. C.  Only after hearing this did Plaintiff's counsel then contact Defense counsel claiming that he mailed the records the evening before, though admitting that he did not email them as required.  *Id.*, ¶ 8, Ex. D.  He also then claimed that five business days after Monday, January 27 would somehow be Tuesday, February 4.[3]  *Id.* The deposition officer disagreed.  Shaheed Decl., ¶ 17. Defense counsel disagreed.  Defense counsel wrote Plaintiff's counsel a detailed

---

[3] Plaintiff has made contradicting arguments to advocate for creative interpretations of the First Look Agreement. First he claimed there was some implied agreement that he would get an additional day, as noted in the preceding footnote. Then he claimed that since he received the records after business hours, he should get another business day to review the records. The First Look Agreement did not have any such provision.

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

explanation, with case law, explaining that the records were properly provided and that no privilege protected them from production. *Id.*, ¶ 9, Ex. E.  Plaintiff's counsel did not provide any response to the substantive legal position taken by Defense counsel, including its arguments as to why the records are not privileged.  Instead, he kept referring to the documents as "privileged" stating that he will seek to have the firm disqualified if Defense counsel does not comply with Rule 26, which does not apply here. *Id.* At no point did Defense counsel indicate that she had actually accessed the medical records.

### 2.   Plaintiff Breached the First Look Agreement by Unscrupulously Redacting and/or Withholding Plaintiff's Medical Records On "Relevance" Grounds and Providing a Boilerplate Privilege Log.

As discussed during the meet and confer process, Plaintiff's counsel agreed to only redact highly sensitive and private medical information which was irrelevant to this action, including Plaintiff's alleged emotional distress damages.  Thus, the First Look Agreement specifically stated that it was based on Plaintiff's counsel's representation that he would "***use discretion in applying redactions and do so only in good faith where the information is truly irrelevant to his claims.***"  Mashouf Decl., ¶ 4, Ex. A.  That is not what happened.  Plaintiff's counsel produced medical records with extensive redactions, including entire pages.  Indeed, even Plaintiff's surgical history, medications, family history, and BMI were redacted. *Id.*, ¶ 11, Ex. F.

Further, the First Look Agreement was contingent on Plaintiff's agreement to "provide a detailed privilege log with an adequate explanation to allow Defendant to determine whether *in camera* review and motions practice will actually be necessary."  Instead of doing so, Plaintiff's counsel stated in every entry on the privilege log that the information was "Outside scope of release, not related to employment or similar complaints; Medical Privacy." *Id.*, ¶ 11, Ex. F.

Incredibly, Dr. Gladstein produced 71 pages of records and Plaintiff's counsel

12

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   improperly withheld 44 of those pages without any agreement that he may entirely

2   withhold records that were provided under the First Look Agreement.  Thus,

3   ***Plaintiff's counsel has entirely withheld more than half of the records which were***

4   ***produced pursuant to the subpoena*** and Defense counsel has no way of determining

5   what possible justification he has for hiding such extensive records.  *Id.*, ¶ 11, Ex. F.

6          Indeed, Plaintiff's counsel sent a letter on February 17 indicating that he has

7   made additional redactions to the previously produced medical records and, for the

8   first time, placing the redacted records under the Protective Order. *Id.*, ¶ 14, Ex. I.

9   Plaintiff's counsel inexplicably blamed Defense counsel for not detecting his missed

10  redactions and alerting him.  One of these additional redactions related to Plaintiff's

11  drug dependence.  *Id.* During a non-confidential deposition on February 27, a friend of

12  Plaintiff's testified that Plaintiff may have been under the influence of drugs at

13  relevant times and has only been sober for nine months.  *Id.* It is inexplicable how

14  Plaintiff's counsel could claim that Plaintiff's drug dependence is unrelated and non-

15  responsive when he was terminated for events that could be explained by drug use.

16  Further, his claim that United caused him severe emotional distress is completely

17  undermined by pre-existing and ongoing drug abuse.  *Id.* Indeed, during the meet and

18  confer process, Defense counsel clearly stated that medical records reflecting drug use

19  would be relevant and did not get push back from Plaintiff's counsel on this point.

20  *Id.*, ¶ 4. Nevertheless, Plaintiff's counsel redacted such information so that it would

21  not be discovered.

22         Further, during the same deposition of Plaintiff's friend, it was revealed that

23  Plaintiff was under medication or drugs which caused him paranoia, something that

24  would explain his behavior in the events that led to his termination. *Id.*, ¶ 14.

25         While these matters are for the Magistrate Judge to resolve in the pending

26  discovery motion, Plaintiff's counsel has now claimed that Defense counsel has

27  unethically obtained private medical information—the very medical information

28
13

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED
DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO
DISQUALIFY COUNSEL**

1  which Plaintiff's friend had extensive details about.  The testimony from Plaintiff's

2  friend demonstrates not only that any alleged privacy has been waived throughout this

3  litigation, but that Plaintiff had also waived any alleged privacy even before this

4  litigation by discussing his medical history with friends.

**C.**   **Without Meeting and Conferring, Plaintiff Filed This Motion in Retaliation for Defendant's Discovery Motion and Has Failed to Withdraw It Knowing It Is Frivolous.**

7  On February 8, 2020, pursuant to the Local Rules, Defense counsel sent

8  Plaintiff's counsel a copy of the Joint Stipulation re Motion to Compel Discovery

9  which included a request that Plaintiff's complete unredacted medical records be

10  produced.  Mashouf Decl., ¶ 15. In response, Plaintiff's counsel filed the instant

11  Motion without meeting and conferring with Defense counsel. *Id*., ¶ 16. Had

12  Plaintiff's counsel simply complied with Local Rule 7-3, he would have known

13  without any doubt that Defense counsel had not obtained or viewed the unredacted

14  medical records.

15  Defense counsel wrote a letter to Plaintiff's counsel, sent by fax and email the

16  same day, explaining that she never obtained the unredacted medical records which

17  Plaintiff's counsel falsely represented to this Court that she had "actively and

18  affirmatively looked at…and used."  This was then confirmed by phone and Defense

19  counsel emailed a proposed declaration under oath affirming as much at Plaintiff's

20  counsel request. *Id*., ¶ 12, Ex. G.

21  Indeed, as a result of this Motion, Law360 published an article titled, "Ex-

22  United Worker Seeks To DQ Reed Smith Over Medical Docs," further exacerbating

23  Plaintiff's counsels false representations. *Id*., ¶ 17, Ex. K. Plaintiff's counsel's actions

24  demonstrate the importance of Local rule 7-3's meet and confer requirement and

25  FRCP 11(b)'s prohibition on attorney's filing motions that are unwarranted, intended

26  to harass, needlessly increase litigation costs and/or include false "facts."  For that

27  reason, Defense counsel's letter informed Plaintiff's counsel that he was now on

28

14

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

notice of the false representations under FRCP 11(c)(1) and must immediately withdraw the Motion.  Although the Parties seemed to come to an agreement that the Motion would be withdrawn, Plaintiff's counsel has since refused to do so without insisting on an overbroad declaration which goes beyond the records at issue. *Id.*, ¶ 13, Ex. H. To be clear, Defense counsel is under no obligation to provide Plaintiff's counsel with a declaration to appease his baseless beliefs but, to this day, has offered to do so.  But Defense counsel will not cede to Plaintiff's counsel demand that she agree to extraneous and overbroad conditions in the declaration.  Further, by way of this opposition, Defense counsel has submitted a declaration under oath which is more than adequate to require Plaintiff's counsel to immediately withdraw this Motion.  His failure to do so will be further grounds for sanctions under FRCP 11.

## III.   LEGAL ARGUMENT

### A.     There Is No Basis To Disqualify Reed Smith Or Grant Other Relief.

Federal courts consider California law when considering whether to disqualify counsel based on a violation of ethical rules. *Thibodeau v. ADT Sec. Servs.*, No. 3:16-cv-02680-GPC-AGS, 2018 U.S. Dist. LEXIS 94622, at *4 (S.D. Cal. June 4, 2018) (citing *In re Cty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000)).  Disqualification of counsel is a "drastic measure that is disfavored . . . [b]ecause [it is] often tactically motivated." *Id.* (alterations in original).  As a result of this potential for abuse, "disqualification motions should be subjected to particularly strict judicial scrutiny." *Id.* (citing *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985)).  Even if counsel has violated the California Rules of Professional Conduct—which Defense counsel here has not—disqualification is not automatically compelled. *Id.* (citing *Gregori v. Bank of America*, 207 Cal. App. 3d 291, 303 (1989)).  "Moreover, the significant question is 'whether there exists a genuine likelihood that the status or misconduct of the attorney in question will affect the outcome of the proceedings before the court.'" *Id.* (citing *Gregori*, 207 Cal. App. 3d at

15

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

303).  Disqualification is not appropriate where there is "no substantial continuing effect on future judicial proceedings" as other remedies are more appropriate.  *Id.*

Here, Plaintiff erroneously argues that Defense counsel has violated California Rules of Professional Conduct Rule 4.4, which applies to documents that are "reasonably apparent to a lawyer … that the writing was inadvertently sent or produced, and the lawyer knows or reasonably should know that the writing is privileged or subject to the work product doctrine."  This Rule is not applicable to the documents at issue.  As discussed above, there has not been an inadvertent production of any medical records here.  The deposition officer sent Defense counsel a link to download the medical records pursuant to the clear terms of the First Look Agreement, which has not yet been accessed. Mashouf Decl., ¶ 7, Ex. C.

Furthermore, even if there could be an argument that the records were "inadvertently" produced, the documents were not privileged.  As discussed more in depth above and below, Plaintiff waived any and all privileges to his medical history during the time of his employment by 1) seeking severe emotional distress damages, 2) failing to assert timely objections to Defendant's RFP, 3) failure to filing a motion for relief from waiver of those objections, 4) failing to assert objections or bring a motion to quash the subpoena served on Dr. Gladstein, and 5) failing to bring a motion for protective order.  While Plaintiff's counsel may have repeatedly made the bald assertion that the medical records at issue were privileged, he failed to provide any applicable legal authority or analysis to support his belief.

Finally, Plaintiff's Motion relies on inapplicable case law such that he has not established any authority in support of disqualification. In *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 819 (2007), the case Plaintiff primarily relies on, the  counsel not only knew the documents at issue were protected by the attorney work product doctrine, but also made "full use" of those documents.  *Id.*  That is not the case here.  Not only are the medical records here not privileged, but Defense counsel never

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

accessed the unredacted medical records, much less used them in any way.

Defense counsel has not engaged in any misconduct under the California Rules of Professional Conduct and as such, there are simply no grounds to justify the extreme remedy that Plaintiff now seeks through disqualification.

## B. This Motion Should Be Denied Because FRCP 26(b)(5)(B) Does Not Apply

Plaintiff brings this Motion "Per FRCP 26(b)(5)(B)" – a provision that has absolutely no application to the facts. The rule states, in short, that where information is "produced in discovery" and is subject to a claim "of privilege or of protection as trial-preparation material," the party claiming the privilege must notify the other of the "claim and the basis for it," thereby creating a duty for the receiving party to "return, sequester, or destroy the specified information." The rule applies to privileges, not general privacy rights.[4] As described above and below, any claim to privilege has already been waived, but even the claim to privilege has no legal basis. Under the rule, Plaintiff's counsel was required to not simply cite to the statute, but to provide the "basis" for his claim to a particular privilege. Defense counsel provided Plaintiff's counsel with case law establishing that no privilege applies – Plaintiff's counsel should have, but did not, respond with the "basis" for his claim to a particular privilege.

However, even more obvious is the problem that the rule only applies if Defense counsel had actual possession of the records which, as explained numerous times, she never had. To the extent Plaintiff's counsel wanted to prevent Defense counsel from downloading the material at some future time, all he needed to do was sign the proposed declaration and stipulation which set forth such an agreement or file

---

[4] The right to privacy is not the same as a privilege and is therefore, "not an absolute bar to discovery." *Allen v. Woodford*, 2007 WL 309485, at *6–7 (E.D. Cal., Jan. 30, 2007, No. CVF051104OWWLJO). By contrast, courts must balance the need for information against the claimed right to privacy. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D.Ca.1995) (right of privacy may be invaded for litigation purposes).

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

a motion for protective order. Because Plaintiff brings the Motion pursuant to FRCP 26(b)(5)(B) and it has no bearing on the facts at issue, this Motion should be denied.

### C.   Even If Defendant Had Accessed the Unredacted Records, They Are Not Privileged.

Even if Plaintiff had asserted timely objections to both the RFPs and the subpoenas, "[p]rivacy rights in medical records are neither fundamental nor absolute." *Hukman v. Sw. Airlines Co.*, No. 18cv1204-GPC(RBB), 2019 U.S. Dist. LEXIS 22842, at *11-12 (S.D. Cal. Feb. 12, 2019). By alleging emotional distress damages, Plaintiff has made his emotional condition an element of his claim and thus, Defendant is entitled to discovery regarding medical records and history in order to ensure a fair trial, particularly on the element of causation. *Garcia v. Capistrano Unified Sch. Dist.*, No. 8:16-02111 DOC (ADSx), 2019 U.S. Dist. LEXIS 207610, at *9 (C.D. Cal. June 18, 2019) (defendants' need to access plaintiff's medical information to defend against allegations that they caused her emotional distress is high and a stipulated protective order would adequately protect against unauthorized disclosure); *Hukman*, 2019 U.S. Dist. LEXIS 22842, at *10 ("A plaintiff who elects to seek damages for emotional distress relies on her emotional condition as an element of her claim. [Citation.] Once a plaintiff has elected to seek such damages, she cannot fairly prevent discovery relating to that element of her claim."); *Powell v. Wells Fargo Home Mortg.*, No. 14-cv-04248-TSH, 2018 U.S. Dist. LEXIS 168320, at *7-8 (N.D. Cal. Sep. 28, 2018) (plaintiff seeking emotional distress damages "has placed his mental condition at issue and therefore waived . . . his privacy rights with respect to his medical records and defendant is entitled to discovery that will shed light on the nature of Plaintiff's alleged emotional distress and on the sources that proximately gave rise to it"); *Soriba Bangoura v. Andre-Boudin Bakeries, Inc.*, No. C 12-03229 MMC (DMR), 2012 U.S. Dist. LEXIS 154870, at *7-8 (N.D. Cal. Oct. 29, 2012) (employment case where Plaintiff did not allege cause of action for emotional distress,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

18

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

but rather "that he allegedly suffered because of Defendant's actions and has testified that Defendant is one of multiple causes of his alleged emotional distress" which placed "his mental condition at issue and therefore waived the psychotherapist privilege and his privacy rights with respect to his medical records); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999) ("*if* the patient desires the jury to compensate her for damage to her emotional condition, then defendant is entitled to explore the circumstances [that] caused that injury") (emphasis in original).

Further, Plaintiff stated in a recently uncovered text message that he was under the influence of a drug right around the time of his termination that was causing him paranoia—a side effect that could explain his otherwise inexplicable actions that led to his termination. Plaintiff also claims to have suffered from nightmares since his termination, which his friend explained may have actually been caused by his drug withdrawal. Mashouf Decl., ¶ 14. Thus, Plaintiff's medical records are at the heart of this case and are not entitled to an absolute privilege, as he would like to believe.

### D. Even If The Records Were Privileged, Which They Are Not, Privilege Has Repeatedly Been Waived.

To be clear, Plaintiff has no basis to obstruct Defendant's right to discovery as it relates to his medical records because his after-the-fact privilege assertions have no effect. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of <u>any</u> objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (emphasis added); *see also Calfee v. Graham*, No. 2:14-cv-01395-JAM-AC, 2015 U.S. Dist. LEXIS 127141, at *10-11 (E.D. Cal. Sep. 21, 2015) (citing *Richmark Corp.* for the proposition that waiver applies to right to privacy objection); *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2nd Cir. 1998) (failure to serve timely objections waives all grounds for objection, including privilege).

Plaintiff did not object to the underlying RFPs or subpoenas and has not taken

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

19

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  steps to maintain privilege as to any of his medical records.  He did not file a Motion

2  to Quash the subpoenas.  He did not file a motion for relief from waiver.  He did not

3  file a Motion for Protective Order.  He has not taken any of the necessary steps to

4  preserve any right to privilege, but now inexplicably points the finger at Defense

5  counsel as violating his alleged rights.  Thus, even if Defense counsel had obtained the

6  records, there is nothing "illegal" or "unethical" about it given Plaintiff's repeated

7  waiver of his alleged right to privacy and clear violation of the First Look Agreement.

8  ### E.  Plaintiff's Motion Should Be Denied Under Local Rule 7-4.

9  Local Rule 7-3 requires:

10  [C]ounsel contemplating the filing of any motion shall first contact
   opposing counsel to discuss thoroughly, preferably in person, the
11  substance of the contemplated motion and any potential resolution.
   The conference shall take place at least seven (7) days prior to the
12  filing of the motion.  If the parties are unable to reach a resolution
   which eliminates the necessity for a hearing, counsel for the moving
13  party shall include in the notice of motion a statement to the following
   effect:
14
15  "This motion is made following the conference of counsel pursuant to
   L.R. 7-3 which took place on (date)."

16  This Court's standing order also requires compliance with Local Rule 7-3 and

17  further dictates that "***Counsel should discuss the issues to a sufficient degree*** that if a

18  motion is still necessary, the briefing may be directed to those substantive issues

19  requiring resolution by the Court."  Local Rule 7-4 empowers this Court to "decline to

20  consider a motion" if the moving party fails to comply with the requirements of Local

21  Rule 7-3.

22  Here, Plaintiff's counsel's failure to meet and confer pursuant to this Court's

23  standing order and Local Rule 7-3 resulted in the filing of an entirely frivolous and

24  factually false Motion.  Mashouf Decl., ¶ 16. Had Plaintiff's counsel made any effort

25  to meet and confer with Defense counsel, she would have informed him that she never

26  obtained or reviewed the unredacted medical records from Dr. Gladstein.  Plaintiff's

27  failure to meet and confer as required further demonstrates that Plaintiff brought this

28

20

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED
DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO
DISQUALIFY COUNSEL**

1 | Motion in retaliation for Defendant's Motion to Compel and in a flimsy effort to
2 | rectify several errors by Plaintiff's counsel—not because the facts or the law justify
3 | the instant Motion.  Thus, this Court may decline to consider this motion wholesale.

**IV.    CONCLUSION**

Defendant respectfully asks that the Court deny Plaintiff's Motion entirely and, within the Court's discretion, take appropriate actions to remedy Plaintiff's repeated misconduct in filing this frivolous Motion.

Dated:  March 5, 2020                    REED SMITH LLP


/s/ *Fatemeh S. Mashouf*
Michele Haydel Gehrke
Fatemeh S. Mashouf
Attorneys for Defendant
UNITED AIRLINES, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware