1  Michele Haydel Gehrke (215647)
   mgehrke@reedsmith.com
2  REED SMITH LLP
   101 Second Street
3  Suite 1800
   San Francisco, CA 94105-3659
4  Telephone: +1 415 543 8700
   Facsimile: +1 415 391 8269
5
   Fatemeh S. Mashouf (288667)
6  fmashouf@reedsmith.com
   REED SMITH LLP
7  355 South Grand Ave
   Suite 2800
8  Los Angeles, CA 90071
   Telephone: +1 213 457 8000
9  Facsimile: +1 213 457 8080

10 *Attorneys for Defendant*
   United Airlines, Inc.

11

12

13

14

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case. No.: 2:19-cv-03860<br><br>**DECLARATION OF FATEMEH MASHOUF IN SUPPORT OF DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**<br><br>Hearing:      May 18, 2020<br>Time:         8:30 a.m.<br>Courtroom:    10B<br><br>[ASSIGNED TO HONORABLE JOHN KRONSTADT]<br><br>Complaint Filed: March 28, 2019 |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## DECLARATION OF FATEMEH S. MASHOUF

I, Fatemeh S. Mashouf, declare as follows:

1.      I am an attorney with the law firm of Reed Smith LLP, attorneys for Defendant United Airlines, Inc., and am admitted to practice law before all courts in the state of California, including the above captioned Court.  I have personal knowledge of the matters stated herein and if called as a witness and sworn, I could competently testify thereto.

2.      ***I have never accessed or viewed the unredacted medical records Plaintiff seeks to claw back in the instant Motion***.

3.      Through my deposition officer, First Legal, I served Dr. Jay Gladstein and therapist Edward Garren with records subpoenas. Plaintiff did not serve objections to the subpoenas and did not file a Motion to Quash as to any of the subpoenas.

4.      During an in-person conference discussing production of Plaintiff's medical records in connection with outstanding discovery and a potential First Look Agreement, I specified that anything related to drug use, for example, would be highly relevant. Mr. Aarons responded, "fair enough" and that he would provide a detailed privilege log that would be informative enough to allow me to determine whether motion practice would be warranted to challenge the redactions. To avoid burdening the Court with a motion, I agreed to enter into a First Look Agreement with Plaintiff in exchange for obtaining a HIPPA authorization and release of records. In response, Mr. Aarons asked for more than five business days and I responded two times declining the change, concluding, "We do not agree to provide the records to you for a First Look without a commitment to turning those records over within 5 business days…We will stick with the original First Look Agreement (5 days to review) if we have Mr. Chagas' appropriate and full authorizations by noon tomorrow." Attached as **Exhibit A** is a true and correct copy of the email chain establishing the First Look Agreement between counsel, Mr. Aarons' response that he may need more time, and

2

**MASHOUF DECL. ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

my response declining the request for additional time. There are no emails evidencing an agreement to modify the terms of the First Look Agreement.

5.     Thereafter, Mr. Aarons sent the signed HIPPA authorization without any further request for additional time. Attached as **Exhibit B** is a true and correct copy of Mr. Aarons' email providing the HIPPA authorization, consistent with the First Look Agreement.

6.     Mr. Aarons and First Legal have stated that First Legal emailed records they obtained from Dr. Gladstein to Plaintiff's counsel on Monday, January 27, 2020, making the redactions due to me by email and mail no later than Monday, February 3, 2020. While I received several emails from Mr. Aarons on February 3 regarding depositions he wanted, he did not send any emails regarding the records due that day and certainly did not send the redacted records, in whole or in part, by the due date.

7.     On February 4, 2020, First Legal emailed me a link that would allow me to download records from APLA Health / Dr. Jay Gladstein.  I was the only recipient on the email.  I was provided a corresponding password in a second email. ***To this day, I have not viewed or downloaded these unredacted medical records.*** I have inquired with my legal assistant and the partner on this case, Michele Haydel Gehrke, and am informed that neither of them nor anyone else at Reed Smith received these documents, digitally or otherwise.  Attached as **Exhibit C** is a true and correct copy of this February 4, 2020 email that provides the download link which I have not clicked on.

8.     On February 4, 2020, First Legal told Mr. Aarons that the unredacted records were being released pursuant to the terms of the First Look Agreement. Mr. Aarons emailed me his position that the records should not have been sent. He emailed the highly redacted records about 30 minutes later, at 1:17 pm the day after

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**MASHOUF DECL. ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

they were due, claiming that he had mailed them out the day before.  Attached is a true and correct copy of Mr. Aarons' 1:17 pm email, identified as **Exhibit D.**

9. I responded to Mr. Aarons indicating that the records were indeed late, triggering First Legal's production of the records without redaction under the terms of the First Look Agreement. I also disputed his representation that there was any implied agreement to give him an extra day. I provided case law to show that the records are not privileged or protected from discovery. Mr. Aarons never responded to these substantive points. Instead, he cited to FRCP 26 and the protective order that had no application. A true and correct copy of this email chain is attached hereto as **Exhibit E.**

10. Mr. Aarons claims that he had verbally stated that he may not be able to provide the redacted records until the sixth business day (Tuesday, February 4, 2020) and I did not respond. No such statement was made. I clearly remember this discussion. Mr. Aarons stated that he received the records from First Legal but may not get to it until "Monday," to which I specifically responded, "that's five business days." There was no discussion or agreement about the records being produced on Tuesday. The First Look Agreement was certainly not modified.

11. When Mr. Aarons finally produced the medical records, they contained heavy redactions, including to Plaintiff's surgical history, medications, family history, and BMI.  Dr. Gladstein produced 71 pages of records and Plaintiff's counsel improperly withheld 44 of those pages without any agreement that he may withhold entire records that were provided under the First Look Agreement.  Attached as **Exhibit F** is a true and correct copy of the privilege log provided by Mr. Aarons in connection with the incomplete and highly redacted records from Dr. Gladstein.

12. In response to the instant Motion, I wrote Mr. Aarons a letter, sent by fax and email the same day, explaining that my office has never accessed the medical

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

4

**MASHOUF DECL. ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

records which he represented are in my possession.  Attached as **Exhibit G** is a true and correct copy of this February 14, 2020 communication to opposing counsel. Thereafter, Mr. Aarons called me on the same day to confirm the accuracy of the information in my email. We agreed, in principal, that if the information I provided were true, the Motion should be withdrawn and I agreed to provide a declaration and stipulation to that effect.

13.     On February 19, 2020, I sent Mr. Aarons the proposed declaration and stipulation to withdraw the instant Motion. Mr. Aarons responded one week later with significant revisions to the proposed declaration and stipulation to which I responded by email. I informed him that I could not agree to his proposed edits, that the declaration is not even necessary to require him to withdraw the Motion, but that I am still prepared to sign the declaration as initially proposed. A true and correct copy of the initial proposed declaration and the emails resulting therefrom are attached hereto as **Exhibit H**.

14.     Mr. Aarons sent a letter on February 17 indicating that he has made additional redactions to the previously produced medical records and, for the first time, placed the redacted records under the Protective Order. A true and correct copy of this letter, excluded the attachments which are now under the Protective Order, is attached here as **Exhibit I**.  One of these additional redactions related to Plaintiff's drug history – an issue that is now in the public record, does not qualify for redaction, and that Mr. Aarons claims was known to Defendant already, making it unclear why he added the redaction. During a non-confidential deposition on February 27, Plaintiff's friend testified that Plaintiff may have been under the influence of drugs at relevant times and has only been sober for nine months.  Further, during the same deposition, text messages were produced revealing that Plaintiff was using a

**MASHOUF DECL. ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

1   medication or "drug" that caused him "paranoia," something that would explain his

2   behavior in the events that led to his termination.

3        15.    Prior to this Motion being filed, on February 8, 2020, I sent Mr. Aarons a

4   proposed Joint Stipulation in anticipation of a discovery motion seeking, among other

5   things, production of unredacted medical records. As a result, Mr. Aarons filed the

6   instant Motion and, on the same day, sent a letter attempting to preclude further email

7   communications.  A true and correct copy of Mr. Aarons' letter is attached hereto as

8   **Exhibit J**.

9        16.    Mr. Aarons did not meet and confer with me or my colleague regarding

10  his intent to file this Motion. Mr. Aarons contends that his February 4-5 emails

11  demanding that Defense counsel not view the records was adequate under the rule.

12  However, at the time of those emails, Defense counsel had not yet decided the

13  appropriate course of action and, thus, I informed Mr. Aarons that the law does not

14  support his position. At no time did I indicate that I had actually obtained or reviewed

15  the unredacted records. Had Mr. Aarons sent a communication prior to filing this

16  Motion explaining the grounds for his Motion, as required under Local Rule 7-3, he

17  would have been informed that he was mistaken and that the unredacted medical

18  records have not been accessed, reviewed, or utilized.

19       17.    As a result of this Motion, Law360 published an article titled, "Ex-United

20  Worker Seeks To DQ Reed Smith Over Medical Docs."  A true and correct copy of

21  the Law360 article is attached as **Exhibit K**.

22       18.    Attached as **Exhibit L** is a true and correct copy of Defendant's Request

23  for Production of Documents, Set One ("RFP") and its proof of service which was

24  served simultaneously with Interrogatories, Set One.   These requests call for the

25  production of Plaintiff's medical records in a number of requests.  RFP number 32

26  specifically seeks all medical records with any medical provider who Plaintiff

27                                          6

28  **MASHOUF DECL. ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
   **MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED**
   **DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO**
   **DISQUALIFY COUNSEL**

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

consulted with because of the alleged wrongful conduct. In other words, if Plaintiff sought treatment from a provider at any time regarding his claim for emotional distress or regarding his employment, all the records from that provider are responsive. Further, other requests sought any records reflecting communications between Plaintiff and anyone else related to his allegations (RFP number 2), all records since 2017 related to any claims in this lawsuit (RFP number 23), all witness statements that contradict, support, relate or pertain to any allegations (RFP numbers 3, 24), and any documents related to damages he is seeking (RFP numbers 33-34). Each of these requests call for Plaintiff's medical records related to his claim for emotional distress, including medical records that contradict his claim for emotional distress, as the term "related to" in the RFPs was defined broadly to include any information or document that is contrary to Plaintiff's contention. Plaintiff failed to provide any responses until two months later, mailed on October 17, 2019, where he provided responses without any objections. To date, Plaintiff has not filed any motion seeking relief from waiver of the objections.

I declare under penalty of perjury under the state laws of California and Federal law that the foregoing is true and correct. Executed in Los Angeles, California on March 5, 2020.

/s/ *Fatemeh S. Mashouf*
_____
Fatemeh S. Mashouf

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

7

**MASHOUF DECL. ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFENDANT TO RETURN AND NOT USE PRIVILEGED DOCUMENTS AND INFORMATION PER FRCP 26(b)(5)(B) AND TO DISQUALIFY COUNSEL**

# EXHIBIT A

EXHIBIT A

**Jones, Lyn**

| | |
|---|---|
| **From:** | Mashouf, Fatemeh S. |
| **Sent:** | Monday, January 20, 2020 8:22 AM |
| **To:** | 'Martin Aarons'; Gehrke, Michele Haydel |
| **Subject:** | RE: Chagas |

Martin,

As we stated from the beginning, we believe that there should be no redactions to Mr. Chagas' medical records but because time is of the essence, we agreed to a first look approach preserving our right to seek Court intervention if the redactions are improper or the privilege log is too vague.

We sent you the proposed first look agreement on the 8th expressing that it was contingent on a tight, but fair, timeline. I also sent you a proposed medical authorization release form to expedite this. Your email last week indicated we would have it by Friday but we still do not have anything. Further, you are not willing to agree to provide the records within 5 business days which should be more than enough time. We do not agree to provide the records to you for a First Look without a commitment to turning those records over within 5 business days. At this point, we are likely not going to get the records until just a month before the discovery cut-off (or less) which is very concerning given our need to obtain physician depositions as well as the significant likelihood of needed to obtain court intervention regarding redactions. We believe these are records that should have been produced in September pursuant to the document requests – requests which you agreed to provide supplemental responses to multiple times but we still have not received. We have been more than cooperative and patient. We have reached our very last point of compromise. We will stick with the original First Look Agreement (5 days to review) if we have Mr. Chagas' appropriate and full authorizations by noon tomorrow.

It should also be noted that we met and conferred on the other discovery issues with a promise that you would send us all the discovery responses by email by the 16th and we still not have received anything but the cover letter indicating that you mailed items which likely won't even get to us until the 21st given the holiday weekend. Thus, we are increasingly uncomfortable with trying to resolve discovery issues on an informal basis in reliance on good faith.  The First Look agreement requires us to have confidence that you will provide all the documents to us with very limited redactions and a detailed privilege log but our confidence to be able to rely on that has diminished at this point.

Finally, both of Plaintiff's medical providers are already out of compliance with the subpoenas served on them – subpoenas without timely objections submitted or a motion to quash. Dr. Gladstein has refused to produce the records despite weeks of the process server being told that he would and Edward Garren evaded service and, once served, has since refused to respond to the outstanding subpoena. Thus, we will need a Court order just to get the records and then possibly a court order to compel them to deposition. To the extent plaintiff is intending to utilize either individual as an expert or the providers were instructed by Mr. Chagas not to provide the records, this non-compliance and delay is even more concerning.

Further, I have already explained to you many reasons that Plaintiff's medical records should be produced without redactions. His medical history goes hand in hand with his claims for emotional distress, credibility and after acquired evidence and I have not received any information in response that is specific enough to overcome our need for the information. We have already agreed that his records could be subject to the protective order so as to protect wider dissemination.

Thus, while I was hoping to have had his records by now by way of the First Look agreement I proposed twelve days ago, allowing us to move for Court intervention in a timely manner for any excessive redactions, we now believe Court intervention will be inevitable and the timeline requires us to file our motion for relief this week. We hope to receive

appropriate authorizations by tomorrow at noon. Otherwise, we will seek Court intervention as contemplated during our Rule 37-1 meeting.

Please let me know if you would like to discuss further.

Fatemeh Mashouf
213.457.8179
fmashouf@reedsmith.com

---

**From:** Martin Aarons <maarons@aaronslawfirm.com>
**Sent:** Wednesday, January 15, 2020 2:58 PM
**To:** Mashouf, Fatemeh S. <FMashouf@reedsmith.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>
**Subject:** RE: Chagas

==EXTERNAL E-MAIL==

We have an arrangement, with the caveat that I may need more than 5 business days to respond.

I will put together a HIPPA form for him to sign with a release as you mentioned below and then with the time frame/parameters in your subpoena.  I should have that signed by Friday and then that can go out to Gladstein and Garren for production. If they call, I will tell them that this is what we/Allyson have agreed to.

Do you need anything else from me on this or are we good to go?

Martin

Martin I. Aarons | The Aarons Law Firm, APC
16000 Ventura Blvd. – Suite 850 | Encino, CA 91436
Tel: (818) 794-9250 | Fax: (818) 302-2072
Email: maarons@aaronslawfirm.com
Website: www.aaronslawfirm.com

This e-mail (including attachments) is confidential, privileged & exempt from disclosure and is intended solely for the use of the named recipient.  If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission.  The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects.  Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege.  If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message.

---

**From:** Mashouf, Fatemeh S. <FMashouf@reedsmith.com>
**Sent:** Friday, January 10, 2020 9:42 AM
**To:** Martin Aarons <maarons@aaronslawfirm.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>
**Subject:** RE: Chagas

Martin,

On that note, here is a template authorization form. If we have a deal, can Allyson fill this out for both Garren and Gladstein? The release should be to provide the records to "First Legal / Aarons Law Firm / Reed Smith" so they don't push back later about whether the release was adequate.

Thanks,

Fatemeh Mashouf
213.457.8179
fmashouf@reedsmith.com

---

**From:** Mashouf, Fatemeh S.
**Sent:** Friday, January 10, 2020 9:04 AM
**To:** 'Martin Aarons' <maarons@aaronslawfirm.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>
**Subject:** RE: Chagas

Martin,

I understand you have an MSJ due on the 13th but I imagine you won't be getting the documents until after then anyway. I imagine it will only take about an hour to review/redact the documents. I had originally put in a 3 day turn around for the document review given the discovery cut off and our need to depose the doctor. I extended it to 5 to not seem unreasonable. If you need an extra day or two for the privilege log, we can agree to that.

I'd really appreciate if we could get this decided today since I still need to get the authorization from the doctor, then get Chagas' signature, then get the doctor to hand the documents over, which then get to you for review. I suspect all this may take a week. If you want to discuss, we can set up a call. But please let me know today if we have an agreement so things can move forward.

Thanks,

Fatemeh Mashouf
213.457.8179
fmashouf@reedsmith.com

---

**From:** Martin Aarons <maarons@aaronslawfirm.com>
**Sent:** Thursday, January 9, 2020 1:25 PM
**To:** Mashouf, Fatemeh S. <FMashouf@reedsmith.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>
**Cc:** 'frrorders@firstlegal.com' <frrorders@firstlegal.com>
**Subject:** RE: Chagas

==EXTERNAL E-MAIL==

Thank you. I will confirm this arrangement with Allyson and get back to you Monday or Tuesday next week. My only change request is the turn around – I would ask for 2 weeks from date I receive as opposed to five business days. With Shannon out on leave I need a bit more time to make sure everything is getting handled and 5 business days may not be doable.

Martin I. Aarons | The Aarons Law Firm, APC
16000 Ventura Blvd. – Suite 850 | Encino, CA 91436
Tel: (818) 794-9250 | Fax: (818) 302-2072
Email: maarons@aaronslawfirm.com
Website: www.aaronslawfirm.com

This e-mail (including attachments) is confidential, privileged & exempt from disclosure and is intended solely for the use of the named recipient. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects. Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message.

**From:** Mashouf, Fatemeh S. <FMashouf@reedsmith.com>
**Sent:** Wednesday, January 8, 2020 5:10 PM
**To:** Martin Aarons <maarons@aaronslawfirm.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>
**Cc:** 'frrorders@firstlegal.com' <frrorders@firstlegal.com>
**Subject:** RE: Chagas

Martin,

As you know, United has taken the position that because there is a protective order in place and there has been no specific showing that Mr. Chagas' medical records require redactions or special treatment, all medical records are discoverable without redaction. However, given the interest in minimizing Court intervention and your representation that you will use discretion in applying redactions and do so only in good faith where the information is truly irrelevant to his claims, then we will agree to a First Look arrangement. The agreement would be as follows:

- By the end of the week, you provide a written authorization signed by your client to release all medical records.
- First Legal numbers each page of the documents before providing them to your office.
- You apply redactions, if any, and return them to our office by mail and email within 5 business days. Failure to do so will be deemed consent for First Legal to provide the records to United.
- Simultaneously, you provide a detailed privilege log with an adequate explanation to allow Defendant to determine whether in camera review and motions practice will actually be necessary
- You stipulate that our agreement to the first look approach is without prejudice to United's right to dispute the appropriateness of redactions and without prejudice to United's timeliness in bringing motions to compel the unredacted production or having to obtain a provider's deposition (i.e. obtaining the final information or the deposition about the information past the discovery cut-off due to motion practice needed to obtain the information)

Let me know as soon as possible if we are in agreement on the First Look re Plaintiff's medical records.

Fatemeh Mashouf
213.457.8179
fmashouf@reedsmith.com

**From:** Martin Aarons <maarons@aaronslawfirm.com>
**Sent:** Tuesday, January 7, 2020 8:59 AM
**To:** Gehrke, Michele Haydel <MGehrke@reedsmith.com>; Mashouf, Fatemeh S. <FMashouf@reedsmith.com>
**Cc:** 'frrorders@firstlegal.com' <frrorders@firstlegal.com>
**Subject:** Chagas

<mark>EXTERNAL E-MAIL</mark>

Following up on our meet and confer from last week in regard to the subpoenas for medical records.  There are extremely private medical information embedded in the records you seek and thus there is a need for a first look agreement where we will bates number, redact, and prepare a privilege log as I explained in person on Friday last week.  If you have other concerns then those can be raised in camera with the judge.

You have now had a some time to think this over as I raised this procedure last month too.  Please let me know by **tomorrow** if you will agree with this or if you are forcing me to file a motion for protective order.

Additionally, First Legal is hereby advised that they are not to collect the records from Dr. Gladstein/APLA until this issue has been resolved as we have objected and Allyson does not consent to production of his records.

Martin

Martin I. Aarons | The Aarons Law Firm, APC
16000 Ventura Blvd. – Suite 850 | Encino, CA 91436
Tel: (818) 794-9250 | Fax: (818) 302-2072
Email: maarons@aaronslawfirm.com
Website: www.aaronslawfirm.com

This e-mail (including attachments) is confidential, privileged & exempt from disclosure and is intended solely for the use of the named recipient.  If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission.  The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects.  Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege.  If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message.

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# EXHIBIT B

EXHIBIT B

**Jones, Lyn**

| | |
|---|---|
| **From:** | Martin Aarons <maarons@aaronslawfirm.com> |
| **Sent:** | Tuesday, January 21, 2020 10:53 AM |
| **To:** | Gehrke, Michele Haydel; Mashouf, Fatemeh S. |
| **Subject:** | Chagas |
| **Attachments:** | 20200121110705504.pdf |

==EXTERNAL E-MAIL - From maarons@aaronslawfirm.com==

Counsel – as promised, see attached HIPPA release for you to forward to First Legal.

Martin

Martin I. Aarons | The Aarons Law Firm, APC
16000 Ventura Blvd. – Suite 850 | Encino, CA 91436
Tel: (818) 794-9250 | Fax: (818) 302-2072
Email: maarons@aaronslawfirm.com
Website: www.aaronslawfirm.com

This e-mail (including attachments) is confidential, privileged & exempt from disclosure and is intended solely for the use of the named recipient. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects. Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message.

1

# EXHIBIT C

EXHIBIT C

**Jones, Lyn**

| | |
|---|---|
| **From:** | FRR QC <frrqc@firstlegal.com> |
| **Sent:** | Tuesday, February 4, 2020 11:58 AM |
| **To:** | Mashouf, Fatemeh S. |
| **Subject:** | ALLYSON CHAGAS vs. UNITED AIRLINES, INC. (102241-01) |
| **Attachments:** | Attachments.html |

<mark>EXTERNAL E-MAIL - From frrqc@firstlegal.com</mark>



Good Morning,

Attached are the documents pertaining to ALLYSON CHAGAS  from APLA HEALTH / JAY GLADSTEIN, MD. If you have any questions, please feel free to contact our office.
You will receive a password to view the encrypted files shortly.

Thank you,



**Nevart Diana Soultanyan** / Production Dept.
frrqc@firstlegal.com / 213.254.4102

**First Legal | Records**
Office: 877.591.9979 / Fax: 877.823.7488
https://www.firstlegal.com

**File Thru Trial™**

Private Investigator Licenses: CA PI: 24171 AZ PI: 1551710 NV PI-PS: 1452

This email (including any attachments) contains confidential information intended solely for the use of named addressee, and is protected by law. If you are not the intended recipient, you should delete it immediately and are hereby notified that disclosure, copying, distribution, or reuse of this message or any information contained therein by any other person is strictly prohibited.

# EXHIBIT D

EXHIBIT D

**Jones, Lyn**

| | |
|---|---|
| **From:** | Martin Aarons <maarons@aaronslawfirm.com> |
| **Sent:** | Tuesday, February 4, 2020 1:17 PM |
| **To:** | Mashouf, Fatemeh S. |
| **Cc:** | Gehrke, Michele Haydel |
| **Subject:** | RE: Chagas |
| **Attachments:** | 20200204132825486.pdf |

<mark>EXTERNAL E-MAIL - From maarons@aaronslawfirm.com</mark>

Also, I did not get the records from First Legal until after close of business last week on Monday, which I told you at our depo last week.  So five business days is today, and they went out in yesterday's mail.  I was not able to email them last night as I had to leave due to my daughter being sick with a fever – very scary these days.

I mentioned at the depo I would try to get them to you yesterday, but might not get to it until today.  You never said that this would be a problem.  See attached.  Again, please confirm you have deleted Mr. Chagas private medical records.

Martin

Martin I. Aarons | The Aarons Law Firm, APC
16000 Ventura Blvd. – Suite 850 | Encino, CA 91436
Tel: (818) 794-9250 | Fax: (818) 302-2072
Email: maarons@aaronslawfirm.com
Website: www.aaronslawfirm.com

This e-mail (including attachments) is confidential, privileged & exempt from disclosure and is intended solely for the use of the named recipient.  If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission.  The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects.  Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege.  If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message.

---

**From:** Martin Aarons
**Sent:** Tuesday, February 4, 2020 12:49 PM
**To:** Mashouf, Fatemeh S. <FMashouf@reedsmith.com>
**Cc:** Gehrke, Michele Haydel <MGehrke@reedsmith.com>
**Subject:** Chagas
**Importance:** High

I have just been advised that in violation of our first look agreement that First Legal sent you an email today with the unredacted medical records.  Please confirm that you will delete these immediately as this is in violation of our first look agreement.  If not, I will be filing a motion for sanctions and to get your firm disqualified from this case.

Martin

Martin I. Aarons | The Aarons Law Firm, APC

16000 Ventura Blvd. – Suite 850 | Encino, CA 91436
Tel: (818) 794-9250 | Fax: (818) 302-2072
Email: maarons@aaronslawfirm.com
Website: www.aaronslawfirm.com

This e-mail (including attachments) is confidential, privileged & exempt from disclosure and is intended solely for the use of the named recipient.  If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission.  The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects.  Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege.  If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message.

# EXHIBIT E

EXHIBIT E

**Jones, Lyn**

| | |
|---|---|
| **From:** | Martin Aarons <maarons@aaronslawfirm.com> |
| **Sent:** | Wednesday, February 5, 2020 2:58 PM |
| **To:** | Mashouf, Fatemeh S.; Gehrke, Michele Haydel |
| **Subject:** | Re: Chagas |

EXTERNAL E-MAIL - From maarons@aaronslawfirm.com

One other thing to note, Rules 26(b)(5)(B) is not limited to just those documents produced by Plaintiff, it pertains to any documents produced during discovery.

> (B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Again - please do the ethically responsible, and legally required, thing and confirm you have deleted and/or sequestered the information in compliance with the FRCP.  Legally and ethically this is what is required of you to do at this time.

Failure to confirm as such will require my to seek all available relief.

Martin I. Aarons
The Aarons Law Firm
16000 Ventura Blvd., Suite 850
Encino, CA 91436
Tel - (818) 794-9250
Fax - (818) 302-2072
http://www.aaronslawfirm.com

---

**From:** Martin Aarons <maarons@aaronslawfirm.com>
**Sent:** Wednesday, February 5, 2020 2:51 PM
**To:** Mashouf, Fatemeh S. <FMashouf@reedsmith.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>
**Subject:** Re: Chagas

I remind you both about FRCP Rule 26 and our protective order.  These are privileged documents that should not have been released and I request again, regardless of your position on the first look agreement, to abide by the FRCP and confirm you will destroy the records.  If not, I will be forced to seek all appropriate relief, including having your firm disqualified and or sanctioned.

martin

Martin I. Aarons
The Aarons Law Firm
16000 Ventura Blvd., Suite 850
Encino, CA 91436
Tel - (818) 794-9250
Fax - (818) 302-2072
http://www.aaronslawfirm.com

---

**From:** Mashouf, Fatemeh S. <FMashouf@reedsmith.com>
**Sent:** Wednesday, February 5, 2020 2:34 PM
**To:** Martin Aarons <maarons@aaronslawfirm.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>
**Subject:** RE: Chagas

Martin,

There is a lot to unpack here (and we are not agreeing to your characterizations of our communications), but the bottom line is that Defendant is entitled to these unredacted records. To start, the First Look Agreement makes it clear that you were supposed to provide the redacted documents by Monday with an adequate privilege log otherwise, you have consented to First Legal's production. This cut-off was agreed to and when we were together at your office, you indicated you may not get to it until Monday and I said, "Yes, that's 5 business days." At no point did I extend that time period and I am ready to submit an affidavit that you did not indicate you may produce it on Tuesday.  Regardless,  I did not agree to such a request, and you did not say that five business days somehow is Tuesday. It does not matter whether you received the documents outside of your normal business hours. Had you received the records on Friday morning or Sunday night, the documents would be due on the following Friday. What you are suggesting is that receiving the documents on Monday evening should entitle you to an additional business day. The First Look does not state you get five business days, excluding the first business day after receiving the documents, or that they must be received by the close of business for that day to count.

Five business days was more than enough time for you to have reviewed 30 pages. Indeed, you spent much of Monday sending me  emails about the deposition scheduling so you could have spent the 30-60 minutes it takes to review and redact these pages. You did not email us on Monday night to indicate that you could not comply and ask for additional time. Further, you did not even email me the records Monday morning. It was not until after First Legal informed you of the production that you finally sent over the documents at 1:17 pm. Finally, the First Look Agreement was conditioned on the agreement that you would provide a privilege log with an adequate level of description that would allow Defendant to make a judgment call as to whether the redaction was proper or not. You did not do that – you provided boiler plate statements in each privilege log entry. Thus, you breached the First Look Agreement on both levels.

In addition to all of this, Defendant is entitled to the records regardless. Plaintiff was supposed to produce these records as far back as September in response to RFP, Set One. You have yet to provide any legal support for your broad statement that these documents are immune from discovery. First, Plaintiff waived all objections to RFP, Set One. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of <u>any</u>

objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (emphasis added). Even if he had not waived objections, by alleging emotional distress damages, Plaintiff has made his emotional condition an element of his claim and thus, United is entitled to discovery regarding medical records and history in order to insure a fair trial, particularly on the element of causation. *Garcia v. Capistrano Unified Sch. Dist.*, No. 8:16-02111 DOC (ADSx), 2019 U.S. Dist. LEXIS 207610, at *9 (C.D. Cal. June 18, 2019) (defendants' need to access plaintiff's medical information to defend against allegations that they cause her emotional distress is high and a stipulated protective order would adequately protect against unauthorized disclosure).

Finally, Defendant is entitled to these records because they were produced pursuant to a subpoena. Your office had the opportunity to submit proper objections and a motion to quash but did not do so. Thus, while we worked cooperatively with you to minimize Court intervention, United was always entitled to these records and did not need your blessing.

There is simply no basis for you to now send threatening emails to my office and to the process server. Mr. Chagas filed a lawsuit placing his medical history at issue. United served proper subpoenas and discovery with narrow time frames and subject matters, per your own admission. United has been entitled to these records since September. United has agreed to a Stipulated Protective Order and will treat these records confidentially in accordance with that document (since the records were not produced by you in error there is nothing to clawback).

 If Mr. Chagas is now interested in withdrawing all claims related to his alleged emotional distress with prejudice, we can discuss a stipulation and limitation on discovery.

Fatemeh Mashouf
213.457.8179
fmashouf@reedsmith.com

---

**From:** Martin Aarons <maarons@aaronslawfirm.com>
**Sent:** Tuesday, February 4, 2020 2:26 PM
**To:** Gehrke, Michele Haydel <MGehrke@reedsmith.com>
**Cc:** Mashouf, Fatemeh S. <FMashouf@reedsmith.com>
**Subject:** Re: Chagas

EXTERNAL E-MAIL - From maarons@aaronslawfirm.com

Michele - Following up to our conversation just a little bit ago. Thank you for understanding my concerns about my clients privacy rights. As I mentioned, I do not believe that the production by first legal was appropriate. I also communicated to you my disappointment that no one from your office or first legal reached out to me before sending out the email.

In any event, as we discussed, documents under our protective order that have been erroneously produced can always be clawed back.  As such, I am again requesting that the email in question be deleted and not reviewed by your office.

You confirmed that neither you nor Fatemeh have looked at the email or documents in question and you have asked her to call you first before doing so. Again, please confirm your office has deleted the email and documents and will not use them per our agreement.

Thank you.

Martin I. Aarons
The Aarons Law Firm
16000 Ventura Blvd. – Suite 850

Encino, CA 91436
Tel: (818) 794-9250
Sent from my iPhone


On Feb 4, 2020, at 1:23 PM, Gehrke, Michele Haydel <MGehrke@reedsmith.com> wrote:

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# EXHIBIT F

EXHIBIT F

*Chagas v. United Airlines*

First Look Agreement

| Date of Encounter | Pages | Objection and Reason |
|---|---|---|
| 3/29/17 | 1-4 | Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 05/02/17 | 5-8 | Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 05/12/17 | 9-12 | Redactions due to Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 06/21/17 | 13-16 | Redactions due to Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 12/05/17 | 17-21 | Redactions due to Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 03/12/18 | 22-24 | Redactions due to Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 04/21/18 | 25-26 | Redactions due to Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 06/08/18 | 27-29 | Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 08/10/18 | 30-31 | Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 10/22/18 | 32 | Redactions due to Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 10/22/18 | 33-35 | Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 11/15/18 | 36-37 | Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 01/22/19 | 38-40 | Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 05/03/19 | 41-42 | Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 06/07/19 | 43-45 | Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 06/26/19 | 46-47 | Redactions due to Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 07/31/19 | 48-49 | Redactions due to Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| 10/17/19 | 50-52 | Redactions due to Outside scope of release, not related to employment or similar complaints; Medical Privacy |
| Various | 53-71 | Outside scope of release, not related to employment or similar complaints; Medical Privacy |

# EXHIBIT G

EXHIBIT G

**Jones, Lyn**

| | |
|---|---|
| **From:** | Mashouf, Fatemeh S. |
| **Sent:** | Friday, February 14, 2020 4:05 PM |
| **To:** | 'Martin Aarons' |
| **Cc:** | Gehrke, Michele Haydel |
| **Subject:** | Chagas - Notice to Withdraw Motion Under FRPC 11 |

Martin,

We are in receipt of your Motion to Disqualify. This correspondence is to notify you that the Motion misinforms the Court of the most important fact you allege in the Motion and that you are under a legal and ethical obligation to withdraw your Motion immediately.

Defendant has **never accessed** the unredacted medical records even though they are **not privileged and are fully discoverable**. You Motion states "Defendant refused to return, sequester, or destroy the records" but Defendant need not do any of this because Defendant never even possessed the records which were emailed in a link to Defendant to download but Defendant has not downloaded it to date. You also state Defendant "reviewed the documents" but, again, this is false. You then imagine up what Defendant may do with documents it does not have in its possession. Even if the documents were privileged, which they absolutely are not, Defense counsel has not even arguably violated any ethical provision. You state Defendant should have, but did not, submit a motion to the Court for resolution. Defendant has done exactly this in its Motion to Compel that is currently in your possession. In fact, the Motion clearly discussed the redacted medical records which demonstrate that Defendant has not even touched the unredacted records. This is why Local Rule 7-3 is so important and your avoidance of the meet and confer process, especially in light of your letter indicating you will not meet and confer with Defendant by email for the remainder of the case, is very telling.

This correspondence places you on notice under FRCP 11(c) that your Motion to Disqualify is entirely frivolous and filed in bad faith, in violation of FRCP 11(b) (filing is made for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims are not warranted by the law and are based on frivolous arguments; the factual contentions are unsupported) and 28 U.S.C. § 1927 (authorizing court to sanction attorney who multiplies litigation).

**Fatemeh S. Mashouf**
*Associate*
+1 213 457 8179
fmashouf@reedsmith.com
Reed**Smith** LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: +1 213 457 8000 Fax: +1 213 457 8080

1

# EXHIBIT H

EXHIBIT H

**Jones, Lyn**

| | |
|---|---|
| **From:** | Martin Aarons <maarons@aaronslawfirm.com> |
| **Sent:** | Tuesday, January 21, 2020 10:53 AM |
| **To:** | Gehrke, Michele Haydel; Mashouf, Fatemeh S. |
| **Subject:** | Chagas |
| **Attachments:** | 20200121110705504.pdf |

EXTERNAL E-MAIL - From maarons@aaronslawfirm.com

Counsel – as promised, see attached HIPPA release for you to forward to First Legal.

Martin

Martin I. Aarons | The Aarons Law Firm, APC
16000 Ventura Blvd. – Suite 850 | Encino, CA 91436
Tel: (818) 794-9250 | Fax: (818) 302-2072
Email: maarons@aaronslawfirm.com
Website: www.aaronslawfirm.com

This e-mail (including attachments) is confidential, privileged & exempt from disclosure and is intended solely for the use of the named recipient.  If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission.  The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects.  Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege.  If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message.

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10   ALLYSON CHAGAS,                          Case. No.: 2:19-cv-03860

11              Plaintiff,                     **DECLARATION AND
                                              STIPULATION**
12        vs.

13   UNITED AIRLINES, INC., and DOES 1
     through 10, inclusive,
14
                Defendant.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION AND STIPULATION**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

WHEREAS, the Parties to the above entitled action seek to enter into an enforceable agreement based upon the below terms, the Parties execute this Declaration and Stipulation.

## DECLARATION OF FATEMEH S. MASHOUF

I, Fatemeh S. Mashouf, declares as follows:

1.      I am an associate attorney with the law firm of Reed Smith LLP, attorneys for Defendant United Airlines, Inc., and am admitted to practice law before all courts in the state of California, including the above captioned Court.  I have personal knowledge of the matters stated herein and if called as a witness and sworn, I could competently testify thereto.

2.      On February 4, 2020, First Legal emailed me with a link embedded in the email that I was informed would allow me to download records from APLA Health / Dr. Jay Gladstein.  I was the only recipient on the email.  I was provided a corresponding password in a second email. To this day, I have not viewed or downloaded these records. I have inquired with my legal assistant and the partner on this case, Michele Haydel Gehrke, and am informed that neither of them nor anyone else at Reed Smith downloaded or received these documents, digitally or otherwise.

3.      I declare under penalty of perjury under the state laws of California and Federal law that the foregoing is true and correct.  Executed in Los Angeles, California on February 19, 2020.

        ___/s/ *Fatemeh S. Mashouf*___
        Fatemeh S. Mashouf

## STIPULATION

Based on the above declaration of Fatemeh Mashouf, the Parties enter into the following stipulation:

1.  Defendant agrees not to download the records it received from First Legal, as identified in paragraph 2 of the above declaration, until the Court renders a decision

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

on the pending discovery Motion, Document Number 27, ("Discovery Motion") set for hearing on March 10, 2020.

2.  The Parties stipulate that all medical provider depositions may be delayed until after the Court's order in connection with the pending Discovery Motion in light of the dispute over the scope of medical records and information that are discoverable in this action.

3.  The Parties stipulate that Defendant may subpoena Plaintiff's medical providers for records and depositions after the discovery cut-off date issued in this action. Plaintiff and his counsel stipulate that Defendant's postponement of pending deposition and document subpoenas is without prejudice to its right to conduct the discovery after the discovery cutoff.  Plaintiff will not seek relief from the Court to prevent such discovery.

4.  In exchange, Plaintiff will withdraw the pending Motion for Defendant To Return and Not Use Privileged Documents and Information Per FRCP 26(b)(5)(B) And To Disqualify Counsel, Document Number 26, within two business days of execution of this Stipulation.

Dated:  February 19, 2020                REED SMITH LLP


                                         _____
                                         Michele Haydel Gehrke
                                         Fatemeh S. Mashouf
                                         Attorneys for Defendant
                                         UNITED AIRLINES, INC.



Dated:  February 19, 2020                AARONS LAW FIRM APC


                                         _____
                                         Martin Aarons
                                         Attorneys for Plaintiff
                                         ALLYSON CHAGAS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**DECLARATION AND STIPULATION**

# EXHIBIT I

EXHIBIT I

# The Aarons Law Firm
## A Professional Corporation

16000 Ventura Boulevard, Suite 850                                  Tel: 818-794-9250
Encino, CA 91436                                                    Fax: 818-302-2072
www.aaronslawfirm.com                                    martin@aaronslawfirm.com

February 17, 2020

**<u>VIA FAX ONLY</u>**

Michele Haydel Gehrke              Fatemeh S. Mashouf
Reed Smith, LLP                    Reed Smith, LLP
101 Second St., Suite 1800         355 South Grand Ave., Suite 2800
San Francisco, CA 94105            Los Angeles, CA 90071

>          **Re:**    ***Allyson Chagas v. United Airlines, Inc.***
>          **Case No.**   **2:19-cv-03860**

Dear Counsel,

    So there is no confusion, attached are the redacted medical records produced with the confidential marking on the bottom center of each page.  Also, previously produced pages bates numbered pages 13, 48, and 50 had private medical information that obviously was supposed to be redacted, but was missed.  As such, please destroy those pages and use the ones attached/included herein.

    More, though this would be obvious based on the other redactions, Defendant did not notify or otherwise comply with CRPC 4.4 or FRCP 26(b)(5)(B) as to these pages.  These pages disclose private, privileged and confidential information that has nothing to do with his complaints about United or injuries caused by United as Requested in demand number 32 and part of the authorization signed by Mr. Chagas.  Instead, contrary to what you said in your letter of Friday, February 14th, it appears that counsel **HAS** used confidential, private, and privileged information to gain leverage in this case.  This information only could have come by reviewing privileged, private, and confidential information it was not entitled to review.  As such, those reference in the joint statement must be redacted or removed.  They are at the following locations in the version of the joint statement sent over on Saturday, February 8, 2020 at 11:00 pm.  Pages 52:11-14; 53:25-54:1 (this **never** came up or was discussed at the meeting); and 55:21-56:10.

Very truly yours,

THE AARONS LAW FIRM, APC

Martin I. Aarons

Enclosure as indicated

# EXHIBIT J

EXHIBIT J

# The Aarons Law Firm
## A Professional Corporation

16000 Ventura Boulevard, Suite 850                    Tel: 818-794-9250
Encino, CA 91436                                      Fax: 818-302-2072
www.aaronslawfirm.com                          martin@aaronslawfirm.com

February 13, 2020

**VIA FAX & U.S. MAIL ONLY**

Michele Haydel Gehrke            Fatemeh S. Mashouf
Reed Smith, LLP                  Reed Smith, LLP
101 Second St., Suite 1800       355 South Grand Ave., Suite 2800
San Francisco, CA 94105          Los Angeles, CA 90071

        Re:        *Allyson Chagas v. United Airlines, Inc.*
        Case No.   2:19-cv-03860

Dear Counsel,

        As of tomorrow, my office will **NOT** accept any email communication from your office.

        If you wish to coordinate or communicate with my office, you may send me a fax, a letter, or give me a call during normal business hours, Monday through Friday, from 8:30 am to 5:00 pm, excluding holidays.

        If there are word documents we need to exchange for trial or other motion/filing related documents, and you wish to email it to me, you must first call to get my permission. Otherwise, you may send it to me by mail, messenger, or overnight on a CD or flash drive. I will do the same.

Very truly yours,

THE AARONS LAW FIRM, APC

Martin I. Aarons



062S0009713142

$0.500
US POSTAGE
FIRST-CLASS
FROM 91436
FEB 13 2020
stamps
endicia



SANTA CLARITA
CA 913
14 FEB 'ΣΘ
PM 1 L

RECEIVED
FEB 18 2020
REED SMITH LLP

Michele Haydel Gehrke
Reed Smith, LLP
101 Second St., Suite 1800
San Francisco CA 94105-3659

THE AARONS LAW FIRM, APC
16000 Ventura Blvd., Suite 850
Encino, California 91436

# EXHIBIT K

EXHIBIT K

Case 2:19-cv-03860-JAK-JC   Document 37-1   Filed 03/05/20   Page 42 of 57    Page ID #:993



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Ex-United Worker Seeks To DQ Reed Smith Over Medical Docs

By **Kevin Penton**

Law360 (February 14, 2020, 6:46 PM EST) -- A former United Airlines flight attendant who contends the company wrongfully terminated him has asked a California federal court to disqualify Reed Smith LLP from the litigation after its attorneys purportedly viewed his confidential medical records without permission.

Allyson Chagas either wants the firm to be disqualified or for the Central District of California to bar United from using the records as part of the litigation, in which he contends that he was terminated after complaining that the company should not use a hotel in London for employees because it appeared that his room had been broken into, according to Thursday's disqualification motion.

Chagas contends that attorneys for both sides had agreed that his lawyer would get the first look at certain medical records before Reed Smith saw them, according to the motion. Yet a process server forwarded the documents to United's attorneys in early February before Chagas' lawyer had a chance to redact them, according to the motion.

Chagas' attorney, Martin I. Aarons, asked that Reed Smith either destroy or sequester the documents, but United's attorneys contended that Aarons had missed an agreed-to deadline for performing the redaction work, according to emails attached to Thursday's motion.

"Five business days was more than enough time for you to have reviewed 30 pages," wrote Reed Smith attorney Fatemeh S. Mashouf in an email to Aarons. "Indeed, you spent much of Monday sending me emails about the deposition scheduling so you could have spent the 30-60 minutes it takes to review and redact these pages."

Chagas contends that Reed Smith violated California's conduct rules for attorneys, as the firm was aware that the documents had been inadvertently produced and had received a request that it not review them, yet went ahead and purportedly reviewed them anyway, according to the disqualification motion.

"Defendant has already shown its willingness to use these documents to gain an advantage," Thursday's motion reads. "Defendant sought to use the inadvertent disclosure to extract litigation leverage and have the plaintiff dismiss his emotional distress claims with prejudice."

Chagas sued United in March in California state court, filing claims of defamation, retaliation and wrongful termination against the airline, according to court documents. United removed the case to California federal court in May.

Chagas alleges that after his hotel room appeared broken into in May 2018, he alerted staff and, later, airline officials.

After United investigated his claims, including the possibility that his allegations had damaged the airline's business relationship with a vendor, Chagas was informed in June 2018 that he was being fired for providing false information, making false accusations and dishonesty, according to his complaint.

"United Airlines was more worried about its business relationship than its employees' reasonable concern about safety," the complaint reads.

Michele Haydel Gehrke of Reed Smith, an attorney representing United, told Law360 that the parties have reached an agreement in principle to withdraw Thursday's disqualification motion.

"We will continue to vigorously defend ourselves and United in this case," Gehrke said.

Counsel for the parties could not be reached for comment on Friday.

Chagas is represented by Martin I. Aarons and Shannon H.P. Ward of the Aarons Law Firm.

United is represented by Michele Haydel Gehrke and Fatemeh S. Mashouf of Reed Smith LLP.

The case is Chagas v. United Airlines Inc. et al., case number 2:19-cv-03860, in the U.S. District Court for the Central District of California.

--Editing by Michael Watanabe.

*Update: This article has been updated to include comments from an attorney representing United.*

*Correction: A previous version of this article misidentified the location of the hotel where Chagas stayed. The error has been corrected.*

All Content © 2003-2020, Portfolio Media, Inc.

# EXHIBIT L

EXHIBIT L

Michele Haydel Gehrke (215647)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269
Email: mgehrke@reedsmith.com

Fatemeh S. Mashouf (288667)
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email: fmashouf @reedsmith.com

Attorneys for Defendant
UNITED AIRLINES, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>        PLAINTIFF,<br><br>VS.<br><br>UNITED AIRLINES, INC., AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>        DEFENDANT. | Case. No.: 2:19-cv-03860<br><br>**DEFENDANT UNITED AIRLINES, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ALLYSON CHAGAS**<br><br>Courtroom: 10B<br>Judge: Honorable John A. Kronstadt<br>Complaint Filed: March 28, 2019 |

PROPOUNDING PARTY:     UNITED AIRLINES, INC.

RESPONDING PARTY:     ALLYSON CHAGAS

SET NO.     ONE (1)

1

DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to the Federal Rules of Civil Procedure, Defendant United Airlines, Inc. ("Defendant" or "United") serves its First Set of Requests for Production of Documents to Plaintiff Allyson Chagas ("Plaintiff" or "Chagas"), and requests that Plaintiff serve answers within thirty (30) days of receipt.

## GENERAL INSTRUCTIONS AND DEFINITIONS

1. The following requests for production are addressed to Plaintiff. If the requested documents are known by Plaintiff to exist but are not in the possession, custody or control of Plaintiff, his agents or any of them, it is requested that Plaintiff so indicate or produce such documents that show the name of the person or entity in whose possession, custody and/or control such documents are.

2. "Person" shall mean and include means any natural person, individual, partnership, firm, corporation, governmental office or agency or any kind of business, governmental or legal entity, its agents, representatives or employees.

3. The term "DOCUMENT" is used herein with its customary broad meaning and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, and/or produced by hand or electronically, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, correspondence, communications of any nature, telegrams, telephone text messages, SMS messages, memoranda, notebooks of any kind, summaries or records of personal conversations, diaries, routing slips, reports, publications, photographs, audiotapes, DVDs, CDs, electronic files, computer disks, computer records, e-mails, charts, minutes or records of meetings, transcripts of oral testimony or statements, reports and/or summaries of interviews, reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations, court papers, brochures, pamphlets, press releases, drafts of, revisions of, translations of any DOCUMENT, tape recordings, records and dictation belts and/or any other records, communications, or compilations whether in paper, electronic, or other form, which are

DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

in Plaintiff's possession, custody, or control, or in the custody and control of Plaintiff's representatives, agents, attorney or accountant, wherever located, however produced or reproduced, including any identical or non-identical copy and whether a draft or final version. Any DOCUMENT with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate DOCUMENT for purposes of this request.

4.     As used herein, "RELATE TO," "RELATE," "relating to," "regarding," or "evidence" means refers to, reflects upon, or is in any way logically or factually connected with the matters discussed, including information or DOCUMENTS that support or is contrary to a particular contention.

5.     The term "HEALTH CARE PROVIDER" includes any doctor, hospital, clinic, clinician, physician assistant, nurse, nurse practitioner, chiropractor, acupuncturist, herbalist, social workers, counselor, psychologist, mental health professional, pharmacy, or other health or medical facility.

6.     "YOU," "YOURS," "Plaintiff," "Allyson Chagas," and "Chagas" shall mean Plaintiff Allyson Chagas and all persons acting on his behalf or pursuant to his direction or request.

7.     "Defendant," "United Airlines, Inc." and "United Airlines" shall mean and refer to Defendant United Airlines, Inc.

8.     "Complaint" shall mean the Complaint filed by Plaintiff Allyson Chagas on March 28, 2019 that is currently pending in, the United States Central District of California titled *Allyson Chagas v. United Airlines, Inc.*, Civil Action No. 2:19-cv-03860 (formerly filed in the Los Angeles Superior Court, case number 19STCV10797).

9.     "Lawsuit," "this lawsuit" or "this case" shall mean Civil Action 2:19-cv-03860, *Allyson Chagas v. United Airlines, Inc.*, in the United States District Court for the Central District of California.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

10.     "EEOC Charge" shall mean any charges you have filed RELATED to Plaintiff Allyson Chagas' employment with United Airlines, Inc. with the Equal Employment Opportunity Commission, including but not limited to the charge filed on or about February 4, 2019 on behalf of Plaintiff Allyson Chagas, Charge No. 480-2019-00958.

11.     The terms "COMMUNICATION" and "COMMUNICATIONS" mean any contact between two or more persons, companies or other entities. COMMUNICATIONS include, without limitation, written contact by such means as letters, memoranda, e-mails, text messages, instant messages, online chats (WhatsApp, Snap Chat, Facebook Messenger, and the like), and other electronic communications (including, without limitation, blog entries, Facebook, LinkedIn, Instagram, Twitter postings and the like), or by any other DOCUMENTS. COMMUNICATIONS also include oral contact including, without limitation, face-to-face meetings, telephone conversations, audio recordings, or other oral contact.

12.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

13.     The use of the singular form of any word includes the plural or vice versa.

14.     "Photograph" shall mean any picture whether taken by digital camera, camera phone (cellular telephone with camera capabilities) or other recording device.

15.     The word "recording" as used herein, shall include all photographs, videotapes, audiotapes, CDs or DVDs, whether made or taken by YOU or others, including all hard copy transcriptions thereof, which are in YOUR possession, custody or control or in the possession, custody or control of YOUR agent, representative or attorneys.

16.     If any DOCUMENTS falling within any description contained in any of the following requests is withheld under claim of privilege, Plaintiff shall serve upon the undersigned attorneys for Defendants a written list of documents, including the

4

following information as to each such item: (1) its date; (2) the names(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such DOCUMENT is considered to be privileged from production.

17.     If any DOCUMENTS responsive to any request have been lost, mutilated or destroyed, so state and identify each such DOCUMENT, and state to which request(s) the DOCUMENT would have been responsive.

18.     If there are no DOCUMENTS in Plaintiff's possession, custody or control which are responsive to a particular request, so state and identify such request.

19.     When referring to a DOCUMENT, "identify" means that Plaintiff shall set forth the general nature of the DOCUMENT, the author or the originator and the date of its preparation or execution, each addressee, all individuals designated on the DOCUMENT to receive a copy or otherwise hereto have received a copy, date, title and general subject matter, the present custodian of each copy thereof and last known address of each such custodian.  If such DOCUMENTS were, but are no longer in YOUR possession, custody or control, state the disposition which was made of them, the reason for such disposition, and the date thereof.

20.     These requests shall be deemed continuing in nature and shall apply to any amended pleadings filed by Plaintiff. Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiff is under a continuing duty to timely supplement her responses.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

All DOCUMENTS referred to in YOUR Complaint.

**REQUEST NO. 2:**

All DOCUMENTS which reflect communications between YOU and any person

5

DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

or entity regarding any of the allegations in YOUR Complaint, including, but not limited to, all DOCUMENTS which reflect COMMUNICATIONS between YOU and any current or former employee, agent, or representative of Defendant.

**REQUEST NO. 3:**

All witness statements obtained by YOU, or any person acting on YOUR behalf, regarding, pertaining or relating to any of the allegations in YOUR Complaint.

**REQUEST NO. 4:**

All DOCUMENTS YOU, or anyone acting on YOUR behalf, has submitted to or received by any governmental agency, including but not limited to, the Equal Employment Opportunity Commission or the Department of Fair Employment and Housing, regarding YOUR employment with Defendant.

**REQUEST NO. 5:**

All DOCUMENTS referred to or relied upon by YOU in preparation of YOUR responses to Defendant's First Interrogatory Requests.

**REQUEST NO. 6:**

All DOCUMENTS or COMMUNICATIONS that YOU allege were defamatory as alleged in the COMPLAINT.

**REQUEST NO. 7:**

All DOCUMENTS which support, RELATE or pertain to YOUR contention that YOU were wrongfully terminated as alleged in YOUR Complaint.

**REQUEST NO. 8:**

All DOCUMENTS which support, RELATE or pertain to YOUR contention that YOU were subjected to defamation as alleged in YOUR Complaint.

**REQUEST NO. 9:**

All DOCUMENTS which support, RELATE or pertain to YOUR contention that YOU were subjected to retaliation as alleged in YOUR Complaint.

**REQUEST NO. 10:**

All DOCUMENTS that RELATE TO, reflect, or concern any and all actions

6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  which YOU contend constitute unlawful conduct, as alleged in YOUR Complaint.

2  **REQUEST NO. 11:**

3      All DOCUMENTS which support, RELATE or pertain to YOUR contention that
4  YOU were subjected to discrimination as alleged in YOUR EEOC Charge.

5  **REQUEST NO. 12:**

6      All DOCUMENTS which support, RELATE or pertain to YOUR contention that
7  YOU were subjected to disparate treatment as alleged in YOUR EEOC Charge.

8  **REQUEST NO. 13:**

9      All DOCUMENTS which support, RELATE or pertain to any factual contentions
10 asserted in YOUR EEOC Charge.

11 **REQUEST NO. 14:**

12     All DOCUMENTS which support, RELATE or pertain to any legal contentions
13 asserted in YOUR EEOC Charge.

14 **REQUEST NO. 15:**

15     All DOCUMENTS that RELATE TO, reflect, or concern any and all actions
16 which YOU contend constitute a reporting of safety concerns which YOU participated
17 in, as alleged in YOUR Complaint.

18 **REQUEST NO. 16:**

19     All DOCUMENTS that RELATE TO, reflect, or concern any and all actions
20 which YOU contend constitute protected activity which YOU participated in, as alleged
21 in YOUR Complaint.

22 **REQUEST NO. 17:**

23     All DOCUMENTS which support, RELATE or pertain to personal safety at the
24 Copthorne Tara Hotel in London, including but not limited to claims that there have
25 been robberies or incidents of theft at the Copthorne Tara Hotel.

26 **REQUEST NO. 18:**

27     All DOCUMENTS which support, RELATE or pertain to events involving YOU
28 or that YOU allege took place at the Copthorne Tara Hotel in London on May 25, 2018.

7

DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

**REQUEST NO. 19:**

All DOCUMENTS which support, RELATE or pertain to all instances in which YOU have visited the Copthorne Tara Hotel in London.

**REQUEST NO. 20:**

All DOCUMENTS which support, RELATE or pertain to all instances in which YOU have COMMUNICATED with any employee or agent of the Copthorne Tara Hotel in London.

**REQUEST NO. 21:**

All DOCUMENTS which RELATE TO all non-privileged COMMUNICATIONS YOU have had with anyone RELATED to the Copthorne Tara Hotel in London.

**REQUEST NO. 22:**

All diaries, calendars, day planners, personal notes, timesheets, time records, or other records of activity prepared by or for YOU from May 25, 2018 to the present.

**REQUEST NO. 23:**

All DOCUMENTS, including but not limited to handwritten notes, message slips, e-mails, telephone text messages, SMS messages, journal entries, summaries, memoranda, facsimiles, audio or video recordings or other records or correspondence, relating to or reflecting any conversation or communication between YOU and any past or present agent, employee, or representative of Defendant regarding any allegation or claim in this lawsuit, from 2017 to present.

**REQUEST NO. 24:**

All DOCUMENTS that RELATE TO witness statements in YOUR possession, custody or control that contradict, support, RELATE or pertain to any of the allegations in YOUR Complaint.

**REQUEST NO. 25:**

All DOCUMENTS that RELATE TO any facts YOU believe or contend refute or contradict any of Defendant's defenses.

8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REQUEST NO. 26:**

All DOCUMENTS that RELATE TO any alleged complaints YOU made to any United employee, supervisor, or department during YOUR employment with United RELATED TO employee safety.

**REQUEST NO. 27:**

All DOCUMENTS that RELATE TO any alleged complaints YOU made to any United employee, supervisor, or department during YOUR employment with United RELATED TO hotel accommodations.

**REQUEST NO. 28:**

All DOCUMENTS that RELATE TO any alleged complaints YOU made to any United employee, supervisor, or department during YOUR employment with United RELATED TO discrimination.

**REQUEST NO. 29:**

All DOCUMENTS that RELATE TO any alleged complaints YOU made to any United employee, supervisor, or department during YOUR employment with United RELATED TO defamation.

**REQUEST NO. 30:**

All DOCUMENTS that RELATE TO any alleged complaints YOU made to any United employee, supervisor, or department during YOUR employment with United RELATED TO Retaliation.

**REQUEST NO. 31:**

All DOCUMENTS relating to any grievance YOU filed concerning the allegations in YOUR lawsuit.

**REQUEST NO. 32:**

All medical records and bills for all doctors, physicians, psychologists, therapists, and counselors with whom YOU have consulted because of any of the wrongful conduct alleged in YOUR Complaint and/or EEOC Charge, including all HEALTH CARE PROVIDERS.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**REQUEST NO. 33:**

All DOCUMENTS RELATED TO or evidencing any damages YOU are seeking in this lawsuit.

**REQUEST NO. 34:**

All DOCUMENTS that RELATE or pertain to YOUR attempts, if any, to mitigate YOUR alleged damages.

**REQUEST NO. 35:**

All DOCUMENTS that RELATE or pertain to YOUR attempts, if any, to obtain employment since YOUR termination of employment with DEFENDANT.

**REQUEST NO. 36:**

All DOCUMENTS that support, RELATE or pertain to YOUR claim that YOU are entitled to punitive damages in this action.

**REQUEST NO. 37:**

All DOCUMENTS reflecting the amount of compensation YOU have earned following the termination of YOUR employment with DEFENDANT, including compensation received from any employers (whether as an employee or independent contractor), insurers, or government entities.

**REQUEST NO. 38:**

All DOCUMENTS reflecting the benefits YOU have earned following the termination of YOUR employment with DEFENDANT, including benefits received from any employers (whether as an employee or independent contractor), insurers, or government entities.

**REQUEST NO. 39:**

All COMMUNICATIONS and DOCUMENTS, including text messages, social media messages, social media posts (including but not limited to Facebook, Instagram, Twitter, etc.), that YOU sent or received which RELATE or pertain to YOUR employment with Defendant since May 25, 2018.

DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

**REQUEST NO. 40:**

All COMMUNICATIONS and DOCUMENTS, including text messages, social media messages, social media posts (including but not limited to Facebook, Instagram, Twitter, etc.), that YOU sent or received which RELATE or pertain to the Copthorne Tara Hotel in London.

**REQUEST NO. 41:**

The entirety of the contents of voice messages sent between YOU and anyone which support, RELATE or pertain to any facts asserted in YOUR COMPLAINT, including but not limited to messages YOU sent by SMS in the document bates marked as Chagas 0018-19.

**REQUEST NO. 42:**

All DOCUMENTS referred to or relied upon by YOU in the preparation of YOUR responses to United's interrogatories.


DATED:  August ___, 2019          REED SMITH LLP


By: */s/ Michele Haydel Gehrke*
       Michele Haydel Gehrke
       Fatemeh S. Mashouf
       Attorneys for Defendant
       UNITED AIRLINES, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

11

DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

**PROOF OF SERVICE**

*Allyson Chagas v. United Airlines, Inc., et al.*
*USDC - CACD; Case No.:  2:19-cv-03860*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071.  On August 20, 2019, I served the following document(s) by the method indicated below:

**DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

| | |
|---|---|
| ☐ | BY CM/ECF ELECTRONIC DELIVERY:  In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cand.uscourts.gov |
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. (See attached Service List)  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. |
| ☒ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly. |

| | |
|---|---|
| Martin I. Aarons, Esq.<br>Shannon H.P. Ward, Esq.<br>The Aarons Law Firm<br>16000 Ventura Blvd., Suite 850<br>Encino, CA 91436 | ***Attorney for Plaintiff***<br>***Allyson Chagas***<br><br>T:  818-794-9250<br>F:  818-302-2072<br>maarons@aaronslawfirm.com<br><br>shannon@aaronslawfirm.com |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on August 20, 2019, at Los Angeles, California.

Charlyn Jones

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

12

| Attorney or Party without Attorney:<br>REED SMITH, LLP<br>FATEMEH S. MASHOUF (SBN: 288667)<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071<br>  Telephone No:  213-457-8000 | | For Court Use Only |
|---|---|---|
|   Attorney For:  Defendant, UNITED AIRLINES, INC. | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA | | |
| Plaintiff:  ALLYSON CHAGAS<br>Defendant:   UNITED AIRLINES. INC.; et al. | | |

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2:19-cv-03860 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Defendant United Airlines, Inc.'s Interrogatories to Plaintiff Allyson Chagas, Set One, Defendant United Airlines, Inc.'s First Requests for Production of Documents to Plaintiff Allyson Chagas

3.  *a.  Party served:*     THE AARONS LAW FIRM Attn: Martin I. Aarons
    *b.  Person served:*    R. LANE, PERSON IN CHARGE

4.  *Address where the party was served:*   16000 Ventura Boulevard Suite 850, Encino, CA 91436

5.  *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue, Aug 20 2019 (2) at: 04:25 PM , to the person(s) indicated above in the manner as provided in 1011 CCP.

                                            Recoverable cost Per CCP 1033.5(a)(4)(B)

6.  *Person Who Served Papers:*
    a. Khalifehzadeh Mehrdad                    d. *The Fee for Service was:* $146.06
    b. **FIRST LEGAL**                          e. I am: Not A Registered California Process Server
       1517 W. Beverly Blvd.
       LOS ANGELES, CA 90026
    c. (213) 250-1111

7.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

                    08/27/2019
                    _____          _____
                        (Date)                        (Signature)



Judicial Council Form                    **PROOF OF**                              3703368
Rule 2.150.(a)&(b) Rev January 1, 2007   **SERVICE**                              (4093356)