Michele Haydel Gehrke (215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Fatemeh S. Mashouf (288667)
fmashouf@reedsmith.com
REED SMITH LLP
355 South Grand Ave Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant*
United Airlines, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>  Defendant. | Case. No.: 2:19-cv-03860<br><br>**DECLARATION OF SALAHUDEEN SHAHEED**<br><br>[ASSIGNED TO HONORABLE JOHN KRONSTADT] |

# DECLARATION OF FATEMEH S. MASHOUF

I, Salahudeen Shaheed, am a Case Manager at First Legal Records, the duly authorized Deposition Officer pursuant to Section 2020.420, Cal. Code Civ. Proc., and duly registered under Ch. 20, Div. 8, Section 22450 et seq., Cal. Bus. & Prof. Code, in the above-named action. If called on as a witness I could and would testify to the following from my own personal knowledge:

1. On November 25, 2019 First Legal Records department received a copy of the subpoena served to APLA HEALTH / JAY GLADSTEIN, MD by our Process department which completed service on November 8, 2019.

2. On December 4, 2019 First Legal Records (FLR) began calling APLA HEALTH / JAY GLADSTEIN, MD's office, in order to obtain records. We spoke to the office assistant who originally signed for the subpoena on that day, and was told the person handling the request wasn't in that day and to call back.

3. We followed up with the office for status every few days, but since our first call, we only reached voicemail and though we left messages, never received a call back.

4. On December 17, 2019 the driver spoke to an office assistant named Danny, who told him that they will call FLR when records are ready. Per our driver, Danny stated that records should be ready that Friday, December 20.

5. On December 27, 2019, with records not yet produced, we delivered a 5 DAY DEMAND LETTER to APLA HEALTH / JAY GLADSTEIN, MD.

6. On December 31, 2019, the DEMAND LETTER was personally delivered to an office staff member.

7. On January 2, 2020 we called APLA HEALTH and the staff member we spoke to stated that she would check the subpoena and send records ASAP. We explained that these records have been due since December 9, 2019 and we needed a response.

8. On January 3, 2020 we sent a driver to APLA HEALTH with a copy machine in an attempt to copy records that day, but the office staff stated records were

**DECLARATION OF SALAHUDEEN SHAHEED**

not on the premises, but with Dr. Gladstein. The staff provided the doctor's direct line and we called him directly. Dr. Gladstein stated that records weere not ready and he would provide them whenever they were ready. He refused to give an ETA and disconnected the call.

9. On January 6, 2020, Kathy Sweetin, Customer Service Manager, called APLA HEALTH / JAY GLADSTEIN, MD personally, and eventually reached Dr. Gladstein. Dr. Gladstein told Ms. Sweetin that he would not release records without a signed authorization. When asked why they didn't state the need for a signed authorization in all the times we've been following up for records, Dr. Gladstein replied with sarcasm, and insisted on the signed authorization.

10. On January 7, 2020 FLR was copied on an email from Martin Aarons of the Aarons Law Firm, to Reed Smith attorney Fatemeh Mashouf regarding a meet and confer the previous week and a proposed First Look Agreement, in which his office would receive the records first, then redact and prepare a privilege log. A true and correct copy of this email is attached as **EXHIBIT A**.

11. On January 8, 2020 a representative from the Aarons Law Firm called stating that she wanted to be sure we did not obtain records from Dr. Gladstein. I informed the representative that the doctor requires a signed authorization, so no records had been collected. I asked if her office sent an objection, because we didn't have one, and had been following up for records this entire time. The representative said she wasn't sure if they had sent an objection, but she would check with the attorney.

12. Later that day, Ms. Mashouf then emailed Mr. Aarons directly, with FLR copied, stating her conditions for the First Look Agreement, which included providing a signed authorization at the end of the week, and that after records were produced to his office, he would have 5 business days to make his redactions, etc., and if records were not released by him by email at that time, he will be deemed to have consented to FLR's release of the complete records to her office. A true and correct copy of this email is attached as **EXHIBIT B**.

**DECLARATION OF SALAHUDEEN SHAHEED**

13. On January 22, 2020 we delivered Plaintiff's signed authorization to Dr. Gladstein.

14. On January 27, 2020 we received records from Dr. Gladstein's office. Ms. Mashouf instructed us to email a copy of the records to Mr. Aarons that same day, and have a hard copy of the records delivered as well. Records were emailed to Mr. Aarons at 7:01 pm that night, and the hard copy delivered the following day. As of today's date, March 5, 2020, our records show that the records from the sharefile link sent have not yet been downloaded.

15. On February 4, I updated Ms. Mashouf regarding the status of the records, informing her that I would confirm with management that it is OK to release the records given the terms of the First Look Agreement and if there are any issues, I would let her know. I spoke with FLR Operations Manager, Rick Matsumoto, who agreed the records were OK to release, especially as we did not have a motion to quash or even an objection from them stating we were not to release records to Reed Smith LLP.

16. At 11:57 am on February 4, 2020, we emailed Ms. Mashouf a link to download the original production received from Dr. Gladstein's office. As of today's date, March 5, 2020, our records show that the records from the sharefile link sent have not yet been downloaded. FLR has not shared the records from Dr. Gladstein's office with United Airlines, Inc. or any attorney or staff associated with Reed Smith, LLP, except as described in this paragraph.

17. On February 4, 2020, we informed Mr. Aarons that the records were being turned over to Ms. Mashouf, consistent with the terms of the First Look Agreement. Mr. Aarons responded that five business days after Monday, January 27 would be Tuesday, February 4. FLR disagreed with this reading of the First Look Agreement which FLR believed clearly created a deadline of Monday, February 3.

18. Except as described above, at no time prior to February 4 has Mr. Aarons or any attorneys associated with his office made contact with FLR regarding these

- 4 -
**DECLARATION OF SALAHUDEEN SHAHEED**

1 | records. At no time was FLR notified that the terms of the First Look Agreement had
2 | been modified by either party.
3 |     19.    I declare under penalty of perjury under the state laws of California and
4 | Federal law that the foregoing is true and correct. Executed in Los Angeles,
5 | California on March 5, 2020.

*[Signature]*
Salahudeen Shaheed

**DECLARATION OF SALAHUDEEN SHAHEED**

# EXHIBIT A

EXHIBIT A

# Salahudeen Shaheed

| | |
|---|---|
| **From:** | FRR Orders |
| **Sent:** | Tuesday, January 07, 2020 9:14 AM |
| **To:** | Salahudeen Shaheed |
| **Subject:** | FW: Chagas |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi Dean,

For you 102241-01 Meet and Confer

Sincerely,
Mani

TO PLACE ORDERS: FRROrders@firstlegal.com or Fax 213-802-0810
FOR CUSTOMER SERVICE and STATUS UPDATE:  FRRInfo@firstlegal.com





**Mani Phommasaysy** / Order Entry Team Leader /

Direct: 213-580-9269
mphommasaysy@firstlegal.com

**First Legal | Records**
Office:877-591-9979 Ext:1802/Fax: 213-802-0810
https://www.firstlegal.com

**File Thru Trial™**

First Legal Investigations Licenses: CA PI: 24171, AZ PI: 1551710. In Nevada, Court & Process and Investigations operations are provided by First Legal Investigations, NV License: NV PI-PS: 1452.

This email (including any attachments) contains confidential information intended solely for the use of named addressee, and is protected by law. If you are not the intended recipient, you should delete it immediately and are hereby notified that disclosure, copying, distribution, or reuse of this message or any information contained therein by any other person is strictly prohibited.

---

**From:** Martin Aarons [mailto:maarons@aaronslawfirm.com]
**Sent:** Tuesday, January 07, 2020 8:59 AM
**To:** Gehrke, Michele Haydel <MGehrke@reedsmith.com>; Mashouf, Fatemeh S. <FMashouf@reedsmith.com>
**Cc:** FRR Orders <frrorders@firstlegal.com>
**Subject:** Chagas

Following up on our meet and confer from last week in regard to the subpoenas for medical records.  There are extremely private medical information embedded in the records you seek and thus there is a need for a first look agreement where we will bates number, redact, and prepare a privilege log as I explained in person on Friday last week.  If you have other concerns then those can be raised in camera with the judge.

1

You have now had a some time to think this over as I raised this procedure last month too.  Please let me know by **tomorrow** if you will agree with this or if you are forcing me to file a motion for protective order.

Additionally, First Legal is hereby advised that they are not to collect the records from Dr. Gladstein/APLA until this issue has been resolved as we have objected and Allyson does not consent to production of his records.

Martin

Martin I. Aarons | The Aarons Law Firm, APC
16000 Ventura Blvd. – Suite 850 | Encino, CA 91436
Tel: (818) 794-9250 | Fax: (818) 302-2072
Email: maarons@aaronslawfirm.com
Website: www.aaronslawfirm.com

This e-mail (including attachments) is confidential, privileged & exempt from disclosure and is intended solely for the use of the named recipient.  If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission.  The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects.  Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege.  If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message.

# EXHIBIT B

EXHIBIT B

# Salahudeen Shaheed

| | |
|---|---|
| **From:** | FRR Orders |
| **Sent:** | Wednesday, January 08, 2020 5:13 PM |
| **To:** | Salahudeen Shaheed |
| **Subject:** | FW: Chagas |

See below.

Best regards,



**Isela Munoz** | Order Entry Receiver
frrorders@firstlegal.com

**First Legal | Records**
Office: 877.591.9979 | Fax: 877.823.7488
https://www.firstlegal.com

**File Thru Trial™**

Private Investigator Licenses: CA PI: 24171 AZ PI: 1551710 NV PI-PS: 1452

This email (including any attachments) contains confidential information intended solely for the use of named addressee, and is protected by law. If you are not the intended recipient, you should delete it immediately and are hereby notified that disclosure, copying, distribution, or reuse of this message or any information contained therein by any other person is strictly prohibited.

**From:** Mashouf, Fatemeh S. <FMashouf@reedsmith.com>
**Sent:** Wednesday, January 08, 2020 5:10 PM
**To:** Martin Aarons <maarons@aaronslawfirm.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>
**Cc:** FRR Orders <frrorders@firstlegal.com>
**Subject:** RE: Chagas

Martin,

As you know, United has taken the position that because there is a protective order in place and there has been no specific showing that Mr. Chagas' medical records require redactions or special treatment, all medical records are discoverable without redaction. However, given the interest in minimizing Court intervention and your representation that you will use discretion in applying redactions and do so only in good faith where the information is truly irrelevant to his claims, then we will agree to a First Look arrangement. The agreement would be as follows:

- By the end of the week, you provide a written authorization signed by your client to release all medical records.
- First Legal numbers each page of the documents before providing them to your office.
- You apply redactions, if any, and return them to our office by mail and email within 5 business days. Failure to do so will be deemed consent for First Legal to provide the records to United.
- Simultaneously, you provide a detailed privilege log with an adequate explanation to allow Defendant to determine whether in camera review and motions practice will actually be necessary
- You stipulate that our agreement to the first look approach is without prejudice to United's right to dispute the appropriateness of redactions and without prejudice to United's timeliness in bringing motions to compel the unredacted production or having to obtain a provider's deposition (i.e. obtaining the final information or the deposition about the information past the discovery cut-off due to motion practice needed to obtain the information)

Let me know as soon as possible if we are in agreement on the First Look re Plaintiff's medical records.

Fatemeh Mashouf
213.457.8179
fmashouf@reedsmith.com

---

**From:** Martin Aarons <maarons@aaronslawfirm.com>
**Sent:** Tuesday, January 7, 2020 8:59 AM
**To:** Gehrke, Michele Haydel <MGehrke@reedsmith.com>; Mashouf, Fatemeh S. <FMashouf@reedsmith.com>
**Cc:** 'frrorders@firstlegal.com' <frrorders@firstlegal.com>
**Subject:** Chagas

EXTERNAL E-MAIL

Following up on our meet and confer from last week in regard to the subpoenas for medical records. There are extremely private medical information embedded in the records you seek and thus there is a need for a first look agreement where we will bates number, redact, and prepare a privilege log as I explained in person on Friday last week. If you have other concerns then those can be raised in camera with the judge.

You have now had a some time to think this over as I raised this procedure last month too. Please let me know by **tomorrow** if you will agree with this or if you are forcing me to file a motion for protective order.

Additionally, First Legal is hereby advised that they are not to collect the records from Dr. Gladstein/APLA until this issue has been resolved as we have objected and Allyson does not consent to production of his records.

Martin

Martin I. Aarons | The Aarons Law Firm, APC
16000 Ventura Blvd. – Suite 850 | Encino, CA 91436
Tel: (818) 794-9250 | Fax: (818) 302-2072
Email: maarons@aaronslawfirm.com
Website: www.aaronslawfirm.com

This e-mail (including attachments) is confidential, privileged & exempt from disclosure and is intended solely for the use of the named recipient. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects. Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message.

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this

message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

3