Martin I. Aarons, Esq. (SBN 233879)
Shannon H.P. Ward, Esq. (SBN 308280)
THE AARONS LAW FIRM
A Professional Corporation
16000 Ventura Boulevard, Suite 850
Encino, California 91436
Telephone:   (818) 794-9250
Facsimile:   (818) 302-2072
Email: maarons@aaronslawfirm.com
       shannon@aaronslawfirm.com

Attorney for Plaintiff Allyson Chagas

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Allyson Chagas<br><br>Plaintiff,<br><br>vs.<br><br>United Airlines, Inc. and DOES 1 through 10, inclusive<br><br>Defendant. | **CASE NO. 2:19-cv-03860-JAK-JC**<br>*[Assigned for all purposes to the Honorable Judge John A. Kronstadt, Dept. 10B]*<br><br>**First Amended COMPLAINT FOR**<br><br>1. **Defamation**<br>2. **Wrongful Termination in Violation of Public Policy**<br>3. **Violation of Labor Code § 1102.5**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   March 28, 2019<br>Trial Date:              Not yet set |

### GENERAL ALLEGATIONS

Plaintiff, Allyson Chagas, brings this action against defendants United Airlines, Inc. and DOES 1 through 10, inclusive (collectively "Defendants") and alleges as follows:

1. This Court has proper jurisdiction of this action because the alleged wrongful conduct occurred at a place of employment situated in the County of Los Angeles, State of California.

2. Plaintiff, Allyson Chagas ("Plaintiff" or "Mr. Chagas"), is an adult male. At all

- 1 -
FIRST AMENDED COMPLAINT FOR DAMAGES

material times alleged herein, Plaintiff was an employee of Defendant United Airlines, Inc. At all times herein, Mr. Chagas was living in the County of Los Angeles, State of California.

3. Defendant, United Airlines, Inc. ("United Airlines"), was and is a corporation licensed to do business in the State of California.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive and therefore sues these defendants by such fictitious names and capacities pursuant to California *Code of Civil Procedure* § 474. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named defendant is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries, as alleged herein, were proximately caused by the conduct of said Doe defendants.

5. Plaintiff is informed and believes, and on that basis alleges that, at all material times herein, each of the Defendants was the joint employer, agent, employee, and/or working in concert with the co-Defendants and was acting within the course and scope of such agency, employment, and/or concerted activity and the acts of each Defendant are legally attributable to the other Defendants.

6. Plaintiff is further informed and believes, and thereon alleges, that all actions of each Defendant herein alleged were ratified and approved by the other individual defendants and by the officers and managing agents of each other corporate defendants. Plaintiff is further informed and believes that to the extent that certain acts and omissions were perpetrated by certain Defendants, the remaining Defendant or Defendants confirmed and ratified said acts and omission;

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Mr. Chagas was hired by United Airlines in April of 2013 as a flight attendant. He was based out of Los Angeles International Airport. Throughout Mr. Chagas 5 years of employment with United Airlines he had an impeccable work history.

8. On May 23, 2018, Mr. Chagas was a flight attendant on a flight from LAX to London, staying overnight in London at the Copthorne Tara Hotel which accommodations were provided by United Airlines for the crew with a return shift on May 25, 2018.

9. In the morning of May 25, 2018, Mr. Chagas left his room at the Copthorne Tara Hotel to get some food for his flight. When he returned to his room and went in, he noticed that his clothes, which he believed had been previously folded, were strewn about the room. Nervous, afraid, and shaken, Mr. Chagas went through his room checking for his belongings and making sure he was alone. Thankfully, no one was there and none of his belongings were taken. Mr. Chagas called out and a housekeeper came, and he spoke with her about what happened, and she said she would call security. As he needed to get ready for work and for his ride to the airport, Mr. Chagas cleaned up his room, changed into his uniform, and finished getting ready for work. He then proceeded to checkout and informed the folks at the front desk that he believed his room was broken into and he was worried for his safety and others.

10. Mr. Chagas also reported his safety concern about how he believed his room had been broken into at the Capthorne Tara Hotel to United Airlines. Mr. Chagas' suggestions for change when he submitted his report was that United Airlines should not use the hotel in the future as it "comprises our safety."

11. In retaliation for making these protected complaints about workplace safety, United Airlines launched an investigation, but not into the Hotel, rather into Mr. Chagas' complaint. On June 5, 2018, Mr. Chagas was issued a Letter of Investigation into his complaint and into the possibility that his complaint had damaged United's business relationship with one of its vendors.

12. On June 18, 2018, United informed Mr. Chagas that he was being fired for dishonesty, providing false information and making false accusations. In terminating Mr. Chagas, Defendants did so on the basis of false and defamatory statements included express and implied accusations that Mr. Chagas was dishonest, providing false information, and making false accusations. These and other similar false statements expressly and impliedly published that Mr. Chagas was dishonest, provided false information, and that he made false accusation. These statements were published, internally and externally and are foreseeably republished, were understood by the recipients in their defamatory sense, and to be of and concerning Mr. Chagas.

13. United Airlines was more worried about its business relationship than its

employees reasonable concern about safety.

# FIRST CAUSE OF ACTION

## Defamation

### AGAINST ALL DEFENDANTS

14. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied dishonesty, providing false information, and making false accusations.

16. While the precise dates of these defamatory publications are not known to Plaintiff, Plaintiff has discovered, within the last year, and are informed and believe the publications started on or before May 31, 2018 and have continued thereafter. This defamation published by Defendants, and each of them, was for the improper purpose of justifying Plaintiff's termination.

17. These publications were outrageous, negligent, reckless, intentional, and/or maliciously published and republished by Defendants, and each of them by and through their agents and employees. Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were and continue to be, foreseeably published and republished by Defendants, their agents and employees, recipients, in the community. These foreseeable republications included those that Plaintiff was forced and compelled to republish after his termination. Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

18. During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or

desire to know. Plaintiff is informed and believe that those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, other agents and employees of Defendants, and each of them, Capthorne Tara Hotel, and the community, all of whom are known to Defendants, and each of them.

19. The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiffs' personal, business, and professional reputation. These publications included the following false and defamatory statements included express and implied accusations (in violation of *Civil Code* §§ 45 and 46(3)(5)) with the meaning and/or substance of expressly and impliedly that Plaintiff was dishonest, providing false information, and making false accusations.

20. Plaintiff is informed, believes and fears that these false and defamatory per se statements will continue to be published by Defendants, and each of them, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputation. Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

21. The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

22. None of Defendants' defamatory publications against Plaintiff referenced above are true.

23. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believe this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiffs seek redress by this action.

24. Each of these false defamatory per se publications, as set forth above, were

negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege, which Plaintiff deny existed, since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the termination of Plaintiff. Further, the malice is evidence by United Airline's accusation that Mr. Chagas' actions and complaints regarding his concerns for his own and his fellow flight attendants safety damaged United Airlines' relationship with one of their vendors/suppliers, also the Copthorne Tara Hotel.

25. Plaintiff is informed and believes that any alleged "investigation" allegedly conducted by Defendants was non-existent and at best reckless, and resulted in these complained of defamatory statements being published. Furthermore, these publications of defamation were malicious also because Plaintiff was not provided information regarding the investigation and/or allegations so that he could respond, correct, clarify, refute or redirect the investigation. Plaintiff is informed and believes that the decision to terminate Plaintiff was made before any meeting with Plaintiff to discuss the investigation and/or allegations. This made the investigation, intentionally incomplete, and reckless since the key witness, namely Plaintiff, was not consulted or interviewed about the truth or falsity of any relevant information found or about the allegations before the decision to terminate was made.

26. Each of these defamatory publications by Defendants, and each of them, were made with knowledge that any alleged investigation did not support the unsubstantiated and obviously false statements. The Defendants published these statements knowing them to be false, unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and, in fact, knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity regarding this information.

27. The above complained-of publications by Defendants, and each of them, were

FIRST AMENDED COMPLAINT FOR DAMAGES

made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, reputation, employment and employability. Defendants, and each of them, published these statements, with an illegal purpose, not with intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or intent to injure Plaintiff and destroy her reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

28. As a proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business and professional reputations including suffering embarrassment, humiliation, emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

29. Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice, as described above, and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiffs' rights. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, authorized, ratified and approved by the Defendants, and each of them. Plaintiffs are thus entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

## SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### AGAINST ALL DEFENDANTS

30. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1 through 13 as though fully set forth herein.

31. As articulated above, Plaintiff was employed by Defendants. On or about June

18, 2018 Plaintiff was fired from Defendants.

32. Plaintiff was fired as a result of the defendants' violation of fundamental public policies. It is against California Public Policy to terminate an employee who makes a complaint with reference to employee safety or health (*Labor Code* § 6310 et seq) or unsafe working condition (*Labor Code* § 232.5), or who makes complaints about possible theft/burglary (*Penal Code* §§ 459, 484, 487 and 490, and/or in violation of the public policies as set out by California *Civil Code* § 44, 45, and 46, and in numerous other statutory provisions.

33. Defendants' conduct was a substantial factor in causing harm to Plaintiff, including but not limited to: loss of earnings and other employment benefits, physical injuries, pain and suffering, mental anguish and emotional distress. As such, Plaintiff is entitled to general and compensatory damages in amounts to be proven at the time of trial;

34. The conduct of Defendants and each of them as described above was malicious, fraudulent, and/or oppressive and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### THIRD CAUSE OF ACTION
### Violation of California Labor Code § 1102.5
### AGAINST All Defendants

35. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 13 of this Complaint as though fully set forth herein.

36. At all times during Plaintiff's tenure with Defendants, and each of them, Plaintiff was protected by California state law from retaliation based on, or motivated by, his opposition to practices in violation of the California Labor Code.

37. California *Labor Code* § 1102.5(b) expressly prohibits employers from taking retaliatory actions against an employee as follows:

(b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

38. Here, as more fully alleged above, Plaintiff engaged in activity protected by section 1102.5(b) including, but not limited to instances when he complained about workplace safety and safe accommodations for flight attendants provided by United and complaints about possible theft/burglary.

39. Shortly after making these complaints, and because of these complaints, Plaintiff was terminated by Defendant.

40. As a direct an proximate cause of Defendant's acts, as alleged herein, Plaintiff has suffered and continued to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including, but not limited to, humiliation, shock, embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

41. Additionally, Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights, and thus an award of exemplary and punitive damages is justified in an amount sufficient to injure and punish Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for Judgment against United Airlines and DOES 1 through 10, inclusive and collectively as follows:

1) For compensatory and general damages according to proof;
2) For exemplary and punitive damages;
3) For attorneys' fees pursuant to Civil Code § 1021.5;
4) For costs of suit;
5) For pre-judgment and post judgment interest, at the legal rate; and
6) For such other and further relief as the Court deems appropriate and just.

Respectfully submitted

Dated: March 06, 2020  THE AARONS LAW FIRM

_____
Martin I. Aarons
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: March 06, 2020  THE AARONS LAW FIRM

_____
Martin I. Aarons
Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action. My business address is: 16000 Ventura Boulevard, Suite 850, Encino, CA 91436

On **March 06, 2020,** I served the foregoing document titled: **First Amended Complaint,** upon the following parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| **Counsel for Defendant** | **Counsel for Defendant** |
|---|---|
| Michele Haydel Gehrke, Esq. | Fatemeh S. Mashouf, Esq. |
| REED SMITH, LLP | REED SMITH, LLP |
| 101 Second St., Suite 1800 | 355 South Grand Ave., Suite 2800 |
| San Francisco, CA 94105 | Los Angeles, CA 90071 |
| Tel: (415) 543-8700 | Tel: (213) 457-8000 |
| Fax: (415) 391-8269 | Fax: (213) 457-8080 |
| mgehrke@reedsmith.com | fmashouf@reedsmith.com |

[ ]   **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Encino, California to the address listed above.

[ ]   **BY PERSONAL SERVICE:** I caused the service of such document to be personally delivered to addressee(s).

[X]   **SERVICE BY ELECTRONICALLY FILED DOCUMENTS**. Pursuant to Local Rule *L.R. 5-3.3* upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the FRCP and Criminal Procedure for all attorneys who have consented to electronic service.

[X]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on **March 06, 2020,** at Encino, California.

*/s/ Martin I. Aarons*
Martin I. Aarons