Michele Haydel Gehrke (215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Mona A. Razani (312234)
mrazani@reedsmith.com
REED SMITH LLP
355 South Grand Ave Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant* United Airlines, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case. No.: 2:19-cv-03860-JAK-JC<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT'S STATUS REPORT RE: (1) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST MR. GARREN; AND (2) DEFENDANT'S MOTION TO COMPEL AND SANCTIONS AGAINST PLAINTIFF**<br><br>[ASSIGNED TO HON. CHOOLJIAN FOR DISCOVERY PURPOSES]<br><br>Hearing Date:    October 14, 2020<br>Complaint Filed: March 28, 2019<br>Discovery Cut Off: March 2, 2020 but extended for Defendant<br>Pretrial Conference and Trial Date: TBD |

1

**DEFENDANT'S STATUS REPORT RE (1) DEFENDANT'S MOTION TO COMPEL COMPLIANCE AND FOR SANCTIONS AGAINST MR. GARREN; (2) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF**

## **TABLE OF CONTENTS**

**Page**

I.  DEFENDANT'S MOTION FOR APPLICATION FOR ORDER TO SHOW CAUSE RE CONTEMPT AND SANCTIONS AGAINST EDWARD GARREN AND MOTION TO COMPEL COMPLIANCE WITH FRCP 45(G). ........................................................................................ 3

II. DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY AND OUTSTANDING ISSUES ................................................................................ 4

    A.    Special Interrogatories Set One and Two. ........................................... 4

    B.    Requests for Production of Documents Set One Nos. 1-42 and Compelling Production of Documents. ............................................... 4

    C.    Plaintiff's Deposition Occurred on September 29, 2020. ................... 7

    D.    Defendant Maintains and Renews its Request for Sanctions Against Plaintiff and Plaintiff's Counsel's for Their Abuse of the Discovery Process. ................................................................................................ 7

2

**DEFENDANT'S STATUS REPORT RE (1) DEFENDANT'S MOTION TO COMPEL COMPLIANCE AND FOR SANCTIONS AGAINST MR. GARREN; (2) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF**

Pursuant to the Court's Orders dated August 18, 2020 (Docket No. 88) and September 8, 2020 (Docket No. 90) and in advance of the Court's Status Conference scheduled for October 14, 2020 at 10:00 a.m.., Defendant United Airlines, Inc. ("United" or "Defendant") submits this further Status Report regarding the progress made as to: (1) Defendant's Motion for Application for Order to Show Cause Re Contempt and Sanctions Against Edward Garren and Motion to Compel Compliance with FRCP 45(g) (Docket No. 30), and (2) Defendant's Motion to Compel Discovery Responses, Documents, Deposition, and Request for Sanctions (Docket No. 27).

Defendant is pleased to advise the Court nearly all of the outstanding discovery issues have been resolved, including the taking of Plaintiff's deposition on September 29, 2020. Defendant thanks the Court for assisting the Parties throughout the discovery process. Defendant will provide this Court a brief update of what has been completed and will renew its request for monetary sanctions against Plaintiff and Plaintiff's counsel.

## I. DEFENDANT'S MOTION FOR APPLICATION FOR ORDER TO SHOW CAUSE RE CONTEMPT AND SANCTIONS AGAINST EDWARD GARREN AND MOTION TO COMPEL COMPLIANCE WITH FRCP 45(G).

To remind the Court, while Mr. Garren provided a 7 page production in response to this Court's Order compelling the production of documents, Mr. Garren did not produce any text-messages and e-mail correspondence[1], and did not produce any notes, if any exist. On the Order of the Court, Defendant asked Mr. Garren to review all the documentation and confirm, one way or another, whether these documents (Mr. Garren's production and Plaintiff's production of communications) constituted the universe of documents responsive to the Subpoena. Mr. Garren

---

[1] Plaintiff produced over 59 pages of text and email messages with Mr. Garren.

3

**DEFENDANT'S STATUS REPORT RE (1) DEFENDANT'S MOTION TO COMPEL COMPLIANCE AND FOR SANCTIONS AGAINST MR. GARREN; (2) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

responded but his response was vague and argumentative. Declaration of Michele Gehrke ("Gehrke Decl.") ¶ 2.

As stated in the last Status Report, Defendant agrees to reserve the questions regarding Mr. Garren's communications and correspondence for his deposition, which has not been scheduled yet. Defendant intends to file a Motion for Summary Judgment, which may obviate the need for third-party depositions such as Mr. Garren's deposition altogether. Gehrke Decl. ¶ 3. However, because Mr. Garren has not actually complied with the Subpoena or this Court's order, Defendant reserves the right to revisit this issue to the extent it learns that there are more communications or records that have been withheld either by Plaintiff, Plaintiff's counsel, or Mr. Garren. Therefore, at this time, Defendant is not requesting the Court to take any action with respect to Defendant's Motion to Compel against Mr. Garren.

## II. DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY AND OUTSTANDING ISSUES

### A. Special Interrogatories Set One and Two.

Defendant considers this issue resolved as to the outstanding matters flowing from Defendant's Motion to Compel. However, Defendant generally maintains that Plaintiff is under an obligation to supplement the Interrogatories to the extent new or updated information has been discovered, which he has not done, including disclosing all of his new medical providers through a supplemental response.

### B. Requests for Production of Documents Set One Nos. 1-42 and Compelling Production of Documents.

With respect to the Requests for Production of Documents ("RFPDs") which Defendant issued to Plaintiff last year on August 20, 2019 and for which Plaintiff waived all objections thereto, Defendant provides the following updates:

- <u>T-Mobile Subpoena for Phone Logs (Relating to RFPD Nos. 23, 39, 40).</u> T-Mobile provided its production pursuant to the Subpoena around September 8, 2020

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

4

**DEFENDANT'S STATUS REPORT RE (1) DEFENDANT'S MOTION TO COMPEL COMPLIANCE AND FOR SANCTIONS AGAINST MR. GARREN; (2) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF**

and, pursuant to the Parties' First Look Agreement, after Plaintiff's counsel reviewed the production, it was released to Defendant around September 23, 2020. Gehrke Decl. ¶ 4. Therefore, this issue is resolved.

- Medical Records (RFP 32) and Subpoenas.
  - *Lawrence Hymes Subpoena*: On August 14, 2020, Defendant issued and served a Subpoena for Mr. Hymes' medical file, which called for the production of therapy notes with a compliance date of September 4, 2020. Gehrke Decl. ¶ 5. Initially, Mr. Hymes objected to the production of records absent a Court order. (*Id.*) At the last status conference on August 18, 2020, the Court asked the parties to confer with Mr. Hymes to understand his concerns to see if we could reach a stipulation on the records. (*Id.*) Defendant promptly reached out to Mr. Hymes and Plaintiff's Counsel to try to reach an agreement. (*Id.*) Mr. Hymes failed to respond and when Defense Counsel followed up with Mr. Hymes, Plaintiff's Counsel instead responded and indicated it was his understanding that Mr. Hymes objected to the production of therapy notes (which he argued have special protections under HIPPA), suggested Mr. Hymes provide a summary of treatment instead of his actual notes/file, and then revoked the signed authorization from Plaintiff for the release of the records. (*Id.*) Given the concerns with Plaintiff's involvement in Mr. Garren's letter "summarizing" his treatment of Plaintiff, Defense Counsel was not in favor of this suggestion from Plaintiff's Counsel. (*Id.*) After Defense Counsel reviewed Plaintiff's authority and conducted legal research which supported Defendant's position that it was entitled to the therapy notes, Defense Counsel wrote to Plaintiff's Counsel and Mr. Hymes with its position and supporting authority and suggested a phone call to try to amiably resolve the issues. (*Id.*) Defense Counsel and Plaintiff's Counsel had a phone call on September 3, 2020 and were able to reach a resolution with Plaintiff withdrawing his objection to the production of the therapy notes (with safeguards in place) and reinstated his authorization for the release of the records. (*Id.*) After these lengthy

5

**DEFENDANT'S STATUS REPORT RE (1) DEFENDANT'S MOTION TO COMPEL COMPLIANCE AND FOR SANCTIONS AGAINST MR. GARREN; (2) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

attempts to meet and confer, Defendant received Mr. Hymes' medical records production pursuant to the Subpoena after Plaintiff's first look on September 25, 2020, two business days before Plaintiff's Deposition. (*Id.*) Therefore, the issue of Mr. Hymes' Subpoena is finally resolved.

    o *Dr. Rodney Collins and Dr. Jay Gladstein.* During Plaintiff's Deposition, Defendant learned that Plaintiff recently began treating with <u>Dr. Rodney Collins</u>, a provider for which Defendant has already secured a signed authorization to obtain medical records. Defendant previously issued a Subpoena for Dr. Collins' records, but Dr. Collins certified no records exist as it appears Plaintiff began treatment after Defendant issued the Subpoena. Defendant plans to work with Plaintiff's Counsel to reissue the Subpoena to Dr. Collins at his correct medical facility. Moreover, during Plaintiff's Deposition, Plaintiff disclosed he treated with <u>Dr. Jay Gladstein</u> again, but Plaintiff has not supplemented his document production. Defendant expects Plaintiff to obtain these records and supplement his production pursuant to the Request for Production No. 32, or alternatively, cooperate with Defendant in issuing a Subpoena to obtain the new records. Gehrke Decl. ¶ 6. Defendant is optimistic that the Parties can reach an agreement on these two outstanding medical provider documents without the intervention of this Court.

- <u>Form/General Production Issues:</u> Plaintiff has provided legible copies of the document production that was at issue. Gehrke Decl. ¶ 7. This issue is resolved.

- <u>Previously Incomplete Document Production</u>: Plaintiff continues to supplement his document production, and as recently as September 25, 2020, Plaintiff produced further text messages from "Azar" in the June 2018 timeframe and a Facebook post Plaintiff made in June 2020. Gehrke Decl. ¶ 8. Thus, while Defendant is hesitant to conclude that Plaintiff has produced all relevant communications responsive to the Requests for Production of Documents, as older communications and documents "trickle in," for purposes of this Status Update, Defendant will

**DEFENDANT'S STATUS REPORT RE (1) DEFENDANT'S MOTION TO COMPEL COMPLIANCE AND FOR SANCTIONS AGAINST MR. GARREN; (2) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF**

consider these issues resolved.

- <u>Plaintiff's Witness Interview/Investigator Reports</u>: This issue has been resolved.

### C. Plaintiff's Deposition Occurred on September 29, 2020.

By mutual agreement, the Parties moved Plaintiff's full-day Deposition to September 29, 2020. Gehrke Decl. ¶ 9. Due to Plaintiff's request, the COVID-19 Pandemic and Plaintiff's health concerns, Defendant accommodated Plaintiff via a Zoom remote Deposition. (*Id.*)  At this time, Defendant considers this issue resolved.

### D. Defendant Maintains and Renews its Request for Sanctions Against Plaintiff and Plaintiff's Counsel's for Their Abuse of the Discovery Process.

As discussed above, Plaintiff *again* has produced additional documents responsive to the Requests for Production of Documents Set One that were in existence months ago. Now that the issues raised in Defendant's initial Motion to Compel appear resolved after *significant* Court intervention and rulings in Defendant's favor, Defendant again requests that the Court order monetary sanctions against Plaintiff and Plaintiff's counsel's for their discovery misconduct for all the reasons outlined in Defendant's Motion and Status Reports previously filed.

Defendant has provided *multiple* bases for the issuance of sanctions in its moving papers to Defendant's Motion to Compel, the Opposition to Plaintiff's Motion to Compel (which was denied) and its Status Reports (See Docket Nos. 66, 76 and 87) and therefore Defendant will not repeat these points.

However, Defendant yet again recently learned more information that Plaintiff has been continuing to abuse the discovery process during Plaintiff's Deposition on September 29, 2020 and would like to inform the Court of the same as the Court considers issuing sanctions. As explained above, the Parties met and conferred extensively regarding the Subpoena issued to Mr. Lawrence Hymes. During his

7

**DEFENDANT'S STATUS REPORT RE (1) DEFENDANT'S MOTION TO COMPEL COMPLIANCE AND FOR SANCTIONS AGAINST MR. GARREN; (2) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF**

Deposition, Plaintiff admitted that during the time *after* Defendant secured a signed authorization from Plaintiff to release the records and issued the Subpoena to Mr. Hymes, **Plaintiff asked Mr. Hymes to not take any notes of their sessions** and instead provide a letter summarizing his treatment. Gehrke Decl. ¶ 10. Indeed, Plaintiff admitted during his Deposition that he asked Mr. Hymes not to take notes so that Defense Counsel would not obtain information relevant to his treatment and the emotional distress alleged in this litigation. (*Id.*) And, as this was going on (unbeknownst to Defense Counsel), Plaintiff and Plaintiff's counsel were taking the attenuated position that Mr. Hymes should not produce his notes (and instead provide a letter of treatment). (*Id.*) Defendant spent considerable resources and efforts to meet and confer and eventually obtain the records for its valid Subpoena much later than the original compliance date stated in the Subpoena. (*Id.*)

This news is alarming but not surprising to Defendant, as it follows a pattern of delay and interference in the discovery process. In fact, this interference comes on the heels of text-messages Plaintiff produced relating to Mr. Garren, wherein Plaintiff guided and in fact assisted in revising the "letter of treatment" that Mr. Garren wrote and Plaintiff provided in the January/February 2020 timeframe in response to Defendant's Subpoena. (See Docket No. 76, Def's Status Report and Docket No. 76-1, Gehrke Declaration, Ex. I, Garren and Plaintiff communications). It was not until Defendant expended great efforts and advanced a Motion to Compel Compliance against Mr. Garren that Defendant received more documents. Unfortunately, this pattern of obstruction appears to have been extended to Mr. Hymes' records as well.

Ultimately, upon review of the documents from Mr. Hymes' Subpoena production, it appears Mr. Hymes did not heed Plaintiff's direction and took detailed notes during the therapy sessions. Gehrke Decl. ¶ 10. Nonetheless, it further illustrates the ongoing discovery abuse by Plaintiff and Plaintiff's counsel in this case. Also during Plaintiff's Deposition on September 29, 2020, he testified that he had been

8

**DEFENDANT'S STATUS REPORT RE (1) DEFENDANT'S MOTION TO COMPEL COMPLIANCE AND FOR SANCTIONS AGAINST MR. GARREN; (2) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF**

directing other witness regarding their potential contact with Defense Counsel as it relates to this litigation. (*Id.*)

While Defendant is pleased with the much delayed conclusion of this phase of the discovery process and is thankful for the Court's patience and guidance throughout this process, Defendant maintains that it simply should not have taken nearly a year, a Motion to Compel, and multiple status conferences with the Court to ensure Plaintiff and Plaintiff's counsel have complied with basic discovery obligations. Indeed, had Defendant not expended tens of thousands of dollars and significant time attempting to obtain documents and information which should have been provided months ago, Defendant would not have had access to key material evidence that was previously withheld but now which supports its defenses. Defendant would have been extremely prejudiced and disadvantaged in this case if had not diligently fought to obtain this information.

Thus, in light of the fact that Defendant first issued discovery in the summer and fall of 2019 and is still now working with this Court to resolve all outstanding issues, and in light of the clear abuse of the discovery process, Defendant maintains its request for sanctions and respectfully asks this Court to issue sanctions against Plaintiff and Plaintiff's counsel.

Dated: October 6, 2020

REED SMITH LLP

*/s/ Michele Haydel Gehrke*

Michele Haydel Gehrke
Mona A. Razani
Attorneys for Defendant
UNITED AIRLINES, INC.

9

**DEFENDANT'S STATUS REPORT RE (1) DEFENDANT'S MOTION TO COMPEL COMPLIANCE AND FOR SANCTIONS AGAINST MR. GARREN; (2) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF**

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, California 90071.

On October 6, 202020, I served the following document(s) by the method indicated below:

**DEFENDANT'S STATUS REPORT RE: (1) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST MR. GARREN; AND (2) DEFENDANT'S MOTION TO COMPEL AND SANCTIONS AGAINST PLAINTIFF**

☑ by causing the document(s) listed above to be placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☑ by transmitting via email to the parties at the email addresses listed below:

Edward Garren, MA, LMFT
1246 W. 58th Place
Los Angeles, CA 90044
EdwardGarrenMFT@gmail.com
Fax: 213-596-9082

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on October 6, 2020, at Los Angeles, California.

_____
Charlyn Jones

10

## Jones, Lyn

| | |
|---|---|
| **From:** | Jones, Lyn |
| **Sent:** | Tuesday, October 6, 2020 3:55 PM |
| **To:** | 'EdwardGarrenMFT@gmail.com' |
| **Cc:** | Mona Razani (MRazani@reedsmith.com); Gehrke, Michele Haydel |
| **Subject:** | Chagas v. United Airlines, Inc.; USDC Case No. 2:19-cv-03860-JAK-JC |
| **Attachments:** | Status Report.pdf; Decl. of M. Gehrke.pdf |

**Tracking:**

| Recipient | Delivery |
|---|---|
| 'EdwardGarrenMFT@gmail.com' | |
| Mona Razani (MRazani@reedsmith.com) | Delivered: 10/6/2020 3:55 PM |
| Gehrke, Michele Haydel | Delivered: 10/6/2020 3:55 PM |

Mr. Garren,

Attached please find the following documents:

- DEFENDANT'S STATUS REPORT RE: (1) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST MR. GARREN; AND (2) DEFENDANT'S MOTION TO COMPEL AND SANCTIONS AGAINST PLAINTIFF
- DECLARATION OF MICHELE HAYDEL GEHRKE ISO STATUS REPORT RE: (1) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST MR. GARREN; AND (2) DEFENDANT'S MOTION TO COMPEL

Best regards,

**Charlyn (Lyn) Jones**
Legal Secretary
**ReedSmith** LLP
355 S. Grand Ave.
Suite 2900
Los Angeles, CA  90071-1514
Direct Dial: (213) 457-6435
Facsimile: (213) 457-8080
E-mail: Charlyn.Jones@reedsmith.com

**Jones, Lyn**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | EdwardGarrenMFT@gmail.com |
| **Sent:** | Tuesday, October 6, 2020 3:55 PM |
| **Subject:** | Relayed: Chagas v. United Airlines, Inc.; USDC Case No. 2:19-cv-03860-JAK-JC |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

EdwardGarrenMFT@gmail.com (EdwardGarrenMFT@gmail.com)

Subject: Chagas v. United Airlines, Inc.; USDC Case No. 2:19-cv-03860-JAK-JC

1