Michele Haydel Gehrke (215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Mona A. Razani (312234)
mrazani@reedsmith.com
REED SMITH LLP
355 South Grand Ave Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant* United Airlines, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case. No.: 2:19-cv-03860 -JAK-JC<br>**DISCOVERY MATTER**<br>**DECLARATION OF MICHELE HAYDEL GEHRKE ISO STATUS REPORT RE: (1) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST MR. GARREN; AND (2) DEFENDANT'S MOTION TO COMPEL**<br>[ASSIGNED TO HON. CHOOLJIAN FOR DISCOVERY PURPOSES]<br>Hearing Date:    October 14, 2020<br>Complaint Filed: March 28, 2019<br>Discovery Cut Off: March 2, 2020 but extended for Defendant<br>Pretrial Conference and Trial Date: TBD |

1

I, Michele Haydel Gehrke, declare as follows:

1.     I am a Partner with the law firm of Reed Smith LLP, attorneys for Defendant United Airlines, Inc., ("Defendant") and am admitted to practice law before all courts in the state of California, including the above captioned Court. I have personal knowledge of the matters stated herein and if called as a witness and sworn, I could competently testify thereto.

2.      While Mr. Garren provided a 7 page production in response to this Court's Order compelling the documents, Mr. Garren did not produce any text-messages and e-mail correspondence, and did not produce any notes, if any exist. Such communications existed as Plaintiff produced over 59 pages of text and email messages. On the Order of the Court, Defendant asked Mr. Garren to review all the documentation and confirm, one way or another, whether these documents (Mr. Garren's production and Plaintiff's production of communications) constituted the universe of documents responsive to the Subpoena. Mr. Garren responded but his response was vague and argumentative.

3.     Defendant intends to file a Motion for Summary Judgment, which may obviate the need for third-party depositions such as Mr. Garren's deposition.

4.     T-Mobile provided its production pursuant to the Subpoena around September 8, 2020. Pursuant to the Parties' First Look Agreement, after Plaintiff's Counsel reviewed the production, it was released to Defendant around September 23, 2020.

5.     On August 14, 2020, Defendant issued and served a Subpoena for Mr. Hymes' medical file, which called for the production of therapy notes with a compliance date of September 4, 2020. Initially, Mr. Hymes objected to the production of records absent a Court order. At the last status conference on August 18, 2020, the Court asked the parties to confer with Mr. Hymes to understand his concerns to see if we could reach a stipulation on the records. Defendant promptly

**DECLARATION OF MICHELE HAYDEN GEHRKE ISO
DEFENDANT'S SUPPLEMENTAL BRIEF**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

reached out to Mr. Hymes and Plaintiff's Counsel to try to reach an agreement. Mr. Hymes did not respond and Defense Counsel followed up. Plaintiff's Counsel then responded and indicated it was his understanding that Mr. Hymes objected to the production of therapy notes (which he argued have special protections under HIPPA), suggested Mr. Hymes provide a summary of treatment instead of his actual notes/file, and then revoked the signed authorization from Plaintiff for the release of the records. Given the concerns with Plaintiff's involvement in Mr. Garren's letter summarizing his treatment of Plaintiff, Defense Counsel was not in favor of this suggestion from Plaintiff's Counsel. Defense Counsel reviewed Plaintiff's authority and conducted legal research which supported Defendant's position that it was entitled to the therapy notes. Defense Counsel wrote to Plaintiff's Counsel and Mr. Hymes with its position and supporting authority and suggested a phone call to try to amiably resolve the issues. Defense Counsel and Plaintiff's Counsel had a phone call on September 3, 2020 and were able to reach a resolution with Plaintiff withdrawing his objection to the production of the therapy notes (with safeguards in place) and reinstated his authorization for the release of the records. After these lengthy attempts to meet and confer, Defendant received Mr. Hymes' medical records production pursuant to the Subpoena after Plaintiff's first look on September 25, 2020, two business days before Plaintiff's Deposition.

6.     During Plaintiff's Deposition on September 29, 2020, for which I was the examining attorney, Plaintiff testified that he recently began treating with Dr. Rodney Collins, a provider for which Defendant has already secured a signed authorization for medical records. Defendant issued a Subpoena to Dr. Collins but Dr. Collins certified no records exist because Plaintiff likely began treatment after Defendant issued the Subpoena. Defendant plans to work with Plaintiff's Counsel to reissue the Subpoena to Dr. Collins at his correct medical facility. Moreover, during Plaintiff's Deposition, Plaintiff disclosed he treated with Dr. Jay Gladstein again, but Plaintiff has not supplemented his document production. Defendant expects Plaintiff to obtain these

3

records and supplement his production pursuant to the Request for Production No. 32, or alternatively, cooperate with Defendant in issuing a Subpoena to obtain the new records.

7.     Plaintiff has provided legible copies for the document production that was at issue.

8.     Plaintiff continues to supplement his document production, and as recently as September 25, 2020, Plaintiff produced further text messages from "Azar" in the June 2018 timeframe and a Facebook post Plaintiff made in June 2020.

9.     By mutual agreement, the Parties moved Plaintiff's full-day Deposition to September 29, 2020. Due to Plaintiff's request, the COVID-19 Pandemic and Plaintiff's health concerns, Defendant accommodated Plaintiff via a Zoom remote Deposition.

10.     On September 29, 2020, I took the Deposition of Plaintiff remotely through Zoom. I have also reviewed a "rough transcript" provided by the Court Reporter to confirm the below. As to Mr. Lawrence Hymes' Subpoena, Plaintiff admitted during his Deposition that, during the time after Defendant secured a signed authorization from Plaintiff to release the records and issued the Subpoena to Mr. Hymes (attached hereto as **Exhibit A**), Plaintiff asked Mr. Hymes to not take any notes of their sessions and instead provide a letter summarizing his treatment. Indeed, Plaintiff admitted during his Deposition that he asked Mr. Hymes not to take notes so that Defense Counsel would not obtain information relevant to his treatment and the emotional distress alleged in this litigation. And, as this was going on (unbeknownst to Defense Counsel), Plaintiff and Plaintiff's Counsel were taking the attenuated position that Mr. Hymes should not produce his notes (and instead provide a letter of treatment). As discussed above, Defendant spent considerable resources and efforts to meet and confer and eventually obtain the records for its valid Subpoena much later than the original compliance date stated in the Subpoena. Ultimately, upon review of the documents from Mr. Hymes' Subpoena production, it appears Mr. Hymes did not

4

heed Plaintiff's direction and took detailed notes during the therapy sessions. Also during Plaintiff's Deposition on September 29, 2020, he testified that he had been directing other witness regarding their potential contact with Defense Counsel as it relates to this litigation.

I declare under penalty of perjury under the state laws of California and the United States that the foregoing is true and correct. Executed in Danville, California on October 6, 2020.

_/s/ Michele Haydel Gehrke_
Michele Haydel Gehrke

**DECLARATION OF MICHELE HAYDEN GEHRKE ISO
DEFENDANT'S SUPPLEMENTAL BRIEF**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed in the office of a member of the bar of this court at whose direction the service was made.  My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, California 90071.

On October 6, 202020, I served the following document(s) by the method indicated below:

**DECLARATION OF MICHELE HAYDEL GEHRKE ISO STATUS REPORT RE: (1) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST MR. GARREN; AND (2) DEFENDANT'S MOTION TO COMPEL**

☑     by causing the document(s) listed above to be placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☑     by transmitting via email to the parties at the email addresses listed below:

Edward Garren, MA, LMFT
1246 W. 58th Place
Los Angeles, CA 90044
EdwardGarrenMFT@gmail.com
Fax: 213-596-9082

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on October 6, 2020, at Los Angeles, California.

_____
Charlyn Jones

**DECLARATION OF MICHELE HAYDEN GEHRKE ISO
DEFENDANT'S SUPPLEMENTAL BRIEF**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

Michele Haydel Gehrke (215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Mona A. Razani (312234)
mrazani@reedsmith.com
REED SMITH LLP
355 South Grand Ave Suite 2800 Los
Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant*
United Airlines, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive,<br><br>                    Defendant. | Case. No.: 2:19-cv-03860<br><br>**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS DIRECTED TO LAWRENCE S. HYMES, LMFT**<br><br>[ASSIGNED TO HONORABLE JOHN A. KRONSTADT]<br><br>Complaint Filed: March 28, 2019 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 1 -

TO PLAINTIFF ALLYSON CHAGAS:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, UNITED AIRLINES, INC. ("Defendant") will serve the attached Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") on Lawrence S. Hymes, LMFT and demand production of the records specified therein.

Attached hereto as Exhibit 1 is a copy of the Subpoena and the Signed Authorization directed to Lawrence S. Hymes, LMFT.

DATED: August 14, 2020            REED SMITH LLP

By: */s/ Mona A. Razani*_____
Michele Haydel Gehrke
Mona A. Razani
Attorneys for Defendant
UNITED AIRLINES, INC.

**NOTICE OF SUBPOENA TO LAWRENCE S. HYMES, LMFT**

1

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071.

On August 14, 2020, I served the following document(s) by the method indicated below:

**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS DIRECTED TO LAWRENCE S. HYMES, LMFT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Martin Isaac Aarons<br>Shannon Helene-Pagel Ward<br>AARONS LAW FIRM APC<br>16000 Ventura Blvd., Suite 850<br>Encino, CA 91436<br>Telephone: 818.794.9250<br>Facsimile: 818.302.2072<br>maarons@aaronslawfirm.com<br>shannon@aaronslawfirm.com | *Attorneys for Plaintiff*<br>*Allyson Chagas* |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 14, 2020, at Los Angeles, California.

_____
Charlyn Jones

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Jones, Lyn**

| | |
|---|---|
| **From:** | Jones, Lyn |
| **Sent:** | Tuesday, October 6, 2020 3:55 PM |
| **To:** | 'EdwardGarrenMFT@gmail.com' |
| **Cc:** | Mona Razani (MRazani@reedsmith.com); Gehrke, Michele Haydel |
| **Subject:** | Chagas v. United Airlines, Inc.; USDC Case No. 2:19-cv-03860-JAK-JC |
| **Attachments:** | Status Report.pdf; Decl. of M. Gehrke.pdf |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | 'EdwardGarrenMFT@gmail.com' | |
| | Mona Razani (MRazani@reedsmith.com) | Delivered: 10/6/2020 3:55 PM |
| | Gehrke, Michele Haydel | Delivered: 10/6/2020 3:55 PM |

Mr. Garren,

Attached please find the following documents:

- DEFENDANT'S STATUS REPORT RE: (1) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST MR. GARREN; AND (2) DEFENDANT'S MOTION TO COMPEL AND SANCTIONS AGAINST PLAINTIFF
- DECLARATION OF MICHELE HAYDEL GEHRKE ISO STATUS REPORT RE: (1) DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST MR. GARREN; AND (2) DEFENDANT'S MOTION TO COMPEL

Best regards,

**Charlyn (Lyn) Jones**
Legal Secretary
**ReedSmith** LLP
355 S. Grand Ave.
Suite 2900
Los Angeles, CA  90071-1514
Direct Dial: (213) 457-6435
Facsimile: (213) 457-8080
E-mail: Charlyn.Jones@reedsmith.com

1

**Jones, Lyn**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | EdwardGarrenMFT@gmail.com |
| **Sent:** | Tuesday, October 6, 2020 3:55 PM |
| **Subject:** | Relayed: Chagas v. United Airlines, Inc.; USDC Case No. 2:19-cv-03860-JAK-JC |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

EdwardGarrenMFT@gmail.com (EdwardGarrenMFT@gmail.com)

Subject: Chagas v. United Airlines, Inc.; USDC Case No. 2:19-cv-03860-JAK-JC

# EXHIBIT 1

EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLYSON CHAGAS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:19-cv-03860-JAK-JC |
| | ) | |
| UNITED AIRLINES, INC., et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Lawrence S. Hymes, LMFT, 8235 Santa Monica Blvd. #311, Los Angeles, CA 90046

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment 3

| | |
|---|---|
| Place: USA Legal Network<br>       800 W. 1st Street, #200B<br>       Los Angeles, CA 90012 | Date and Time:<br>September 4, 2020 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 14, 2020

                    *CLERK OF COURT*
                                                        OR
                                                             /s/ Mona A. Razani
_____          _____
     *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*
                                                        Mona A. Razani

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant United Airlines, Inc. , who issues or requests this subpoena, are:

Mona A. Razani, Reed Smith LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:19-cv-03860-JAK-JC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                               _____
                                                              *Printed name and title*

                                               _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT 3**

**DEFINITIONS AND INSTRUCTIONS**

Unless the context otherwise indicates, the following words and phrases are defined and used herein as follows:

1.    "DOCUMENTS" means written, printed, typed, or visually or orally reproduced material of any kind, whether or not privileged, including, but not limited to, all letters, emails, text messages, correspondence, communications, contracts, agreements, bills, orders, receipts, records, books, computer tapes and printouts, memoranda, notes, notebooks, maps, sketches, cablegrams, telegrams, reports, press releases, advertising and promotional literature, prints, drawings, plans, photographs, printed forms, manuals, brochures, lists, publications, videotapes, other tape recordings, films, microfilm, electronic media, and all other writings, including drafts, typings, printings, minutes, or copies or reproductions thereof in your possession, custody, or control (or as defined in California Evidence Code Sections 250, 255 and 260).

2.    "MEDICAL INFORMATION" includes but is not limited to DOCUMENTS pertaining to the treatment of or related to CHAGAS' medical and/or mental health history and/or substance abuse history since January 1, 2017. "MEDICAL INFORMATION" also includes DOCUMENTS pertaining to any drug/substance therapy, drug/substance abuse, drug/substantive use (recreational or prescription), addiction counseling, mental health counseling, therapy, or treatment including those relating to paranoia, anxiety, insomnia, depression, post-traumatic stress disorder, trauma including any physical or sexual abuse, bi-polar disorder, hallucinations, suicidal ideas, and any associated physical injuries or conditions.

3.    CHAGAS means Plaintiff Allyson Chagas, **DOB: 09/23/1979, SSN XXX-XX-3948.**

**DOCUMENT REQUESTS**

This subpoena calls for the production of all DOCUMENTS in your possession, custody, or control that refer, relate or pertain to Plaintiff CHAGAS, **DOB 09/23/1979, SSN XXX-XX-**

**3948, whose medical, psychological, billing and pharmaceutical records are believed to be
generated by any and all locations, including but not limited to the following providers
and/or locations:**

- **Lawrence S. Hymes, Licensed Marriage Family Therapist #48870**
- **8235 Santa Monica Blvd. #311, Los Angeles, CA 90046.**

**If additional identifying information is needed to conduct your search, such information
will be provided by the deposition officer upon request.**

Without limiting the foregoing, this deposition subpoena calls for the production of any
and all DOCUMENTS relating, pertaining, or referring to, including but not limited to the
following categories *prepared, created, or drafted at any time after the documents and/or
things previously produced per a Subpoena for Production of Business Records in this
litigation:*

1.      Any and all MEDICAL INFORMATION including DOCUMENTS relating to CHAGAS'
        medical/mental health and/or substance abuse visits since January 1, 2017 to the date of
        production, including but not limited to medical files, diagnosis, charts, reports, notes,
        writings, diagrams, forms, printouts, test results, lab results, correspondence, text
        messages, e-mails, telephone conversation notes, emergency room records, inpatient
        records, outpatient records, reports, tests and test results, consultant reports, admit sheets,
        histories, nurse notes, physician notes and orders, charts, discharge summaries, operative
        reports.

2.      Any records and DOCUMENTS pertaining to CHAGAS' visits and/or treatments related
        to injuries he sustained or was being treated for since January 1, 2017 related to his
        employment.

3.      Any records and DOCUMENTS pertaining to injuries (mental or physical) CHAGAS
        sustained or was being treated for since January 1, 2017 as a result of any incidents
        CHAGAS reported in connection with his employment, including but not limited to

medical files, therapist notes, psychological records, diagnosis, charts, reports, notes, writings, diagrams, forms, printouts, test results, lab results, correspondence, telephone conversation notes, emergency room records, inpatient records, outpatient records, reports, tests and test results, consultant reports, admit sheets, histories, nurse notes, physician notes and orders, charts, discharge summaries, operative reports.

4.      Any records and DOCUMENTS reflecting dates that CHAGAS contacted Mr. Lawrence S. Hymes between January 1, 2017 to the present, including but not limited to appointment dates, cancelled appointments, missed appointments, telephonic or in person requests for medical treatment (i.e. consultation with a nurse by telephone), and/or telephonic, electronic, or in person requests for medical notes.

5.      Any records and DOCUMENTS reflecting dates that CHAGAS Mr. Lawrence S. Hymes between January 1, 2017 to the present, including but not limited to appointment dates, cancelled appointments, missed appointments, telephonic or in person requests for medical treatment (i.e. consultation with a nurse by telephone), and/or telephonic, electronic, or in person requests for medical notes.

6.      Any records and DOCUMENTS reflecting communications between CHAGAS and Mr. Lawrence S. Hymes between January 1, 2017 to the present, including but not limited to communications through text messages, e-mail, conversation notes, and the like.

7.      Any records and DOCUMENTS reflecting billing for services received by CHAGAS since January 1, 2017.

d. <u>Voluntary Authorization</u>. The undersigned affirms that this Authorization is voluntary and freely given.

### AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

Date: 08/10/20

Signed: _____   Print Name: Allyson Chagas

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

To the following health care providers: ("Authorized Providers")
Mr. Lawrence S. Hymes, Licensed Marriage Family Therapist #48870

Re:  Patient Name: Allyson Chagas
     Date of Birth: 09/23/1979
     Patient SSN: xxx-xx-3948

The undersigned issues this Authorization pursuant to the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. §164.508 ("HIPAA"), and the California Confidentiality of Medical Information Act, Cal. Civ.C. §56 ("CCMIA"), as each may be amended from time to time, and the rules and regulations promulgated thereunder. This Authorization covers information or material whose disclosure would, but for this waiver, be otherwise prohibited by state and federal statutes or regulations.

**1. Persons Authorized to Receive Medical Information.**
The undersigned hereby authorizes the release of Medical Information, as defined in Section 2 below, to the following person(s) ("Authorized Recipients"):

Martin I. Aarons, Esq.
The Aarons Law Firm, APC
16000 Ventura Blvd., Suite 850
Encino, CA 91436
c/o USA Legal Network 800 W. 1st Street, #200B, Los Angeles, CA 90012

and

Michele Haydel Gehrke, Esq.
Mona Razani, Esq.
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
c/o USA Legal Network 800 W. 1st Street, #200B, Los Angeles, CA 90012

**2. Medical Information Authorized for Release.**

"DOCUMENTS" means written, printed, typed, or visually or orally reproduced material of any kind, whether or not privileged, including, but not limited to, all letters, emails, correspondence, charts (including patient charts), contracts, agreements, bills, diagrams, diagnoses, orders, receipts, records (inpatient, outpatient or otherwise), books, computer tapes and printouts, memoranda, in-take notes, nurse notes, physical notes, administrative notes, notebooks, maps, sketches, cablegrams, telegrams, reports, press releases, advertising and promotional literature, prints, drawings, plans, photographs, printed forms, manuals, brochures, lists, publications, videotapes, other tape recordings, films, microfilm, electronic media, and all other writings, including drafts,

typings, printings, minutes, or copies or reproductions thereof in your possession, custody, or control (or as defined in California Evidence Code Sections 250, 255 and 260).

"Medical Information" includes but is not limited to DOCUMENTS pertaining to the treatment of or related to Allyson Chagas's medical/mental health history since **January 1, 2017**. "Medical Information" includes DOCUMENTS pertaining to Mr. Chagas's drug/substance therapy, drug/substance abuse, drug/substantive use (recreational or prescription), drug relapse, addiction counseling, mental health counseling or concerns, anxiety, generalized anxiety disorder, insomnia, depression, major depression moderate/severe - recurrent, post-traumatic stress disorder, trauma, bi-polar disorder, hallucinations, suicidal ideas and any associated physical injuries or conditions, and/or treatment for injuries related to his previous employment with United Airlines, Inc. or the allegations relating to Mr. Chagas's civil complaint against United Airlines, Inc.

**3. Specific Uses and Limitations.**

Authorized Recipient shall specifically use, and is limited to specifically using, the Medical Information for the following purpose ("Specific Use"): to litigate legal claims asserted by the undersigned in connection with alleged legal claims against United Airlines, Inc.

**4. Health Care Providers Authorized to Release Medical Information.**

This Authorization applies only to the Authorized Providers named above.

**5. Expiration of Authorization.**

Unless otherwise revoked, this Authorization expires upon the occurrence of the following:

This Authorization will expire 12 months after the date of signing this Authorization.

**6. Other Required Statements.**

   a. <u>Right to Revoke</u>. The undersigned is aware that he or she may revoke this Authorization at any time, provided that he or she does so in writing and submits it to the Authorized Providers. The revocation will take effect when the Authorized Providers receive it, except to the extent that the Authorized Providers or others have already taken action in reliance on this Authorization.
   b. <u>Potential Redisclosure</u>. Authorized Providers and many other organizations and individuals such as physicians, hospitals, and health plans are required by law to keep the undersigned's health information confidential. The undersigned is aware that authorized disclosure of Medical Information to someone who is not legally required to keep it confidential may result in loss of protection under state or federal health information confidentiality laws.
   c. <u>Right to Receive Copy</u>. The undersigned is aware that he has a right to receive a copy of this Authorization. A reproduced copy of this Authorization shall be as valid as the original.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number & Address)*: <br> MONA A. RAZANI (SBN 312234) <br> REED SMITH LLP <br> 355 S. GRAND AVE., SUITE 2900 <br> LOS ANGELES, CA 90071 <br><br> ATTORNEY FOR *(Name)*: DEFENDANT UNITED AIRLINES, INC. | TELEPHONE NO.: <br> (213) 457-8000 <br><br><br> TRACKING NO.: <br> 1115224MV | *FOR COURT USE ONLY* |
|---|---|---|
| NAME OF COURT & DISTRICT/BRANCH, IF ANY: <br> UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA | | |
| SHORT TITLE OF CASE: <br> ALLYSON CHAGAS  VS  UNITED AIRLINES, INC., ET AL. | | |

| **PROOF OF SERVICE** | HEARING DATE: <br> SEPTEMBER 4, 2020 | TIME: | DEPT./RM.: | CASE NUMBER: <br> 2:19-CV-03860-JAK-JC |
|---|---|---|---|---|

1. I served the:
   a. **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION;**
      **NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS DIRECTED TO LAWRENCE S. HYMES, LMFT;**
      **PROOF OF SERVICE OF NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS DIRECTED TO LAWRENCE S. HYMES, LMFT**

   b. on *(name)*: LAWRENCE S. HYMES, LMFT

   c. by serving: N/A - EMAILED TO LAWRENCE S. HYMES, LMFT - PER HIS REQUEST AS HE IS CURRENTLY CLOSED DUE TO COVID-19. EMAILED TO larryshymes@gmail.com / SEE ATTACHMENT

   d. by delivery: ☐ TO RESIDENCE      ☒ TO BUSINESS      ☐ OTHER ( )
      1. date: AUGUST 14, 2020
      2. time: 4:42 PM
      3. address: 8235 SANTA MONICA BLVD., #311
         LOS ANGELES, CA 90046

   e. ☐ by mailing
      1. date:
      2. city:

   f. ☐ witness fees paid.              ☐ production fees paid.
         amount:.........$_____          amount:........$_____

2. Manner of service: PERSONAL SERVICE VIA EMAIL

3. At the time of service I was at least 18 years old and not a party to the action.

4. Process Server:                        ☒ Not A Registered California Process Server
   MILAY VERA                             ☐ Registered California Process Server
   800 W. 1ST St., Suite 200B                ☐ Owner ☒ Employee ☐ Independent Contractor
   Los Angeles, CA  90012                    ☐ Registration No.:
   (213) 607-9000                            ☐ County:        ☐ Fee for service: $

**USA Legal Network**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on :

Date:  AUGUST 31, 2020                    Signature_____

## Milay Vera

| | |
|---|---|
| **From:** | Larry Hymes <larryshymes@gmail.com> |
| **Sent:** | Friday, August 14, 2020 6:42 PM |
| **To:** | Milay Vera; Ally Chagas |
| **Subject:** | Re: Our Ref. #1115224 medical records request |

I do not give out confidential medical records for a subpoena.  This requires a court order.  I would consider writing a summary of treatment.

On Fri, Aug 14, 2020 at 4:42 PM Milay Vera <milay@usalegalinc.com> wrote:

> Good afternoon Larry,
>
>
> Thank you very much for providing us your email address to send you the attached subpoena requesting records on Allyson Chagas with a due date of 9/04/2020. Please confirm that you have received this email.
>
>
>
>
> Thank you,



USA Legal Network

**Milay Vera,** Deposition Officer
Records Retrieval Manager, USA Legal Network

800 W. 1st Street, Suite 200B, Los Angeles, CA 90012

(213) 607-9000 | milay@usalegalinc.com
www.usalegalinc.com



*To send files/records use the link below:*

*www.hightail.com/u/records-retrieval*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message.