Martin I. Aarons, Esq. (SBN 233879)
Shannon H.P. Ward, Esq. (SBN 308280)
THE AARONS LAW FIRM
A Professional Corporation
16000 Ventura Boulevard, Suite 850
Encino, California 91436
Telephone:  (818) 794-9250
Facsimile:  (818) 302-2072
martin@aaronslawfirm.com
shannon@aaronslawfirm.com

Attorneys for Plaintiff Allyson Chagas

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON CHAGAS,<br><br>           Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 10, inclusive<br><br>           Defendant. | **CASE NO. 2:19-CV-03860**<br>[*Assigned for all purposes to the Honorable Judge John A. Kronstadt, Dept. 10B*]<br><br>**STATUS REPORT IN ADVANCE OF HEARING ON OCTOBER 14, 2020 & DECLARATION OF MARTIN I. AARONS**<br><br>Hearing Date:     June 15, 2020, 8:30 am<br>Complaint Filed:  March 28, 2019<br>Trial Date:       Not yet set |

**TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

Consistent with the Court's September 8, 2020 order, and previous orders on the same, a Telephonic Status conference in this matter is set for October 14, 2020 at 10:00 a.m. and the Parties were directed to file status reports by October 6, 2020. This is Plaintiff's report.

**Plaintiff's Deposition:**

On September 29, 2020, Plaintiff's second deposition was conducted and finished. It began at 9:04 a.m. and lasted until 6:27 p.m. with a total of about 7 hours and 15 minutes or so on the record and covering another 346 pages of testimony. Counsel for United confirmed it was not seeking any more time or to have Mr. Chagas be deposed again. As such, his deposition has been completed. Nonetheless, there are two issues the Court needs to be made aware of as it relates to the deposition, the motion, and Defendant's request for sanctions.

First, relates to the CCTV footage. One of the two purported reasons Defendant required a second day of deposition was to show Mr. Chagas the CCTV footage from the hotel on the day he believed his room was broken into and to ask questions related to the contents of the CCTV recording. This was discussed at length during the hearing on March 10, 2020. However, not a single second of the video was played during Mr. Chagas' September 29, 2020 deposition.

Second, relates to the production of 5,000+ pages by Defendant on Yom Kippur, the day before the September 29th deposition. On September 24, 2020, counsel for Plaintiff notified Defendant that the day before the deposition was Yom Kippur and, thus, he would be out fasting and not available to deal with any issues the day before the deposition. In that email, counsel for Plaintiff requested that any issues be resolved the Thursday or Friday before the deposition. Nonetheless, on Yom Kippur, counsel for United sent numerous sets of production totaling more than 5,000 pages of new documents. This included 323 new pages consisting of Mr. Chagas' flight record history and a 2017 Inflight Policies and Procedures Manual. These documents were in United's possession, custody, and control since this case began.

A related issue is Defendant's improper method of obtaining and maintaining Mr. Chagas's employment records from other airlines. Defendant's new production also included sets of documents they received on March 5, 2020 from Delta and on February 28, 2020 from American Airlines related to subpoenas they issued back in February 2020

through their agent and deposition officer USA Legal.  Counsel for Plaintiff had reached out to USA Legal to inquire about whether documents had been produced in response to the subpoenas.  USA Legal advised counsel for Plaintiff that <u>no records</u> were produced by Delta and that <u>eight (08) pages</u> had been produced by American Airlines.  However, this was not true because United had circumvented USA Legal without informing Plaintiff.

Delta produced six pages of records directly to counsel for United on March 05, 2020.  Yet, United did not advise USA Legal of these documents nor did they notify counsel for Plaintiff of this production until Yom Kippur, the day before the second session of Mr. Chagas' deposition—almost 7 months later.  While American Airlines provided 8 pages to USA Legal, they gave 5,172 pages of documents directly to counsel for United on February 28, 2020.  Again, United did not advise USA Legal of this production and did not notify counsel for Plaintiff of these documents for seven months until the day before Mr. Chagas' second deposition on a day that United knew Counsel for Plaintiff was unable to review the documents.  This is intentional and blatant gamesmanship.

**Defendant's Supplemental/Updated Privilege Log**

Despite producing 5,000+ pages of documents they have had since at least early March 2020, Defendant did not provide a supplemental privilege log.  Prior to this recent production, the parties met and conferred about this issue and Defendant has steadfastly refused to provide a supplemental log.  Because the issue of the privilege log was found to be moot at the June hearing on Plaintiff's motion to compel (due to the production of Defendant's privilege log on April 13, 2020), Defendant has stated it has no obligation to provide any supplemental or additional privilege log(s).  However, it has become evident there are documents of communications United and/or its counsel has had with witnesses that United has not disclosed on a log.  The only way Plaintiff can evaluate the documents to see if they are truly work product/privileged is for them to be listed on a log – however, Defendant refuses to provide a log listing out those items it is claiming as privilege or work product.  Even with this additional production of over 5,000 pages of documents, no supplemental privilege log(s) have been produced.

**Plaintiff's Document Production:**

Plaintiff has complied with the Court ordered document productions.

**Plaintiff's Special Interrogatory Responses:**

Plaintiff has complied with the Court Order on the Special Interrogatories, and any outstanding issues were resolved prior to the last hearing on August 18, 2020, as confirmed by counsel for United in its Status Report for that hearing. Docket #088.

Dated: October 6, 2020

THE AARONS LAW FIRM, APC

_____
Martin I. Aarons
Attorneys for Plaintiff

**Status Report for Hearing on October 14, 2020**

**Declaration of Martin I. Aarons**

I, Martin I. Aarons, do declare as follows:

I am counsel of record for Mr. Allyson Chagas in the above entitled matter and if called upon to testify I could and would competently testify as follows:

1. On September 29, 2020, Plaintiff's second deposition was conducted and finished. It began at 9:04 am and lasted until 6:27 pm with a total of about 7 hours and 15 minutes or so on the record and covering another 346 pages of testimony. Counsel for United confirmed it was not seeking any more time or to have Mr. Chagas be deposed again. As such, his deposition has been completed. Nonetheless, there are two issues the Court needs to be made aware of as it relates to the deposition, the motion, and the request for sanctions.

2. First, relates to the CCTV footage. One of the two reasons Defendant sought a second day of deposition was to show Mr. Chagas the CCTV footage from the hotel on the day he believed his room was broken into and ask questions related to what the video showed. This was discussed at length during the hearing on March 10, 2020. However, not a single second of the video was played during Mr. Chagas' September 29, 2020 deposition.

3. Second, relates to the production of 5,000+ pages by Defendant on Yom Kippur, the day before the deposition. On September 24, 2020, I notified Defendant that the day before the deposition was Yom Kippur and thus I would be out fasting and not available to deal with any issues the day before the deposition (September 28, 2020). In that email, counsel for Plaintiff requested that any issues be resolved the Thursday or Friday before the deposition. Nonetheless, on Yom Kippur, counsel for United sent numerous sets of production totaling more than 5,000 pages of new documents. This included 323 new pages consisting of Mr. Chagas' flight record history and a 2017 Inflight Policies and Procedures Manual. All of which was in United's possession, custody and control since this case began.

4. A related issue is Defendant's improper method of obtaining and maintaining

**Declaration of Martin I. Aarons re Compliance with Court Order**

Mr. Chagas's employment records from other airlines. Defendant's new production also included sets of documents they received on March 5, 2020 from Delta and on February 28, 2020 from American Airlines from subpoenas they issued back in February 2020 through their agent and deposition officer USA Legal.

5. I had reached out to USA Legal to inquire about if documents had been produced in response to the subpoenas. USA Legal advised me that no records were produced by Delta and that eight (08) pages had been produced by American Airlines. However, this was not true because United had circumvented USA Legal without informing Plaintiff.

6. Delta produced six pages of records directly to counsel for United on March 05, 2020. Yet, United did not advise USA Legal of these documents nor did they notify me of this production until Yom Kippur, the day before the second session of Mr. Chagas' deposition, almost 7 months later. While American Airlines provided 8 pages to USA Legal, they gave 5,172 pages of documents on February 28, 2020 directly to counsel for United. Again, United did not advise USA Legal of this production. Nor did they notify me of these documents until Yom Kippur, when I had informed them I'd be unable to review the documents.

**Defendant's Supplemental/Updated Privilege Log**

Despite producing 5,000+ pages of documents they have had since at least early March 2020, Defendant did not provide a supplemental privilege log. Prior to this recent production, the parties met and conferred about this issue and Defendant has steadfastly refused to provide a supplemental log. Because the issue of the privilege log was found to be moot at the June hearing on Plaintiff's motion to compel (due to the production of Defendant's privilege log on April 13, 2020), Defendant has stated it has no obligation to provide any supplemental or additional privilege log(s). However, it has become evident there are documents of communications United and/or its counsel has had with witnesses that United has not disclosed on a log. The only way Plaintiff can evaluate the documents to see if they are truly work product/privileged is for them to be listed on a log – however,

Defendant refuses to provide a log listing out those items it is claiming as privilege or work product. Even with this additional production of over 5,000 pages of documents, no supplemental privilege log(s) have been produced.

I declare under penalty of perjury that the foregoing is true and correct. Signed in Calabasas, CA on October 6, 2020

_____
Martin I. Aarons

## PROOF OF SERVICE

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action. My business address is: 16000 Ventura Boulevard, Suite 850, Encino, CA 91436.

On **October 6, 2020** I served the foregoing document titled: Status Report for October 14, 2020 hearing and Declaration of Martin I. Aarons upon the following parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| **Counsel for Defendants** | |
|---|---|
| Michele Haydel Gehrke, Esq. <br> REED SMITH, LLP <br> 101 Second St., Suite 1800 <br> San Francisco, CA 94105 <br> Tel: (415) 543-8700 <br> Fax: (415) 391-8269 <br> mgehrke@reedsmith.com | |

[ ] **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Encino, California.

[ ] **BY PERSONAL SERVICE:** I caused the service of such document to be personally delivered to addressee(s).

[X] **SERVICE BY ELECTRONICALLY FILED DOCUMENTS**. Pursuant to Local Rule *L.R. 5-3.3* upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the FRCP and Criminal Procedure for all attorneys who have consented to electronic service.

[X] I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 6, 2020** at Calabasas, California.

/s/ Martin I. Aarons
Martin I. Aarons

- 4 -
Declaration of Martin I. Aarons re Compliance with Court Order